RYAN R. GORDON (SBN 278414)
VANESSA T. SHAKIB (SBN 287339)
**ADVANCING LAW FOR ANIMALS**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Tel: (202) 996-8389
rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

DANIEL J. KOLDE, ESQ.
**LAW OFFICES OF DANIEL J. KOLDE**
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel: 636.675.5383
Email: daniel.kolde.law@gmail.com
(*pro hac vice application to be filed*)

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,<br><br>          Plaintiffs,<br>      v.<br>LIEUTENANT JERRY FERNANDEZ, individually and in his individual capacity as Sheriff for the County of Shasta; DETECTIVE JACOB DUNCAN, individually and in his individual capacity as Sheriff for the County of Shasta; DETECTIVE JEREMY ASHBEE, individually and in his individual capacity as Sheriff for the County of Shasta; and DOES 1 through 10,<br>          Defendants. | Case No. 2:22-cv-01527-DAD-AC<br><br>**JOINT STATUS REPORT**<br><br>Trial Date: TBD<br><br>Action Filed: August 31, 2022<br><br>Pretrial Scheduling Conf: January 3, 2023<br>Time: 1:30 pm |

1

Plaintiffs E.L. and Jessica Long (collectively, "Plaintiffs") and Defendants Lieutenant Jerry Fernandez, Detective Jacob Duncan, and Detective Jeremy Ashbee (collectively, "Defendants") jointly submit this Joint Status Report for the Parties' Rule 26(f) Conference pursuant to the Court's August 31, 2022 Order Setting Status (Pretrial Scheduling) Conference (Doc 3).

A. ***Summary of the claims and legal theories:*** Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 for unlawful search and seizure and violations of due process. Plaintiffs allege they were owners/possessors of a goat named Cedar, who minor plaintiff E.L. raised as part of a youth 4H program. Cedar was entered into and exhibited at the Shasta County Fair. Prior to the end of the fair, a civil property dispute arose between fair officials and Plaintiffs. Fair officials demanded that Cedar be surrendered to them for purposes of transfer to slaughter. However, Plaintiffs' allege E.L. permissibly decided save Cedar from the auction based on, among other things, her statutory right as a minor to disaffirm contracts. Plaintiffs further offered to pay any costs or damages to the fair for removing Cedar. Plaintiffs allege that the Defendant Sheriff's officers independently adjudicated ownership of Cedar, drove several hundred miles to seize him, and then turned him over to unknown third parties for slaughter without notifying Plaintiffs or giving them any opportunity to be heard. Defendants' answer admits they drove from Shasta County to Sonoma County to retrieve Cedar but assert various forms of immunity, including qualified immunity, as a defense.

B. ***Status of service:*** All Defendants currently named have been served.

C. ***Possible joinder of additional parties:*** Plaintiffs anticipate amending the complaint to add additional parties (currently pleaded as John Does) and additional state law claims. Plaintiffs have submitted claims for damages pursuant to the California Government Claims Act and are awaiting a formal response.

D. ***Contemplated amendments to the pleadings***: See Response to Section C. Plaintiffs anticipate adding additional parties and state claims and requesting that the court exercise supplemental jurisdiction of them. All claims arise out of the same facts giving rise to the alleged constitutional violations currently at issue.

55398.00040\40910318.1

**E.**     ***Statutory bases for jurisdiction and venue:*** Jurisdiction is based on 28 U.S.C. §§1331 and 1343. Venue is based on 28 U.S. Code § 1391(b), as Defendants are residents within the Eastern District and the events or omissions giving rise to the claim occurred in the Eastern District.

**F.**     ***Anticipated discovery and the scheduling of discovery, including:***

   **i.**   ***What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a):*** No changes. The parties will provide initial disclosures on or before January 24, 2023.

   **ii.**  ***The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases:*** Discovery is likely only needed on certain fact issues, such as the turnover of Cedar and communications between Defendants, communications made by Plaintiffs, potential state defendants, and Does. The parties anticipate discovery should be completed by May 2024. Discovery need not be conducted in phases.

   **iii.** ***Changes, if any, in the limitations on discovery:*** No changes are requested. However, the parties reserve the right to move for protective orders as needed.

   **iv.**  ***The timing of the disclosure of expert witnesses and information:*** The parties agree that Plaintiffs' expert reports are due on September 6, 2023, with 30 days to depose, and Defendants' expert reports are due on October 6, 2023, with 30 days to depose.

   **v.**   ***Proposed dates for discovery cut−off:*** The parties propose a discovery cutoff of 30 days prior to trial.

**G.**     ***Contemplated dispositive or other motions and a proposed date by which all nondiscovery motions shall be heard:*** The parties contemplate motions for summary judgment no later than January 2024.

**H.**     ***Methods to avoid unnecessary proof and cumulative evidence, and anticipated limitations or restrictions on the use of testimony under Federal Rule of Evidence 702:*** The parties

55398.00040\40910318.1

ADVANCING LAW FOR ANIMALS

will endeavor to stipulate to facts and documents and they anticipate no limitations or restrictions testimony under Federal Rule of Evidence 702.

**I.** ***Proposed date for final pretrial conference***: Ten (10) days prior to trial.

**J.** ***A proposed date for trial, estimated number of days of trial, and whether any party has demanded a jury***: June 2024; 3-5 days in length; Plaintiffs demand a jury.

**K.** ***Appropriateness of special procedures such as reference to a special master or agreement to try the matter before the assigned magistrate judge***: The parties do not anticipate that this will be necessary.

**L.** ***Proposed modification of standard pretrial procedures because of the simplicity or complexity of the case***: None.

**M.** ***Whether the case is related to any other case pending in this district***: No.

**N.** ***Optimal timing and method for settlement discussions, including whether a court convened settlement conference should be scheduled, whether in the case of a jury trial the parties will stipulate to the trial judge acting as a settlement judge, and the parties' positions with respect to Voluntary Dispute Resolution (VDRP) as required by Local Rule 271(d)***: The parties propose to reconvene settlement discussions in August/September 2023, after some discovery has been conducted. The parties will have no objection to a settlement conference, before a settlement judge or otherwise. The parties also do not object to the Voluntary Dispute Resolution program on that timeframe as well.

**O.** ***Any other matters that may be conducive***: None at the moment.

Respectfully submitted,

**ADVANCING LAW FOR ANIMALS**

Dated:  December 20, 2022        By:   /s/Ryan Gordon
                                 Ryan Gordon
                                 Vanessa Shakib
                                 Attorneys for Plaintiffs

|   |   |
|---|---|
| Dated:  December 20, 2022 | **BEST BEST & KRIEGER LLP**<br><br>By:   /s/Damian A. Northcutt<br>Christopher M. Pisano<br>Damian A. Northcutt<br><br>Attorneys for Defendants Lieutenant Jerry Fernandez, Detective Jacob Duncan, And Detective Jeremy Ashbee |

ADVANCING LAW FOR ANIMALS