RYAN R. GORDON (SBN 278414)
VANESSA T. SHAKIB (SBN 287339)
**ADVANCING LAW FOR ANIMALS**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Tel: (202) 996-8389
rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

DANIEL J. KOLDE, ESQ.
**LAW OFFICES OF DANIEL J. KOLDE**
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel: 636.675.5383
Email: daniel.kolde.law@gmail.com
(*pro hac vice application to be filed*)

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,<br><br>                Plaintiffs,<br><br>    v.<br><br>LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual; DETECTIVE JEREMY ASHBEE, in his individual capacity; and DOES 1 through 10,<br><br>                Defendants. | Case No. 2:22-cv-01527-DAD-AC<br><br>**PLAINTIFFS' NOTICE OF UNCONTESTED MOTION AND UNCONTESTED MOTION TO APPOINT JESSICA LONG AS GUARDIAN AD LITEM OF E.L., A MINOR OR, ALTERNATIVELY, APPROVE PLAINTIFFS' SHOWING UNDER LOCAL RULE 202(a) THAT CURRENT REPRESENTATION IS ADEQUATE**<br><br>Trial Date: TBD<br><br>Action Filed: August 31, 2022<br><br>Date: February 21, 2023<br>Time: 1:30 p.m.<br>Courtroom: 4 |

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** on February 21, 2023, at 1:30 p.m. in Courtroom 4 of the United States District Court, Eastern District of California, located at 501 I Street Sacramento, CA 95814, pursuant to Local Rule 202, Plaintiffs E.L. and Jessica Long (collectively, "Plaintiffs") respectfully submit this uncontested motion to appoint Jessica Long as guardian ad litem of minor Plaintiff E.L. or, alternatively, approve Plaintiffs' showing under local rule 202(a) that E.L.'s representation through Jessica Long is adequate without appointment of a guardian ad litem.

Plaintiffs met and conferred as required by Honorable Dale A. Drozd's standing order (Document 3-1). Defendants have represented they will not oppose this motion or any relief sought therein.

This Motion is based on the District Court's discretion to appoint a guardian ad litem, as well as case law indicating that a parent is his/her child's general guardian within the meaning of Federal Rules of Civil Procedure, Rule 17(c), and may bring thus suit on the child's behalf as a matter of law without appointment as the child's guardian ad litem.

This Motion is based on the Memorandum of Points and Authorities below, on the Declarations of Jessica Long and Ryan Gordon in support, and all other documents and pleadings currently on file with this Court.

Respectfully submitted,

**ADVANCING LAW FOR ANIMALS**

Dated:  January 9, 2023

By:   /s/Ryan Gordon
Ryan Gordon
Vanessa Shakib
Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. Relevant Facts

The Plaintiffs in this case are Jessica Long and her daughter, E.L., a minor who is under 10 years of age. They assert claims for Constitutional violations against several individuals at the Shasta County Sheriff's Office arising out of the loss of their pet goat, Cedar, in violation of the Fourth and Fourteenth Amendments.

Prior to filing the instant motion, Plaintiffs met and conferred with Defendants, and Defendants' counsel represented they will not oppose the motion or the relief sought herein.

## 2. FRCP 17 and Local Rule 202

Federal Rules of Civil Procedure, Rule 17(c) provides, in relevant part, that "[t]he following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian…." "In most cases, a parent qualifies as a "general guardian" who may act on behalf of a minor without needing a formal court appointment under Federal Rule 17(c)." *Epic Games, Inc. v. C.B.* No.: 5:19-cv-250-FL, 2019 WL 8334611 (E.D.N.C. Sep. 27, 2019); *see also Communities for Equity v. Michigan High School Athletic Ass'n*, 26 F.Supp.2d 1001 (W.D. Mich. 1998) ("[FRCP 17(c)] ... provides that a general guardian may sue on behalf of a minor. A parent is a guardian who may so sue").

Local Rule 202(a) provides "[u]pon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person." E.D. Cal. L.R. 202(a).

## 3. Plaintiff Jessica Long Should Be Appointed Guardian Ad Litem

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 (9th Cir. 1986). Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000);

*Doe v. Heck*, 327 F.3d 492, 521 (7th Cir. 2003). Generally, there is no inherent conflict of interest when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child. *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001); *see also Brown v. Alexander*, No. 13-cv-01451-RS, 2015 WL 7350183 at *2 (N.D. Cal. Nov. 20, 2015) ("In general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian ad litem, and so the court often appoints the parent as guardian ad litem upon receipt of an ex parte application without exercising much discretion.").

