UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,<br><br>           Plaintiff,<br><br>   v.<br><br>LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOBDUNCAN, in his individual; DETECTIVEJEREMY ASHBEE, in his individual capacity; and DOES 1 through 10,<br><br>           Defendants. | No.  2:22-cv-01527 DAD AC<br><br>ORDER |

    Before the court is plaintiffs' uncontested Petition for the Appointment of Guardian Ad Litem (ECF No. 11), which was referred to the undersigned by District Judge Dale A. Drozd (ECF No. 12).

    Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 provides the following additional requirements:

> (a) Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person

1

> shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.
>
> ...
>
> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

The Ninth Circuit has held that "[a]lthough the [district] court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash., 795 F.2d 796, 805 (9th Cir.1986). Fit parents are presumed to act in the best interests of their children. Troxel v. Granville, 530 U.S. 57, 66 (2000); Doe v. Heck, 327 F.3d 492, 521 (7th Cir. 2003).

Here, plaintiffs ask that plaintiff Jessica Long be appointed guardian ad litem for her minor child, plaintiff E.L., as they act as successors in interest to Shayne Sutherland, who is deceased. ECF No. 11 at 3. Plaintiffs provided a declaration that Ms. Long is E.L's mother and confirming that Ms. Long has no interest adverse to E.L. ECF No. 11-2. Plaintiffs complied with Local Rule 202(c) and disclosed their attorney's interest. ECF No. 11-1. Upon examination, the undersigned finds that the appointment of Ms. Long as guardian ad litem for her minor child E.L. is appropriate. It is therefore ORDERED that the petition, ECF No. 11, is GRANTED.

IT IS SO ORDERED.

DATED: January 13, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE