KELLY J. SNOWDEN (State Bar No. 166055)
REESE, SMALLEY, WISEMAN & SCHWEITZER, LLP
1265 Willis Street
Post Office Box 994647
Redding, California 96099-4647
Telephone: (530) 241-1611
Facsimile:  (530) 364-1645
E-mail: *kelly.snowden@rswslaw.com*

Attorney for Defendant
KATHIE MUSE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.L., a minor, by and through her general Guadian, JESSICA LONG; JESSICA LONG, an individual,<br><br>       Plaintiff,<br><br>   v.<br><br>LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual capacity; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district anticultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual and official Capacity; BJ MACFARLANE, in his individual and official capacity, KATHIE MUSE, in her individual and official capacity, and DOES 1 THROUGH 10,<br><br>       Defendants. | Civil Action No. 2:22-cv-01527-DAD-AC<br><br>ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES |

COMES NOW defendant KATHIE MUSE and in answer to plaintiff's unverified complaint, denies, admits and alleges as follows:

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), this

1

ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

answering defendant denies each and every allegation contained in said unverified complaint, and further denies that plaintiff has been damaged in the sum or sums alleged, or in any sum, or at all.

**AFFIRMATIVE DEFENSES**

Defendant KATHIE MUSE hereby asserts the following separate and distinct affirmative defenses to plaintiff's complaint on file herein:

AS AND FOR A FIRST AFFIRMATIVE DEFENSE at the time of the incident referred to in plaintiffs' complaint, the plaintiffs were negligent or at fault and failed to use that degree of care and caution which a reasonably prudent person would have used under the same or similar circumstances; that plaintiff's negligence or fault must be compared with the negligence or fault of the defendant, as well as that of any other persons or parties, and that any award to the plaintiff must be reduced by the amount that the plaintiffs' negligence or fault contributed to the plaintiff's injuries and damages.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE this answering defendant alleges that a cause of action against this defendant is barred by the Statute of Limitations as contained in Section 335.1 of the Code of Civil Procedure.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE to said complaint, this answering defendant alleges that at the time and place of the incident in question, plaintiff herself was the sole proximate cause of the happening of the incident in question and the resultant injuries and damages alleged by plaintiff, if any there were.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE to said complaint, this answering defendant alleges that plaintiff's complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, this answering defendant, while denying negligence, and further denying injury on the part of plaintiff, is informed and believes, and thereupon alleges, that plaintiff was contributorily negligent, and that such contributory negligence was the proximate cause of plaintiff's alleged damages, if any.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, this answering defendant, while denying negligence, and further denying that plaintiffs were injured, alleges that if plaintiffs were in fact injured, should it be determined that party defendants herein were themselves guilty of carelessness or negligence in and about the matters and things complained of, and that said carelessness or negligence on the part of said persons proximately caused and contributed to the happening of the resultant alleged injuries and damages to plaintiffs, if any there were, this answering defendant will seek, and is entitled, to have the negligence of said persons allocated and apportioned and compared to the relationship of the negligence, if any there was, of each and every other party defendant or non-parties hereto, and that such allocation of negligence by the trier of fact result in a several judgment against all parties and non-parties in an amount that is derived from comparing the allocated negligence of each such party and non-party with the total amount of damages, if any there were, determined by said trier of fact.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, this answering defendant, while denying negligence, and further denying injury on the part of plaintiff, is informed and believes, and thereupon alleges, that plaintiffs failed to mitigate, minimize, or avoid the damages allegedly caused by this answering defendant, and that this answering defendant is therefore entitled to have any sum to which plaintiff is entitled reduced by such sums as would have been, and should have been, properly minimized, mitigated or avoided.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, this answering defendant asserts that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as-yet unstated, defenses available.  This answering defendant reserves the right to assert any additional defenses that discovery reveals to be appropriate.

WHEREFORE, this answering defendant prays:

1. That the complaint and each cause of action therein be dismissed and that plaintiffs take nothing;
2. For all costs of suit herein;

3. For attorney's fees incurred herein; and,

4. For such other and further relief as the Court may deem just.

Dated: November 6, 2023                REESE, SMALLEY, WISEMAN & SCHWEITZER, LLP

By:_____
    KELLY J. SNOWDEN
    Attorneys for Defendant
    KATHIE MUSE

PROOF OF SERVICE
[CCP §1013, §1013a §2015.5]

**In Re:** E.L. a minor v. Kathie Muse
**Case No.** Eastern District of California 2:22-CV-01527-DAD-AC

I am a citizen of the United States and am employed in Shasta, County, California; I am over the age of eighteen years and not a party to the within action; my business address is 1265 Willis Street, Redding, California 96001.

I am familiar with the Company's practice of placing its daily mail, with postage prepaid thereon, in a designated area for deposit in a U. S. mailbox in the City of Redding, California, after the close of the day's business. On the date shown below, I served the following:

**ANSWER TO SECOND AMENDED COMPLAINT**

  x   **United States Mail** - on all parties in said action by placing a true copy of the above- described document(s) enclosed in a sealed envelope, with postage thereon fully prepaid, in the designated area for outgoing mail addressed as set forth below.

  ____ **Facsimile** - by personally sending to the addressee's facsimile number a true copy of the above-described document(s).

  ____ **Electronic Service** - by causing such document(s) to be served electronically to the address(es) listed below.

  ____ **Express Service -** on all parties in said action by placing a true copy of the above- described document(s) in an authorized area for pick-up by an authorized express service courier the same day it is collected and processed in the ordinary course of business as set forth below.

  ____ **Personal Service -** by personally delivering or causing to be delivered a true copy of the above-described document(s) to the person(s) and at the address(es) set forth as shown below:

RYAN R. GORDON
VANESSA T. SHAKIB
ADVANCING LAW FOR ANIMALS
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277

DANIEL J. KOLDE, ESQ.
LAW OFFICES OF DANIEL J. KOLDE
P.O. Box 440344
St. Louis, Missouri 63144-9998

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 6, 2023, at Redding, California.

_____
TONYA A. HAMILTON

PROOF OF SERVICE