1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  CATHERINE WOODBRIDGE, State Bar No. 186186
   Supervising Deputy Attorney General
3  JOHN C. BRIDGES, State Bar No. 248553
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 210-7529
6    Fax:  (916) 322-8288
     E-mail:  John.Bridges@doj.ca.gov
7  *Attorneys for Defendants State of California, by and*
   *through the 27th District Agricultural Association,*
8  *Melanie Silva, and B.J. MacFarlane*

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

14  **E.L., a minor, by and through her general**          2:22-CV-01527 DAD AC
    **guardian, JESSICA LONG; JESSICA**
15  **LONG, an individual,**
                                                           **DEFENDANTS MELANIE SILVA'S AND**
16                                          Plaintiffs,    **B.J. MacFARLANE'S ANSWER,**
                                                           **AFFIRMATIVE DEFENSES, AND**
17                    v.                                    **COUNTERCLAIM TO SECOND**
                                                           **AMENDED COMPLAINT**
18  **LIEUTENANT JERRY FERNANDEZ, in**
    **his individual capacity; DETECTIVE**                 Action Filed:  August 31, 2022
19  **JACOB DUNCAN, in his individual;**
    **DETECTIVE JEREMY ASHBEE, in his**
20  **individual capacity; SHASTA DISTRICT**
    **FAIR AND EVENT CENTER, a district**
21  **agricultural association, COUNTY OF**
    **SHASTA; SHASTA COUNTY SHERIFF'S**
22  **DEPARTMENT; MELANIE SILVA, in her**
    **individual capacity; BJ MACFARLANE, in**
23  **his individual capacity; and DOES 1**
    **through 10,**
24
                                          Defendants.
25

26

27

28
                                     1

**COMES NOW ANSWERING DEFENDANTS MELANIE SILVA AND B.J.**

**MacFARLANE,** and in answer to Plaintiffs' Second Amended Complaint for Damages admit, deny, and allege as follows:

1.      Answering the allegations in Paragraph 1, Defendants admit that this case concerns damages under 42 U.S.C. § 1983 arising out of alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution.  Answering defendants deny the remaining allegations.

2.      Answering the allegations in Paragraph 2, Defendants deny these allegations.

3.      Answering the allegations in Paragraph 3, Defendants admit these allegations as they apply to these answering defendants.

4.      Answering the allegations in Paragraph 4, Defendants admit these allegations.

5.      Answering the allegations in Paragraph 5, Defendants admit these allegations.

6.      Answering the allegations in Paragraph 6, Defendants admit these allegations.

7.      Answering the allegations in Paragraph 7, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

8.      Answering the allegations in Paragraph 8, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

9.      Answering the allegations in Paragraph 9, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

10.      Answering the allegations in Paragraph 10, Defendants admit that the 27th District Agricultural Association, doing business as the Shasta District Fair and Event Center is a state entity authorized by statute known as a Shasta Fair Association.  Cal. Food & Agric. Code, §§ 3879, 3951, and 3954.  Defendants admit that the Shasta Fair Association owns and operates the Shasta District fairgrounds, where it hosts the annual Shasta District Fair.  Defendants deny the remaining allegations.

2

11.    Answering the allegations in Paragraph 11, Defendants admit that Melanie Silva is the Chief Executive Officer of the Shasta Fair Association.  Defendants deny the remaining allegations.

12.    Answering the allegations in Paragraph 12, Defendants admit that B.J. MacFarlane is the Livestock Superintendent at the Shasta Fair Association.  Defendant deny the remaining allegations.

13.    Answering the allegations in Paragraph 13, Defendants admit the allegations.

14.    Answering the allegations in Paragraph 14, Defendants admit that the Shasta County Sheriff's Department is a department of Shasta County.  Defendants lack sufficient knowledge or information to determine the truth of the remaining allegations and on that basis Defendants deny these allegations.

