ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
JOHN C. BRIDGES, State Bar No. 248553
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7529
  Fax: (916) 322-8288
  E-mail: John.Bridges@doj.ca.gov
*Attorneys for Defendants State of California, by and through the 27th District Agricultural Association, Melanie Silva, and B.J. MacFarlane*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,**<br><br>                          Plaintiffs,<br><br>v.<br><br>**LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district agricultural association, COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual capacity; BJ MACFARLANE, in his individual capacity; and DOES 1 through 10,**<br><br>                          Defendants. | 2:22-CV-01527 DAD AC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:          January 16, 2024<br>Time:         1:30 p.m.<br>Courtroom:   4, 15th Floor<br>Judge:        Honorable Dale A. Drozd<br>Trial Date:<br>Action Filed: August 31, 2022 |

**TO PLAINTIFFS E.L., a minor, by and through her general guardian, JESSICA LONG, JESSICA LONG, and their attorneys of record:**

1

**PLEASE TAKE NOTICE** that on January 16, 2024, at 1:00 p.m. in Courtroom 4, located on the 15th Floor of the United States District Court, 501 I Street, Sacramento, CA 95814, Defendant State of California, by and through the 27th District Agricultural Association, erroneously sued as "Shasta District Fair and Event Center", moves to dismiss the Complaint because it fails to state a claim. The motion is made under Federal Rule of Civil Procedure 12(b)(6).

This motion is based on this notice of motion, the attached memorandum of points and authorities, all matters of which this Court must or may take judicial notice, and all pleadings and records on file in this action and on such further authority, evidence, or argument as may be presented at or before the hearing on this motion.

Dated: November 7, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　ROB BONTA
　　　　　　　　　　　　　　　　　　　　　　Attorney General of California
　　　　　　　　　　　　　　　　　　　　　　CATHERINE WOODBRIDGE
　　　　　　　　　　　　　　　　　　　　　　Supervising Deputy Attorney General


　　　　　　　　　　　　　　　　　　　　　　*/s/ John C. Bridges*
　　　　　　　　　　　　　　　　　　　　　　JOHN C. BRIDGES
　　　　　　　　　　　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants State of California, by and through the 27th District Agricultural Association, Melanie Silva, and B.J. MacFarlane*

2

Notice of Motion and Motion to Dismiss Second Amended Complaint; Memorandum of Points and Authorities
(2:22-CV-01527 DAD AC)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs filed the operative Second Amended Complaint on October 12, 2023. The Second Amended Complaint arises from the alleged from the taking of a 4-H market goat from the Shasta County fairgrounds in June 2022, and the subsequent investigation into the taking of the goat, seizure of the goat by deputies with the Shasta County Sheriff's Department, and alleged destruction of the goat by individual employees of the 27th District Agricultural Association. The Second Amended Complaint names nine defendants – the County of Shasta, Shasta County Sheriff's Department, Lieutenant Jerry Fernandez, Detective Jacob Duncan, Detective Jeremy Ashbee, the Shasta District Fair and Event Center, Melanie Silva, B.J. MacFarlane, and Kathie Muse. The Shasta District Fair and Event Center is managed by the 27th District Agricultural Association, which is a subdivision of the California Department of Food and Agriculture, an agency of the State of California. The Second Amended Complaint alleges that the 27th District Agricultural Association "is a state entity authorized by statute known as a Shasta Fair Association. Cal. Food & Agric. Code §§ 3879, 3951, 3954." (Second Amended Complaint at ¶ 10.) The Second Amended Complaint alleges claims against the 27th District Agricultural Association for Denial of Constitutional Right against Unreasonable Search and Seizure, California Constitution, Article 1, § 13; Denial of Constitutional Right to Due Process of Law, California Constitution, Article 1, § 7(a); conversion; negligence; intentional infliction of emotional distress; and declaratory relief.

Defendant State of California by and through the 27th District Agricultural Association moves to dismiss the Second Amended Complaint because the Court lacks jurisdiction over the State of California.

