# EXHIBIT 13



California Department of Justice
John C. Bridges, Deputy Attorney General
300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

*Via electronic mail*

November 3, 2023

RE:  Rejection of Defendants' Indemnification Demand and Notice of Threatened Counterclaim As Strategic Lawsuit Against Public Participation (SLAPP)
*E.L., et al. v. Fernandez, et al.,* No. 2:22-CV-01527 (E.D. Cal. filed Aug. 31, 2022)

Mr. Bridges,

As you know, this office represents Plaintiffs Jessica Long and her minor daughter E.L. in the above-referenced case. We are disheartened by your October 20, 2023 indemnity demand and threat of cross-complaint and further legal action, tendered on behalf of the State of California and its agency, the 27th District Agricultural Association/Shasta District Fair and Event Center, its CEO Melanie Silva, and its livestock manager, BJ MacFarlane ("Shasta District Fair Defendants"). Your clients' indemnity demand is legally baseless and a transparent attempt to chill the protected First Amendment activity of a child and her mother following both the deprivation of their constitutional rights and the illegal slaughter of their beloved pet. In no uncertain terms, this threat is an improper use of state power. Plaintiffs reject your clients' demand, and should your clients follow through with their threats of counter-suit, Plaintiffs will file an anti-SLAPP motion and seek recovery of attorneys' fees, as set forth in greater detail below.

Plaintiffs are suing Shasta District Fair Defendants for violations of fundamental constitutional rights, including the right to be free of unreasonable search and seizure, SAC ¶¶ 105-110, 128-133, the right to due process of law, *id*., ¶¶ 111-116, 134-138, the right to free speech and protection from viewpoint discrimination, *id*., ¶¶ 181-188, as well as additional claims for willful misconduct, including conversion, *id*., ¶¶ 147-154, negligence based on willfully obstructing our clients' various rights, *id*., ¶¶ 163-169, and intentional infliction of emotional distress, *id*., ¶¶ 170-175. The indemnity provisions you seek to enforce are inapplicable to

Plaintiffs claims and, if applied, violate public policy for a variety of reasons, some which are set forth below.

**One, the standard indemnity provisions at issue can only apply to third-party claims.** *See, e.g., AliveCor, Inc. v. Apple Inc.* 603 F.Supp.3d 851, 856 (N.D. Cal. 2022) (explaining "the terms 'indemnify' and 'hold harmless" create a presumption that an indemnification provision is limited to third-party claims); *Queen Villas Homeowners Assn. v. TCB Property Management*, 149 Cal.App.4th 1 (2007); *Varco–Pruden, Inc. v. Hampshire Constr. Co.* 50 Cal.App.3d 654 (1975). Here, Plaintiffs contracted with the 27th District Agricultural Association/Shasta District Fair and Event Center, meaning, as a matter of law, their claims do not fall within any indemnity agreement.

**Two**, **the express language of the indemnity provisions specifically exclude claims involving active negligence**. The language you rely on is clear that indemnity does not apply for "that caused by the sole active negligence of the Fair." Here, Plaintiffs' claims all involve intentional misconduct, as opposed to passive negligence. Even if the indemnity provision could apply in a direct action between the parties, our clients have absolutely no duty to indemnify or defend in connection with Shasta District Fair Defendants' willful misconduct. *See, e.g.*, *Rossmoor Sanitation, Inc. v. Pylon, Inc.* 13 Cal.3d 622, 629 (1975).

**Three**, **your interpretation of the indemnity provisions amount to an unenforceable exculpatory clause**. "Civil Code section 1668, provides that '[a]ll contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his [or her] own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law.' [citations] Ordinarily, the statute invalidates contracts that purport to exempt an individual or entity from liability for future intentional wrongs [citations] and gross negligence [citations]." *Frittelli, Inc. v. 350 North Canon Drive, LP*, 202 Cal.App.4th 35, 43 (2011). Further, the statute prohibits contractual releases of future liability for ordinary negligence when "the 'public interest' is involved or … a statute expressly forbids it." *Id*. All of our clients' claims unambiguously involve willful misconduct and employing the indemnity provision as threatened amounts to an unenforceable exculpatory clause barred by section 1668 as a matter of law. *See Queen Villas Homeowners Assn. v. TCB Property Management* (2007) 149 Cal.App.4th 1 (finding against application of indemnification provision between parties to contract as improper exculpatory clause).

Further, as a matter of law, our clients in no way prospectively waived their constitutional rights. Government entities cannot simply use boilerplate indemnity clauses to de facto circumvent their constitutional mandates. Rather, waiver of a constitutional right must be voluntary, knowing, and intelligently made. *D. H. Overmyer Co. Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 185 (1972); *Brady v. United States*, 397 U.S. 742, 748 (1970); *Town of Newton v. Rumery*, 480 U.S. 386, 387 (1987). A standard indemnity provision for entry into a kids club in no way amounts to a voluntary, knowing, and intelligent waiver of all constitutional rights extending well into the future.

**Four, the indemnity agreement is unconscionable both procedurally and substantively.** Applying the indemnification provisions in this case is oppressive due to the unequal bargaining power between Plaintiffs and Shasta District Fair Defendants, and yields one-sided results. *See, e.g, Lennar Homes of California, Inc. v. Stephens*, 232 Cal. App. 4th 673, 687 (2014). Standard language contemplating perhaps an animal bite on fair grounds during the few days of the livestock auction cannot serve as carte blanche for any number of constitutional violations, well beyond the time frame of the fair, anywhere in California. To hold otherwise is in violation of public policy.

This letter is not intended to be exhaustive. For the foregoing reasons and more, the Shasta District Fair Defendants' indemnification demand and threat of counter-suit is legally frivolous. We hereby demand you withdraw your tender of defense. Its baseless nature reveals the state's true intent to chill Plaintiffs' protected activity. Please be advised that filing a lawsuit, regardless of its disposition, is an act in furtherance of the constitutional right of petition under the anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16. Should your clients file a counter-claim for indemnification, Plaintiffs will immediately exercise their rights under Cal. Civ. Proc. Code § 425.16.

Dated: November 3, 2023     By: _____
Advancing Law for Animals
Vanessa Shakib
Ryan Gordon
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Telephone: (202) 996-8389
E-mail: vshakib@advancinglawforanimals.org
E-mail: rgordon@advancinglawforanimals.org

3