# EXHIBIT 14

*ROB BONTA*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public:  (916) 445-9555
Telephone:  (916) 210-7529
Facsimile:  (916) 322-8288
E-Mail:  John.Bridges@doj.ca.gov

November 3, 2023

***Via Email:***  rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

Ryan R. Gordon, Esq.
Vanessa T. Shakib, Esq.
Advancing Law For Animals
407 N. Pacific Coast Highway #267
Redondo Beach, CA  90277

RE:   *E.L., a minor and Jessica Long v. Lieutenant Jerry Fernandez, et al.*
      United States District Court, Eastern District of California, Case No. 2:22-CV-01527
      DAD AC

Dear Ms. Shakib:

Thank you for your response to my letter tendering defense of this action to Jessica Long. I want to clarify a few issues that you raised in the letter.

First and foremost, there appears to be some confusion about to whom the tender is directed.  The tender is made solely to Jessica Long for any potential liability to her daughter, E.L.  While you state that the indemnity provisions apply to third-party claims, E.L. is the "third party" who seeks a finding of liability against my clients for which her mother, Jessica Long, is legally responsible to indemnify.  Your letter states that "Plaintiffs contracted with the 27th District Agricultural Association/Shasta District Fair."  That is a misstatement of fact, as Jessica Long, not E.L., contracted with my clients.  To be clear, we are not asserting that Jessica Long has a duty to indemnify my clients with regards to her own claims; rather, she has a duty to indemnify my clients with regards to her daughter's claims.

Secondly, you assert that the express language of the indemnity provisions specifically exclude claims involving active negligence.  In other words, Jessica Long is not required to indemnify my clients for harm caused by their sole active negligence.  However, if indemnity <u>does not</u> apply for the sole active negligence of the Fair, it <u>does</u> apply to all other claims of liability, specifically the ones alleged in the Second Amended Complaint.  The contract is clear that Jessica Long agreed to indemnify my clients "against any liability, claim, loss or expense (including any reasonable attorney fees) arising out of any injury or damage, which is caused by, arises from, or is in any connected with participation in the program or event."  This provision,

November 3, 2023
Page 2

which was agreed to by Jessica Long, encompasses all of the claims made against my clients by E.L. in the Second Amended Complaint, except for the Twelfth Cause of Action for Negligence against the Shasta County District Fair.  As you state in your letter, Plaintiffs' claims against my clients involve intentional misconduct, essentially eliminating the possibility that Jessica Long will ever be able to invoke the sole exclusion in the contract.  The only way Jessica Long avoids a duty to indemnify my clients is if she prevails solely on the Twelfth Cause of Action, does not prevail on the negligence claims against the Shasta County defendants, and is not personally found liable in some percentage for her own negligence in causing harm to her daughter.  Otherwise, my clients "active negligence" will not be the "sole" cause of the harm to E.L.  Thus, the indemnity provision will apply to virtually any finding of liability by E.L. against my clients.

Your third and fourth arguments will be adjudicated when appropriate, and I will not waste time addressing them here.

The crux of this issue is that Jessica Long is either directly responsible to her daughter, E.L., for the harm alleged in the Second Amended Complaint, or has voluntarily contracted to indemnify my clients for any and all liability they may have to E.L. arising from her participation in the Shasta County District Fair.  My clients intend to enforce their contractual rights against Jessica Long.  It is not frivolous, nor is it intended to chill your clients' alleged protected activity.  However, Jessica Long signed a contract, and my clients do not intend to waive their contractual rights due to threats of an unfounded anti-SLAPP petition.  Moreover, if you do file an anti-SLAPP petition, and we prevail in defending against it, my clients will seek reasonable attorney fees and costs pursuant to California Code of Civil Procedure section 425.16(c)(1).

Sincerely,

*John C. Bridges*

JOHN C. BRIDGES
Deputy Attorney General

For    ROB BONTA
       Attorney General

JCB:

SA2023302187