RYAN R. GORDON (SBN 278414)
VANESSA T. SHAKIB (SBN 287339)
**ADVANCING LAW FOR ANIMALS**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Tel: (202) 996-8389
rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

DANIEL J. KOLDE, ESQ.
**LAW OFFICES OF DANIEL J. KOLDE**
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel: 636.675.5383
Email: daniel.kolde.law@gmail.com
(*pro hac vice application to be filed*)

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,

Plaintiffs,

v.

LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual capacity; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district agricultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual and official capacity; BJ MACFARLANE, in his individual and official capacity; KATHIE MUSE, in her individual and official capacity, and DOES 1 through 10,

Case No. 2:22-cv-01527-DAD-AC

**DECLARATION OF JESSICA LONG IN SUPPORT OF COUNTER-DEFENDANT JESSICA LONG'S ANTI-SLAPP MOTION TO STRIKE COUNTERCLAIMS OF MELANIE SILVA AND BJ MACFARLANE PURSUANT TO CAL. CIV. PROC. CODE § 425.16**

[Anti-SLAPP Motion to Strike, Request for Judicial Notice, and Declarations of Vanessa Shakib and Ryan Gordon filed concurrently]

Date: February 20, 2024
Time: 1:30 pm
Courtroom: 4, 15th Floor

Trial Date: February 10, 2025

Action Filed: August 31, 202



ADVANCING LAW FOR ANIMALS

ADVANCING LAW FOR ANIMALS

**DECLARATION OF JESSICA LONG**

I, Jessica Long, declare as follows:

1. I am over 18 years of age. I have personal knowledge of the matters set forth herein and, if called upon, I could and would competently testify thereto.

2. I am a plaintiff in the above-captioned matter, as well as a counter-defendant to Melanie Silva's and B.J. Macfarlane's Answer, Affirmative Defenses, and Counterclaim to Second Amended Complaint ("Counterclaim"). Ms. Silva and Mr. Macfarlane are collectively referred to as "Government Employees." I am also acting as, and have been appointed, the guardian ad litem for my co-plaintiff and minor daughter, E.L.

3. I make this declaration in support of my Anti-SLAPP Motion to Strike Counterclaims of Melanie Silva and B.J. Macfarlane Pursuant to California Code of Civil Procedure § 425.16.

4. In about September 2021, I enrolled E.L. in a local 4-H club, known as Cow Creek. The 4-H program she was registered in was referred to as the "market goat" or "meat goat" program.

5. For E.L. to participate in the market goat program, she and I purchased a goat within the first few days of April 2022. My daughter named the goat Cedar.

6. We understood that for E.L. to complete the market goat program, she would have to participate in a junior livestock auction at the then-upcoming annual 2022 fair ("2022 Shasta District Fair") held by the Shasta District Fair & Event Center, identified in this case as the 27th District Agricultural Association (hereinafter, the "Shasta Fair Association"), and a defendant in the underlying litigation.

7. On or about mid-May 2022, I registered E.L. to participate as an exhibitor in the 2022 Shasta District Fair through an online portal at https://www.shastadistrictfairandeventcenter.com/enter-your-stuff. I registered her for two events, showmanship and the junior livestock auction.

8. Government Employees' counterclaims allege that, in registering E.L., I agreed to abide by an "Accountability and Liability" provision (hereinafter, the "Local Indemnity Provision") referenced in the online portal.

9. I do not recall reading the Local Indemnity Provision referenced in the Counterclaim at paragraph 8, or any other provisions regarding accountability and liability, while registering E.L. for

the 2022 Shasta District Fair, nor do I recall not reading any waivers. I do recall, however, selecting the boxes presented to me that potentially stated "yes" or "I agree" as they were presented.

10. I do not recalling receiving options that would have allowed me to opt-out of any provisions in the online registration.

11. On or about June 25, 2022, E.L. participated in the livestock auction at the Shasta District Fair. My daughter, however, had bonded with Cedar. The thought of his death caused emotional distress and she said she did not want to go through with selling him to slaughter.

12. To save Cedar from slaughter, that same evening we removed him from the fairgrounds.

13. On or about June 26, 2022, Mr. Macfarlane called me and demanded I return Cedar for slaughter or I would be charged with felony grand theft under Cal. Penal Code § 487a.