Here, Jessica Long is the mother of E.L. and is a responsible person who is fully competent to understand and protect the rights of the minor. Further, as a co-plaintiff, Jessica has no conflict of interest or adverse interest to that of E.L, and is thus presumed a proper guardian ad litem. Jessica is willing to serve as guardian ad litem for E.L. *See* accompanying Declaration of Jessica Long.

Should the Court wish to appoint a guardian ad litem in this case, as opposed to decide that no appointment is necessary pursuant to Local Rule 202(a) (see Section 3, infra), then Jessica is the appropriate person and requests appointment by this motion.

**4.    Alternatively, Plaintiffs' Have Provided Sufficient Evidence No Appointment Is Necessary**

Local Rule 202(a) provides that no representative need be appointed upon "a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person." E.D. Cal. L.R. 202(a). Case law in this District and others suggests no guardian ad litem appointment is necessary when a parent represents the child, as Jessica already is here as her general guardian. *See, e.g., Prudential Ins. Co. v. Am. v. Remington*, No. 2:12–cv–02821–GEB–CMK, 2013 WL 3070629 (E.D. Cal. June 17, 2013) (Motion for appointment of guardian ad litem deemed moot as the minor was "already represented by …her mother and natural guardian."); *see also Burke v. Smith,* 252 F.3d 1260, 1264 (11th Cir. 2001) ("In the present case, [the minor] was otherwise represented by her mother who brought this action on her behalf. Thus, Rule 17(c) did not require the court to appoint a guardian ad litem."); *Matter of Chi., Rock Island & Pac. R.R. Co.,* 788 F.2d 1280, 1282 (7th Cir.1986) ("If [a minor] is a party and represented, the appointment of a guardian is not required, provided the representation is adequate, as it would normally be if the party was being represented by a parent as 'next friend' and there was no conflict of interest between the

party and his representative."); *Croce v. Bromley Corp.,* 623 F.2d 1084, 1093 (5th Cir.1980) ("In the instant case the [minor] was 'otherwise represented'; the child's legal guardian, his mother, brought this action on his behalf. Thus, there was no need for the court to appoint a guardian ad litem.").

Here, as Jessica is E.L.'s mother, she adequately represents E.L's interests as a general guardian or natural guardian. *See Communities for Equity v. Michigan High School Athletic Ass'n*, 26 F.Supp.2d 1001 (W.D. Mich. 1998) ("[FRCP 17(c)] ... A parent is a guardian who may so sue"); *Prudential Ins. Co. v. Am. v. Remington*, No. 2:12–cv–02821–GEB–CMK, 2013 WL 3070629 (E.D. Cal. June 17, 2013.) (a mother is a "natural guardian"). Because Jessica can more than adequately represent E.L.'s interests, pursuant to Local Rule 202(a) the Court may allow Jessica to represent E.L. without formal appointment as her guardian ad litem.

### 5. Plaintiffs' Counsel Has No Relationship With Defendants and Has Not Been Compensated By Anyone

In compliance with Local Rule 202(c), Plaintiffs engaged Advancing Law for Animals ("Plaintiffs' counsel") as her counsel in this matter under the terms of a contingency retainer agreement. Plaintiffs' counsel did not become involved in this matter at the instance of any defendant, directly or indirectly. Plaintiffs' counsel has no relationship of any kind with any defendant in this matter. Plaintiffs' counsel has not received any compensation from anyone in this matter. Plaintiffs' counsel does not expect to receive any compensation from anyone in this matter other than attorneys' fees, a potential contingency fee, and costs after a favorable verdict or settlement.

### 6. Conclusion

Plaintiffs respectfully requests either that (1) the Court appoint Jessica Long as guardian ad litem for Plaintiff E.L. or (2) the Court approve Plaintiffs' showing under local rule 202(a) that E.L.'s representation through Jessica Long is adequate without appointment of a guardian ad litem.

Respectfully submitted,

**ADVANCING LAW FOR ANIMALS**

Dated: January 9, 2023   By:   /s/Ryan Gordon
Ryan Gordon
Vanessa Shakib
Attorneys for Plaintiffs