15.  Answering the allegations in Paragraph 15, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

16.  Answering the allegations in Paragraph 16, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

17.  Answering the allegations in Paragraph 17, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

18.  Answering the allegations in Paragraph 18, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

19.  Answering the allegations in Paragraph 19, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

3

20.  Answering the allegations in Paragraph 20, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

21.  Answering the allegations in Paragraph 21, Defendants admit these allegations.

22.  Answering the allegations in Paragraph 22, Defendants admit these allegations.

23.  Answering the allegations in Paragraph 23, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

24.  Answering the allegations in Paragraph 24, Defendants admit these allegations.

25.  Answering the allegations in Paragraph 25, Defendants admit these allegations.

26.  Answering the allegations in Paragraph 26, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

27.  Answering the allegations in Paragraph 27, Defendants deny these allegations.

28.  Answering the allegations in Paragraph 28, Defendants admit these allegations.

29.  Answering the allegations in Paragraph 29, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

30.  Answering the allegations in Paragraph 30, Defendants deny these allegations.

31.  Answering the allegations in Paragraph 31, Defendants admit that State Senator Brian Dahle directed that Cedar's meat be donated to the 4-H/FFA barbeque.

32.  Answering the allegations in Paragraph 32, Defendants admit these allegations.

33.  Answering the allegations in Paragraph 33, Defendants deny these allegations.

34.  Answering the allegations in Paragraph 34, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

35.  Answering the allegations in Paragraph 35, Defendants deny these allegations.

4

36.  Answering the allegations in Paragraph 36, Defendants admit that Plaintiff Long removed Cedar from the Shasta District Fair.  Defendants deny the remaining allegations.

37.  Answering the allegations in Paragraph 37, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

38.  Answering the allegations in Paragraph 38, Defendants deny these allegations.

39.  Answering the allegations in Paragraph 39, Defendants deny these allegations.

40.  Answering the allegations in Paragraph 40, Defendants deny that no sale of Cedar occurred.  Defendants admit the remaining allegations.

41.  Answering the allegations in Paragraph 41, Defendants deny these allegations.

42.  Answering the allegations in Paragraph 42, Defendants deny that a sale had not occurred.  Defendants lack sufficient knowledge or information to determine the truth of the remaining allegations and on that basis Defendants deny these allegations.

43.  Answering the allegations in Paragraph 43, Defendants deny these allegations.

44.  Answering the allegations in Paragraph 44, Defendants deny these allegations.

45.  Answering the allegations in Paragraph 45, Defendants deny these allegations.

46.  Answering the allegations in Paragraph 46, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

47.  Answering the allegations in Paragraph 47, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

48.  Answering the allegations in Paragraph 48, Defendants deny these allegations.

49.  Answering the allegations in Paragraph 49, Defendants deny these allegations.

50.  Answering the allegations in Paragraph 50, Defendants deny these allegations.

51.  Answering the allegations in Paragraph 51, Defendants deny these allegations.

52.  Answering the allegations in Paragraph 52, Defendants deny these allegations.

53.  Answering the allegations in Paragraph 53, Defendants deny these allegations.

5

Defendants Melanie Silva's and B.J. MacFarlane's Answer, Affirmative Defenses, and Counterclaim to Second Amended Complaint (2:22-CV-01527 DAD AC)

54. Answering the allegations in Paragraph 54, Defendants deny these allegations.

55. Answering the allegations in Paragraph 55, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

56. Answering the allegations in Paragraph 56, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

57. Answering the allegations in Paragraph 57, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

58. Answering the allegations in Paragraph 58, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

59. Answering the allegations in Paragraph 59, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

60. Answering the allegations in Paragraph 60, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

61. Answering the allegations in Paragraph 61, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

62. Answering the allegations in Paragraph 62, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

63. Answering the allegations in Paragraph 63, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

6

64. Answering the allegations in Paragraph 64, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

65. Answering the allegations in Paragraph 65, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

66. Answering the allegations in Paragraph 66, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

67. Answering the allegations in Paragraph 67, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

68. Answering the allegations in Paragraph 68, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

69. Answering the allegations in Paragraph 69, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

70. Answering the allegations in Paragraph 70, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

71. Answering the allegations in Paragraph 71, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

72. Answering the allegations in Paragraph 72, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

7

73.  Answering the allegations in Paragraph 73, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

74.  Answering the allegations in Paragraph 74, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

75.  Answering the allegations in Paragraph 75, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

76.  Answering the allegations in Paragraph 76, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

77.  Answering the allegations in Paragraph 77, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

78.  Answering the allegations in Paragraph 78, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

79.  Answering the allegations in Paragraph 79, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

80.  Answering the allegations in Paragraph 80, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

81.  Answering the allegations in Paragraph 81, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

82. Answering the allegations in Paragraph 82, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

83. Answering the allegations in Paragraph 83, Defendants deny these allegations.

84. Answering the allegations in Paragraph 84, Defendants deny these allegations.

85. Answering the allegations in Paragraph 85, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

86. Answering the allegations in Paragraph 86, Defendants deny these allegations.

87. Answering the allegations in Paragraph 87, Defendants deny these allegations.

88. Answering the allegations in Paragraph 88, Defendants deny these allegations.

89. Answering the allegations in Paragraph 89, Defendants deny these allegations.

90. Answering the allegations in Paragraph 90, Defendants deny these allegations.

91. Answering the allegations in Paragraph 91, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

92. Answering the allegations in Paragraph 92, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

93. Answering the allegations in Paragraph 93, which incorporates paragraphs 1-92, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