## II. LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is appropriate where a plaintiff discloses some absolute defense or bar to recovery in his pleading. Fed. R. Civ. P. 12(b)(6). The lack of a cognizable legal theory warrants dismissal. *See Ballistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss under Federal Rule of

3

Civil Procedure 12(b)(6) should be granted if it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proven. *Alonzo v. AFC Property Management, Inc.,* 643 F.2d 578, 579 (9th Cir. 1981).

**III.   ARGUMENT IN SUPPORT OF MOTION TO DISMISS**

    **A.   The Eleventh Amendment Bars Action Against the State of California.**

The Eleventh Amendment provides "[t]he judicial power of the United States shall not be construed to extend to any suit ... against one of the United States by citizens of another State, or by citizens or subjects of any foreign State."  It bars suit in federal court by a citizen against his own state. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).  "The Eleventh Amendment jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991); citing *Pennhurst*, 465 U.S. at 104.  Because the Eleventh Amendment bars the action against the State of California, dismissal is proper.

    **B.   The Eleventh Amendment Bars Actions under California Government Code § 815.2.**

California Government Code § 815.2, which addresses the State of California's vicarious liability for the acts or omissions of its employees, does not create liability where immunity applies.  The State of California enjoys Eleventh Amendment immunity for claims for damages brought in federal court unless express waiver of immunity has taken place. *Parra v. Hernandez,* 2008 WL 5765843, (E.D. Cal. July 22, 2008) (dismissing claim for vicarious liability pursuant to section 815.2 against the CDCR based on Eleventh Amendment immunity); *see Sossamon v. Texas*, 563 U.S. 277, 285 (2011); *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (The Eleventh Amendment prohibits federal courts from hearing suits brought against unconsenting states.)

4

Notice of Motion and Motion to Dismiss Second Amended Complaint; Memorandum of Points and Authorities
(2:22-CV-01527 DAD AC)

Thus, the immunity conferred by the Eleventh Amendment is not limited to claims under 42 U.S.C. § 1983.  Because the Eleventh Amendment bars the action against the State of California, dismissal is proper.

### C. The State of California Cannot Be Liable For § 1983 Violations.

The Complaint does not expressly allege a claim against the State of California under 42 U.S.C. § 1983.  In any event, any such claim would be improper.

42 U.S.C. § 1983 provides in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law...."

By its express language, § 1983 applies only to "every person" and makes no provision for application to states or state agencies.  States and state agencies are not defined as "persons" for purposes of a § 1983 action and thus are not subject to suit under section 1983.  *Hafer v. Melo*, 502 U.S. 21, 25-26 (1991); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991). Because the State of California is not subject to liability for § 1983 violations, dismissal is proper.

## IV. AMENDMENT IS FUTILE

Amendment is futile.  Plaintiffs' claims against the State of California are barred under the Eleventh amendment and 42 U.S.C. § 1983.  Plaintiffs cannot plead facts that would circumvent the Eleventh Amendment bar to their claims against the State of California.  Consequently, amendment will not cure the defects in the Complaint.

## V. CONCLUSION

Dismissal is proper because there is no jurisdiction for the claims against the State of California.  Defendants respectfully request that the Court grant their motion to dismiss the Complaint without leave to amend.

5

Notice of Motion and Motion to Dismiss Second Amended Complaint; Memorandum of Points and Authorities
(2:22-CV-01527 DAD AC)

| | | |
|---|---|---|
| 1 | Dated: November 7, 2023 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | CATHERINE WOODBRIDGE<br>Supervising Deputy Attorney General |

*/s/ John C. Bridges*

JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants State of California, by and through the 27th District Agricultural Association, Melanie Silva, and B.J. MacFarlane*

SA2023302187
37647602.docx

6

Notice of Motion and Motion to Dismiss Second Amended Complaint; Memorandum of Points and Authorities
(2:22-CV-01527 DAD AC)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **E.L., a minor and Jessica Long v. Lieutenant Jerry Fernandez, et al.** | No. | **2:22-CV-01527 DAD AC** |

I hereby certify that on <u>November 7, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 7, 2023</u>, at Sacramento, California.

| | |
|---|---|
| T. Torres-Herrera | */s/ T. Torres-Herrera* |
| Declarant | Signature |

SA2023302187
37652938.docx