14. Because I did not want to be charged with even frivolous criminal charges, I contacted the office of State Senator Brian Dahle, as I understood at that time that he was the person who bid on Cedar at the junior livestock auction. I requested that he forgo any rights to Cedar. His office responded that same day representing that Senator Dahle office would not resist my efforts to save Cedar.

15. Then, on or about June 27, 2022, I sent the Shasta Fair Association an email trying to resolve, defined in the concurrently filed motion as Offer to Pay Damages. A true and correct copy of this email is attached hereto as Exhibit 16, and is also attached as to the concurrently filed Request for Judicial Notice 4 at ASHB000028.

16. During the 2022 Shasta District Fair, I had contacted a nonparty goat rescue named Bleating Hearts Sanctuary for assistance in saving Cedar. I also informed that organization that I had removed him. Thereafter, also on June 27, 2022, an Instagram post by an account holder named "bleatingheartsfarm" appeared on Instagram, defined in the concurrently filed motion as "Viral Instagram Post." I understood this social media account to be operated by nonparty Bleating Hearts Farm. Regardless of this post, I have never taken Cedar to Bleating Hearts Sanctuary, and he has never been there. A true and correct copy of the Instagram post is attached to the concurrently filed Request for Judicial Notice as Exhibit 4 at ASHB000027.

17. On June 28, 2022, I received an email from Mrs. Silva stating that I had to return Cedar because, among other reasons, "the social media [response to Cedar] has been a negative experience for

the fairgrounds as this has been all over Facebook and Instagram, not the best way to teach our youth the value of responsibility." A true and correct copy of that email is attached hereto as Exhibit 17.

18. I understood at that time that the Viral Instagram Post had resulted in a negative public reaction for the Shasta Fair Association and I understood Mrs. Silva's June 28, 2022 email to confirm my understanding.

19. On June 29, 2022, I responded to the Mrs. Silva and the Shasta Fair Association with another letter, defined in the concurrently filed motion as "Notice of Civil Claim and Intention to Sue." A true and correct copy of this email is attached hereto as Exhibit 18.

20. On or about July 15, 2022, I received information from a third party, Ray Allen, that Cedar was taken into custody by the Lieutenant Jacob Duncan, a Defendant in this matter.

21. I thereafter retained Advancing Law for Animals to help me and my daughter file suit in this matter. I understood Advancing Law for Animals was a public interest law firm focused on animals, that it circulated press releases for cases impacting public issues related animals, and that it intended to issue a press release for any lawsuit I filed related to my dispute with the Shasta Fair Association, the Shasta County Sheriff's Department, and the employees of each involved.

22. E.L. and I filed this action on August 31, 2022, in which we allege constitutional violations, police and government misconduct, and issues related to my and E.L.'s position that Cedar should not be slaughtered, despite being livestock.

23. After this action was filed, multiple reporters contacted me for interviews, including Nicholas Kristof of the New York Times, Vimal Patel of the New York Times, Salvador Hernandez of the Los Angeles Times, and Sam Stanton of the Sacramento Bee.

24. Additionally, I permitted E.L. to participate with her face obscured in a front-page expose about this lawsuit and its underlying facts in the Sacramento Bee. A true and correct copy of that article is attached as concurrently filed Request for Judicial Notice 14. A true and correct copy of that article as displaced on the front-page of the Sacramento Bee is attached as ¶ 54, Exhibit 15 to the concurrently filed Declaration of Vanessa Shakib..

25. On or about October 20, 2023, through my attorneys, I received the Government Employees' indemnification demand, attached as ¶ 51, Exhibit 12 to the concurrently filed Declaration of Vanessa Shakib.

26. I denied the indemnity demand because (1) I viewed the demand as a legally baseless attempt to chill the First Amendment rights of my daughter and me by forcing us to abandon our claims under threat of damages and attorney's fees; (2) I did not want to fund the Government Employees' litigation; (3) I did not want to fund litigation adversarial to my and my daughter's claims; (4) I believed allowing enforcement of the Local Indemnity Provision against me could potentially impact all families participating in an annual Shasta Fair, leaving them with no meaningful way to collect damages in court if they were injured by the Shasta Fair Association or employees; and (5) I viewed the indemnity demand as unconscionable.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 26, 2023.

Dated: December 26, 2023

By: Jessica Long

Jessica Long