94. Answering the allegations in Paragraph 94, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

95. Answering the allegations in Paragraph 95, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

9

96.  Answering the allegations in Paragraph 96, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

97.  Answering the allegations in Paragraph 97, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

98.  Answering the allegations in Paragraph 98, which incorporates paragraphs 1-97, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

99.  Answering the allegations in Paragraph 99, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

100. Answering the allegations in Paragraph 100, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

101. Answering the allegations in Paragraph 101, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

102. Answering the allegations in Paragraph 102, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

103. Answering the allegations in Paragraph 103, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

104. Answering the allegations in Paragraph 104, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

105. Answering the allegations in Paragraph 105, which incorporates paragraphs 1-104, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

106. Answering the allegations in Paragraph 106, Defendants deny these allegations.

107. Answering the allegations in Paragraph 107, Defendants deny these allegations.

108. Answering the allegations in Paragraph 108, Defendants deny these allegations.

109. Answering the allegations in Paragraph 109, Defendants deny these allegations.

110. Answering the allegations in Paragraph 110, Defendants deny these allegations.

111. Answering the allegations in Paragraph 111 which incorporates paragraphs 1-110, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

112. Answering the allegations in Paragraph 112, Defendants deny these allegations.

113. Answering the allegations in Paragraph 113, Defendants deny these allegations.

114. Answering the allegations in Paragraph 114, Defendants deny these allegations.

115. Answering the allegations in Paragraph 115, Defendants deny these allegations.

116. Answering the allegations in Paragraph 116, Defendants deny these allegations.

117. Answering the allegations in Paragraph 117, which incorporates paragraphs 1-116, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

118. Answering the allegations in Paragraph 118, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

119. Answering the allegations in Paragraph 119, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

120. Answering the allegations in Paragraph 120, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

121. Answering the allegations in Paragraph 121, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

122. Answering the allegations in Paragraph 122, which incorporates paragraphs 1-121, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

123. Answering the allegations in Paragraph 123, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

124. Answering the allegations in Paragraph 124, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

125. Answering the allegations in Paragraph 125, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

126. Answering the allegations in Paragraph 126, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

127. Answering the allegations in Paragraph 127, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

128. Answering the allegations in Paragraph 128, which incorporates paragraphs 1-127, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

129. Answering the allegations in Paragraph 129, Defendants deny these allegations.

130. Answering the allegations in Paragraph 130, Defendants deny these allegations.

131. Answering the allegations in Paragraph 131, Defendants deny these allegations.

132. Answering the allegations in Paragraph 132, Defendants deny these allegations.

133. Answering the allegations in Paragraph 133, Defendants deny these allegations.

134. Answering the allegations in Paragraph 134, which incorporates paragraphs 1-133, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

135. Answering the allegations in Paragraph 135, Defendants deny these allegations.

136. Answering the allegations in Paragraph 136, Defendants deny these allegations.

137. Answering the allegations in Paragraph 137, Defendants deny these allegations.

138. Answering the allegations in Paragraph 138, Defendants deny these allegations.

139. Answering the allegations in Paragraph 139, which incorporates paragraphs 1-138, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

140. Answering the allegations in Paragraph 140, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

141. Answering the allegations in Paragraph 141, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

142. Answering the allegations in Paragraph 142, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

143. Answering the allegations in Paragraph 143, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

144. Answering the allegations in Paragraph 144, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

145. Answering the allegations in Paragraph 145, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

146. Answering the allegations in Paragraph 146, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

147. Answering the allegations in Paragraph 147, which incorporates paragraphs 1-146, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

148. Answering the allegations in Paragraph 148, Defendants deny these allegations.

149. Answering the allegations in Paragraph 149, Defendants deny these allegations.

150. Answering the allegations in Paragraph 150, Defendants deny these allegations.

151. Answering the allegations in Paragraph 151, Defendants deny these allegations.

152. Answering the allegations in Paragraph 152, Defendants deny these allegations.

153. Answering the allegations in Paragraph 153, Defendants deny these allegations.

154. Answering the allegations in Paragraph 154, Defendants deny these allegations.

155. Answering the allegations in Paragraph 155, which incorporates paragraphs 1-154, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

156. Answering the allegations in Paragraph 156, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

157. Answering the allegations in Paragraph 157, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

158. Answering the allegations in Paragraph 158, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

14

159. Answering the allegations in Paragraph 159, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

160. Answering the allegations in Paragraph 160, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

161. Answering the allegations in Paragraph 161, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

162. Answering the allegations in Paragraph 162, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

163. Answering the allegations in Paragraph 163, which incorporates paragraphs 1-162, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

164. Answering the allegations in Paragraph 164, Defendants deny these allegations.

165. Answering the allegations in Paragraph 165, Defendants deny these allegations.

166. Answering the allegations in Paragraph 166, Defendants deny these allegations.

167. Answering the allegations in Paragraph 167, Defendants deny these allegations.

168. Answering the allegations in Paragraph 168, Defendants deny these allegations.

169. Answering the allegations in Paragraph 169, Defendants deny these allegations.

170. Answering the allegations in Paragraph 170, which incorporates paragraphs 1-169, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

171. Answering the allegations in Paragraph 171, Defendants deny these allegations.

172. Answering the allegations in Paragraph 172, Defendants deny these allegations.

173. Answering the allegations in Paragraph 173, Defendants deny these allegations.

174. Answering the allegations in Paragraph 174, Defendants deny these allegations.

15

Defendants Melanie Silva's and B.J. MacFarlane's Answer, Affirmative Defenses, and Counterclaim to Second Amended Complaint (2:22-CV-01527 DAD AC)

175. Answering the allegations in Paragraph 175, Defendants deny these allegations.

176. Answering the allegations in Paragraph 176, which incorporates paragraphs 1-175, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

177. Answering the allegations in Paragraph 177, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

178. Answering the allegations in Paragraph 178, Defendants deny these allegations.

179. Answering the allegations in Paragraph 179, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

180. Answering the allegations in Paragraph 180, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

181. Answering the allegations in Paragraph 181, which incorporates paragraphs 1-180, inclusive, Defendants refer to the answer to said paragraphs by reference and incorporate the same herein, to have the same force and effect as if set forth fully at length.

182. Answering the allegations in Paragraph 182, Defendants deny these allegations.

183. Answering the allegations in Paragraph 183, Defendants deny these allegations.

184. Answering the allegations in Paragraph 184, Defendants deny these allegations.

185. Answering the allegations in Paragraph 185, Defendants deny these allegations.

186. Answering the allegations in Paragraph 186, Defendants deny these allegations.

187. Answering the allegations in Paragraph 187, Defendants deny these allegations.

188. Answering the allegations in Paragraph 188, Defendants lack sufficient knowledge or information to determine the truth of the allegations and on that basis Defendants deny these allegations.

## **AFFIRMATIVE DEFENSES**

As separate and affirmative defenses, these Defendants allege as follows:

16

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint for Damages, and each and every claim alleged herein, fails to state a claim against Defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

That at all times alleged, Defendants acted in good faith and are entitled to qualified immunity.  Defendants' conduct was protected by all applicable statutory and common law immunities, including, but not limited to, all absolute and qualified immunities.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint for Damages does not rise to the level of a constitutional statutory violation.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs were given, or had available to them, due process for each of the allege deprivations of his constitutional rights and Plaintiffs have therefore failed to state a claim upon which relief can be granted under 42 U.S.C. §1983.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants have not deprived Plaintiffs of any right, privilege, or immunity guarantee by the Constitution or laws of the United States.  Further, Defendants have not deprived Plaintiffs of any right, privilege or immunity guaranteed by the Constitution or laws of the State of California.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants assert that they did not act with malicious intent to deprive any person of a constitutional right or to cause injury and therefore are not liable.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants assert that Plaintiffs are not entitled to recover attorney's fees for any claim based on the state or common law.

**EIGHTH AFFIRMATIVE DEFENSE**

Because the Second Amended Complaint for Damages is vague, ambiguous, in narrative form and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that

17

1   may be applicable to this matter.  Accordingly, the right to assert additional affirmative defenses,

2   if any, to the extent such affirmative defenses are applicable, is hereby reserved.

3   **NINTH AFFIRMATIVE DEFENSE**

4   At said times and places, Defendants attempted to, and did, execute the duties of their office

5   in good faith and without malice.

6   **TENTH AFFIRMATIVE DEFENSE**

7   Defendants assert that some or all of Plaintiffs' claims are barred by the Equitable Doctrine

8   of Laches.

9   **ELEVENTH AFFIRMATIVE DEFENSE**

10  Defendants assert that Plaintiffs failed to take reasonable steps to mitigate their injuries and

11  damages, if any there are. Any recovery by Plaintiffs should be reduced by those damage

12  Plaintiffs failed to adequately mitigate.

13  **TWELFTH AFFIRMATIVE DEFENSE**

14  Defendants assert that the Plaintiffs' Second Amended Complaint for Damages and each

15  claim for relief and each cause of action set forth therein are uncertain.

16  **THIRTEENTH AFFIRMATIVE DEFENSE**

17  To the extent that the Second Amended Complaint is construed as stating causes of action

18  for state law claims, the Complaint is barred by virtue of the Plaintiffs' failure to comply with the

19  Government Tort Claims Act.

20  **FOURTEENTH AFFIRMATIVE DEFENSE**

21  Defendants assert that Plaintiffs' Second Amended Complaint is barred by all applicable

22  statutes of limitations.

23  **FIFTEENTH AFFIRMATIVE DEFENSE**

24  Defendants allege that Plaintiffs' Second Amended Complaint is barred in whole or in part

25  by his failure to exhaust administrative remedies.

26  **SIXTEENTH AFFIRMATIVE DEFENSE**

27  Defendants assert that some or all of Plaintiffs' claims are barred by estoppel or waiver

28  occasioned by Plaintiffs' own conduct.

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2       Defendants assert that the Complaint is barred by the Eleventh Amendment to the United

3   States Constitution.

4

## EIGHTEENTH AFFIRMATIVE DEFENSE

5       Defendants are immune to all state law claims pursuant to Government Code §§ 815.2, 818,

6   818.8, 820.2, 820.25, 820.8 and 822.2.

7

## NINETEENTH AFFIRMATIVE DEFENSE

8       Defendants assert that Plaintiffs and/or third persons were contributory negligent, such

9   negligence contributed to the injury, and Plaintiffs' recovery should therefore either be barred or

10  reduced to the extent of such negligence.

11

## TWENTIETH AFFIRMATIVE DEFENSE

12      The Second Amended Complaint is barred by Plaintiffs' material breach of obligations

13  under the contract(s), lease(s), and other agreements pertaining to the matters alleged in the

14  Second Amended Complaint.

15

## TWENTY-FIRST AFFIRMATIVE DEFENSE

16      No damages are recoverable pursuant to the terms and conditions, express and implied, of

17  the contract(s), lease(s), and other agreements pertaining to the matters alleged in the Second

18  Amended Complaint.

19

## TWENTY-SECOND AFFIRMATIVE DEFENSE

20      Any oral contracts or agreements alleged in the Second Amended Complaint herein are

21  barred by the Statute of Frauds.

22

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23      Evidence of any prior agreement or contemporaneous oral agreement alleged by Plaintiffs

24  is barred by the Parol Evidence Rule.  (Cal. Code Civ. Proc., § 1856; Cal. Civ. Code, § 1625.)

25

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

26      There is no liability for any injury of damages, if any there were, caused by a

27  misrepresentation by any public employee, whether such misrepresentation was negligent or

28  intentional or not.  (Cal. Gov. Code, §§ 818.8, 822.2.)

19

Defendants Melanie Silva's and B.J. MacFarlane's Answer, Affirmative Defenses, and Counterclaim to
Second Amended Complaint (2:22-CV-01527 DAD AC)

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

If and to the extent that the allegations of the Second Amended Complaint attempt to enlarge upon the facts and contentions set forth in the Government Claims Board claim, if any there was, said Second Amended Complaint fails to state a cause of action and is barred by California Government Code sections 905.2, 911.2, and 950.2.

WHEREFORE, said Defendants pray for judgment against Plaintiffs as follows:

1.    That Plaintiffs take nothing by way of this Second Amended Complaint for Damages and judgment be entered in favor of Defendants on all claims;

2.    That Defendants be awarded costs of suit;

3.    That Defendants be awarded attorneys' fees pursuant to statute; and,

4.    For such other and further relief as the court may deem just and proper.

**COUNTERCLAIM**

Melanie Silva and B.J. MacFarlane (Defendants/Counter-Claimants), counterclaim against Jessica Long (Plaintiff/Counter-Defendant) for causes of action alleged as follows:

**THE PARTIES**

1.    Defendant/Counter-Claimant Melanie Silva is, and at all times mentioned herein was, an employee of the 27th District Agricultural Association, serving as its Chief Executive Officer.

2.    Defendant/Counter-Claimant B.J. MacFarlane is, and at all times mentioned herein was, an employee of the 27th District Agricultural Association, serving as the Livestock Superintendent for the Shasta District Fair.

3.    Defendants/Counter-Claimants are informed and believe, and thereon allege that at all times relevant herein, Plaintiff/Counter-Defendant Jessica Long is an individual residing in Shasta County.

4.    Plaintiffs/Counter-Defendants sued herein under the fictitious names of ROES 1 through 5, inclusive, are sued hereunder under such fictitious names pursuant to the terms and provisions of California Code of Civil Procedure section 474.  Defendants/Counter-Claimants are informed and believe and thereon alleges that each of said cross-defendant ROES is somehow

20

legally responsible for those matters hereinafter alleged.  Defendants/Counter-Claimants do not at this time know the true names and/or capacities of said Plaintiffs/Counter-Defendants but will amend the counterclaim to add the names when ascertained.

## FIRST CAUSE OF ACTION

### (EXPRESS INDEMNITY)

5.     Plaintiff E.L., a minor, by and through her general guardian, Jessica Long, and Plaintiff/Counter-Defendant Jessica Long filed this lawsuit in the Eastern District of California, Case No. 2:22-cv-01527-DAD-AC, seeking to recover alleged damages arising from the plaintiffs' taking of a 4-H market goat from the Shasta County fairgrounds in June 2022, and the subsequent investigation into the taking of the goat, seizure of the goat by deputies with the Shasta County Sheriff's Department, and alleged destruction of the goat by individual employees of the 27th District Agricultural Association.  Plaintiffs named the Shasta District Fair and Event Center, as well as Melanie Silva and B.J. MacFarlane, who are employees of the 27th District Agricultural Association, as defendants in this lawsuit.

6.     Plaintiff/Counter-Defendant Jessica Long signed an online agreement ("the contract") to enter her daughter, E.L., as a livestock exhibitor at the 2022 Shasta County Fair, where Plaintiff/Counter-Defendant intended for her daughter to show a market goat as a member of the Cow Creek 4-H Club.

7.     Under the Rental Agreement, Jessica Long agreed to terms regarding accountability and liability regarding the ownership of the property specified in the contract, in exchange for the opportunity for her daughter to exhibit her market goat and sell the goat at the Fair's auction. These agreed-upon terms constitute consideration for the contract.

8.     The contract contained a provision entitled "Accountability & Liability," in which Jessica Long agreed to the following:  "I certify that I am the owner of the property specified herein or the supervisor of the project with authorization to act as agent and to bind the owners of the property in all matters herein.  Online submission of data requires that a person has read, understands and agrees to abide by all the rules and regulations governing the fair entries as published in the official Shasta District Fair Handbook.  Under penalty of perjury, I certify that

21

the information provided is true and I agree to defend, indemnify, and hold harmless the fair, the county, and the State of California, its officers, agents and employees from and against any liability, claim, loss or expense (including reasonable attorney fees) arising out of any injury or damage, which is caused by, arises from or is in any way connected with participation in the program or event, excepting only that caused by the sole active negligence of the Fair.  The Fair Management shall not be responsible."  The contract provision entitled "Accountability & Liability" further states:  "To enter online, you must be over 18 years of age or be the parent and/or guardian of the exhibitor if the exhibitor is under age 18, or the 4-H Leader or FFA advisor, with the authorization from the parent and/or guardian of the exhibitor, or authorization from the exhibitor if 18 years of age or older.  Please type 'Yes' in the box to confirm.  By entering 'Yes', I am confirming that I am 18 years of age or older, the owner or authorized agent for these exhibits, that I have read, understand and agree to abide by all the rules and regulations governing the Fair entries as published in the official Shasta District Fair Handbook, and that everything submitted is 'true and correct'.  Online entries for 4-H and FFA exhibitors will not be officially accepted until approved by the 4-H leader or FFA advisor."

9.     On October 20, 2023, Defendants/Counter-Claimants provided Plaintiff/Counter-Defendant Jessica Long, by and through her counsel of record, with written notice of the lawsuit commenced by plaintiffs against these answering defendants, requesting defense arising from the indemnified risk and requesting defense of the lawsuit under the terms of the contract. Plaintiff/Counter-Defendant rejected defense and indemnification.

10.     Jessica Long has a duty to defend Defendants/Counter-Claimants as officers, agents, and/or employees of the Shasta County District Fair under the terms of the contract.

11.     Defendants/Counter-Claimants further contend that if they are found liable to plaintiff E.L. for damages, Defendants/Counter-Claimants should be indemnified by Plaintiff/Counter-Defendant Jessica Long and Roes 1-5, and each of them, and be reimbursed for the cost of defense.

/ / /

/ / /

**SECOND CAUSE OF ACTION**

**(EQUITABLE INDEMNITY)**

12.     Defendants/Counter-Claimants refer to and incorporate by reference the allegations set forth in paragraphs 1 through 11, inclusive.

13.     Defendants/Counter-Claimants are informed and believe, and thereon allege, that, to the extent plaintiff E.L. or anyone else has suffered injury or damage as a result of the acts, omissions, incidents and/or occurrences alleged in the Second Amended Complaint, Plaintiffs/Counter-Defendants, and each of them, were responsible in whole or in part for such injury or damage.

14.     In the event any party should establish Defendants/Counter-Claimants liability directly or indirectly through the conduct, acts, or omissions of Defendants/Counter-Claimants, which liability is expressly denied, that liability will arise in whole or in part by reason of the conduct and negligence of Plaintiff/Counter-Defendant Jessica Long.  Jessica Long is therefore bound and obligated to defend, indemnify, and hold harmless Defendants/Counter-Claimants, in whole or in part, from claims, losses, damages, judgment, and settlement expenses incurred or to be incurred in this action by counterclaim.

**THIRD CAUSE OF ACTION**

**(CONTRIBUTION)**

15.     Defendants/Counter-Claimants refer to and incorporate by reference the allegations set forth in paragraphs 1 through 14, inclusive.

16.     Defendants/Counter-Claimants are informed and believe, and thereon allege that, to the extent plaintiff E.L. or anyone else has suffered injury or damage as a result of the acts, omissions, incidents and/or occurrences alleged in the Second Amended Complaint, Plaintiff/Counter-Defendant Jessica Long and Roes 1-5, and each of them, are responsible, in whole or in part, for such injury and damage.

17.     In the event any party should establish Defendants'/Counter-Claimants' liability directly or indirectly through the conduct, acts, or omissions of Defendants/Counter-Claimants, which liability is expressly denied, Defendants/Counter-Claimants are informed and believes, and

23

thereon alleges, that Defendants/Counter-Claimants may be obligated to pay or contribute sums representing a percentage of liability not its own, but rather, that of Plaintiff/Counter-Defendant Jessica Long.  Therefore, Defendants/Counter-Claimants request an adjudication and determination of the respective degrees of liability, if any, on the part of themselves, Plaintiffs, and Counter-Defendants, to determine that portion of the amount, if any, by which Defendants/Counter-Claimants are found liable to plaintiff E.L. or any other party, that actually represents a proportionate degree of fault of Plaintiff/Counter-Defendant Jessica Long, Roes 1-5, and each of them.

**FOURTH CAUSE OF ACTION**

**(NEGLIGENCE)**

18.     Defendants/Counter-Claimants refer to and incorporate by reference the allegations set forth in paragraphs 1 through 17, inclusive.

19.     Defendants/Counter-Claimants are informed and believe, and thereon allege, that Jessica Long and Roes 1-5, and each of them, negligently, or in some other actionable manner, be it legal or equitable, caused or contributed to some or all of the damages, if any there were, alleged in the Second Amended Complaint, and may therefore have an obligation to hold harmless, defend, and indemnify Defendants/Counter-Claimants for some or all of the damages it may suffer by reason of the Second Amended Complaint.

20.     Defendants/Counter-Claimants are informed and believe, and thereon allege, that Plaintiff/Counter-Defendant Jessica Long carelessly, negligently, or in some actionable manner, be it legal or equitable, caused or contributed to some or all of the damages, if there were any, alleged in the Second Amended Complaint by breaching certain contractual, equitable and fiduciary duties to plaintiff E.L. and Defendants/Counter-Claimants, which includes, but is not limited to, negligently removing livestock from the fairgrounds that had been transferred to a third party following a legally binding auction and donating said property that did not legally belong to her to a third party.  Plaintiff/Counter-Defendant Jessica Long should be required to hold harmless, defend and indemnify Defendants/Counter-Claimants in the amount of any

judgment, expenses, legal fees, costs of suit, settlement, and/or damages which Defendants/Counter-Claimants incur by reason of the Second Amended Complaint.

21.     Pursuant to *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, Defendants/Counter-Claimants contend they should be allowed to maintain this counterclaim to obtain a judicial determination of the extent to which Plaintiff/Cross-Defendant Jessica Long, Roes 1-5, and each of them, shall indemnify Defendants/Counter-Claimants for any judgment, settlement and/or damages entered against it herein in favor of plaintiff E.L.

22.     Should it be determined that the Defendants/Counter-Claimants herein are liable to plaintiff E.L. for the claims set forth in said Second Amended Complaint, such liability shall be the direct and proximate result of the Counter-Defendants, and each of them, because of their acts of negligence and/or carelessness and/or active and primary misconduct and/or breach of contractual or fiduciary duties and/or any combination thereof and their performances of their obligations.

23.     Defendants/Counter-Claimants further contend that if they are found liable to plaintiff E.L. for damages herein, Defendants/Counter-Claimants should be indemnified by Counter-Defendants, and each of them, on the basis of percentage of comparative fault which Counter-Defendants are found to bear in relation to the total fault, under principles of partial indemnity established by the *American Motorcycle Association* decision.

## FIFTH CAUSE OF ACTION

### (DECLARATORY RELIEF)

24.     Defendants/Counter-Claimants refer to and incorporate by reference the allegations set forth in paragraphs 1 through 23, inclusive.

25.     An actual controversy has arisen and now exists between Defendants/Counter-Claimants and Counter-Defendants, and each of them, concerning respective rights and duties in that Defendants/Counter-Claimants maintain that they are entitled to defense, indemnification and/or contribution by virtue of plaintiffs' filing of this lawsuit and should plaintiffs, recover by way of judgment, settlement or compromise in this action. Such a declaration is necessary and appropriate at this time in order that Defendants/Counter-Claimants may ascertain their rights and

25

duties with respect to claims against them, including its right to defense, indemnity,

reimbursement, and damages from Counter-Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Defendants/Counter-Claimants pray for judgment against Counter-

Defendants as follows:

1.   For indemnification and to be held harmless and safe from any and all liability and

expenses necessary and incident to the defense of the within action and any verdict rendered

therein;

2.   For indemnification and reimbursement for the reasonable value of all legal costs and

fees, including attorney fees, expended in defending said action;

3.   For a declaration from the Court as to the respective rights, duties and obligations and

liabilities of Defendants/Counter-Claimants and Counter-Defendants;

4.   For a declaration from the Court as to the percentage of fault attributable to Plaintiffs,

Defendants/Counter-Claimants, if any, and Counter-Defendants herein, and each of them; and for

indemnification or contribution accordingly;

5.   For reasonable costs of suit incurred; and

6.   For such other and further relief as the Court deems just and proper.


Dated:  November 7, 2023                    Respectfully submitted,

                                            ROB BONTA
                                            Attorney General of California
                                            CATHERINE WOODBRIDGE
                                            Supervising Deputy Attorney General



                                            */s/ John C. Bridges*

                                            JOHN C. BRIDGES
                                            Deputy Attorney General
                                            *Attorneys for Defendants State of California,*
                                            *by and through the 27th District Agricultural*
                                            *Association, Melanie Silva, and B.J.*
                                            *MacFarlane*

SA2023302187
37647598.docx

26

# CERTIFICATE OF SERVICE

Case Name:    **E.L., a minor and Jessica Long**      No.    **2:22-CV-01527 DAD AC**
                 **v. Lieutenant Jerry Fernandez,**
                 **et al.**

I hereby certify that on <u>November 7, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS MELANIE SILVA'S AND B.J. MacFARLANE'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO SECOND AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 7, 2023</u>, at Sacramento, California.

| | |
|---|---|
| <u>      T. Torres-Herrera      </u> | <u>      */s/ T. Torres-Herrera*      </u> |
| Declarant | Signature |

SA2023302187
37652729.docx