RYAN R. GORDON (SBN 278414)
VANESSA T. SHAKIB (SBN 287339)
**ADVANCING LAW FOR ANIMALS**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Tel: (202) 996-8389
rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

DANIEL J. KOLDE, ESQ.
**LAW OFFICES OF DANIEL J. KOLDE**
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel: 636.675.5383
Email: daniel.kolde.law@gmail.com
(*pro hac vice application to be filed*)

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,<br>　　　　　Plaintiffs,<br>　　v.<br>LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual capacity; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district agricultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual and official capacity; BJ MACFARLANE, in his individual and official capacity; KATHIE MUSE, in her individual and official capacity, and DOES 1 through 10, | Case No. 2:22-cv-01527-DAD-AC<br><br>**DECLARATION OF RYAN R. GORDON IN SUPPORT OF COUNTER-DEFENDANT JESSICA LONG'S ANTI-SLAPP MOTION TO STRIKE COUNTERCLAIMS OF MELANIE SILVA AND BJ MACFARLANE PURSUANT TO CAL. CIV. PROC. CODE § 425.16**<br><br>[Anti-SLAPP Motion to Strike, Request for Judicial Notice, and Declarations of Vanessa Shakib and Jessica Long filed concurrently]<br><br>Date: February 20, 2024<br>Time: 1:30 pm<br>Courtroom: 4, 15th Floor<br><br>Trial Date: February 10, 2025<br><br>Action Filed: August 31, 202 |

# DECLARATION OF RYAN R. GORDON

1. I am an attorney at law duly licensed to practice law before all the courts of the State of California, as well as admitted to practice in the United States District Courts for the Eastern and Central Districts of California. I am over 18 years of age. I have personal knowledge of the matters set forth herein and, if called upon, I could and would competently testify thereto. I made this declaration in support of Counter-Defendant Jessica Long's Notice of Motion And Anti-SLAPP Motion to Strike Counterclaims of Melanie Silva and B.J. Macfarlane Pursuant to California Code of Civil Procedure section 425.16.

2. I am the attorney of record for Plaintiff Jessica Long ("Mrs. Long") and her minor daughter, Plaintiff E.L., proceeding by and through her guardian ad litem, Mrs. Long, in the above captioned action.

3. Plaintiffs' lawsuit concerns violations of their constitutional rights with respect to a goat named Cedar, who Plaintiffs assert they owned and raised. (Cedar the goat is hereinafter referred to as "Cedar")

4. Without waiving any attorney client privilege, and for purposes of foundation, around July 14, 2022, Mrs. Long provided me with a screen capture (or "screen shot") of a text exchange between her and a third party who I understood to be Ray Allen. In this exchange, Mr. Allen states Detective Jacob Duncan confiscated Cedar and he provides contact information for Duncan. True and correct copies of that exchange are attached hereto as Exhibit 19.

5. On July 15, 2022, I called Defendant Detective Jacob Duncan of the Shasta County Sheriff's Department to inquire about the status of Cedar. Detective Duncan did not respond so I left message explaining that I represented the Plaintiffs and they wanted to know where Cedar was and what happened to him. I explained that I understood he (Detective Duncan) confiscated so I requested that he call me back to provide an update on Cedar's whereabouts.

6. Also on July 15, 2022, after calling Detective Duncan, I called the Office of Shasta County Counsel. I spoke with a representative, Annie (surname unknown), and let her know I represented the Plaintiffs. I explained that I understood that Detective Duncan had confiscated Cedar on or about July 8, 2022. I requested that she find out where Cedar was, if he was alive and, if he was

ADVANCING LAW FOR ANIMALS

alive, to communicate that my client demand Cedar be kept alive. I inquired about whether any warrant had been issued that allowed the peace officers in the Sheriff's Department to confiscate Cedar. Annie expressed that she understood and would get back to me.

7. On July 18, 2022, having not heard back, I again reached out to Detective Jacob Duncan of the Shasta County Sheriff's Department to inquire about the status of Cedar. That same day he returned my call and explained that he had no information on the whereabouts Cedar. Based on his deposition testimony, however, that was untrue. He knew Cedar was dropped off to BJ Macfarlane.

8. On this call, Detective Duncan further represented that I needed to speak to Lieutenant Jerry Fernandez of the Shasta County Sheriff's Department, as he was the livestock investigator, for information related to Cedar.

9. On about July 19, 2022, I spoke with Lieutenant Jerry Fernandez. I expressed that my clients were interested in details regarding to the status and whereabouts of Cedar but he refused to provide any. He only stated that Cedar was confiscated and returned to "who we deemed to be his owner."

10. On about July 20, 2022, I called Lieutenant Jerry Fernandez once again to request a copy of the warrant. He did not respond.

11. On about July 21, 2022, I again called Lieutenant Jerry Fernandez once again to request a copy of the warrant. He again did not respond.

12. On about July 22, 2022, I spoke with Senior Deputy County Counsel Adam Pressman of the Shasta County Counsel's Office. I explained that I was trying to find Cedar, I could not get assistance from Lieutenant Jerry Fernandez, nor had he returned my follow-up calls on July 20th and 21st, and I requested a copy of the warrant.

13. That same day, following the call, I sent County Counsel Adam Pressman an email asking that he send any warrant related to the Sheriff Department's confiscation/seizure of Cedar to that address. A true and correct copy of my July 22, 2022, email to County Counsel Adam Pressman is attached hereto as Exhibit 20.

14. On July 26, 2022, County Counsel Adam Pressman emailed me a copy of the warrant. A true and correct copy of his email, not including the warrant, is attached hereto as Exhibit 21.

15. On July 26, 2022, I emailed County Counsel Adam Pressman and thanked him for providing a copy of the warrant. I also noted in the email that "We still haven't received a call back from the sheriff's office," which was in reference to my earlier conversation where I represented to Pressman that Fernandez had not returned my follow-up calls. A true and correct copy of his email is attached hereto as Exhibit 22.

16. On July 27, 2022, I again emailed County Counsel Adam Pressman and stated "Thank you again for acquiring the warrant. *We were also wondering, as we cannot calls returned, if you could confirm the whereabouts of Cedar (the goat) and whether he's alive or dead. Our clients would really like to know.*" A true and correct copy of his email is attached hereto as Exhibit 23 (emphasis added).

17. On July 27, 2022, I received a response from County Counsel Adam Pressman, which stated "*Confidential Attorney/Client Communication (sic). I'm sorry Ryan. I'm just not willing to get involved to that point. The Sheriff's Office does not have the goat.*" A true and correct copy of this July 27, 2022, email from County Counsel Adam Pressman is attached hereto as Exhibit 24 (emphasis added).

18. Based on testimony in this matter, Cedar was alive throughout these communications and the Sheriff's Office, whom County Counsel represents, had constructive possession of him.

19. My clients now understand that Cedar was apparently killed on July 28, 2022, by order or approval of the Sheriff himself, the day after County Counsel Adam Pressman represented the "[t]he Sheriff's Office does not have the goat."

20. On or about December 15, 2022, after my firm filed this suit on behalf of Mrs. Long and E.L., Mrs. Long provided me a voicemail left on her cell phone that same day purportedly by Attorney Kelly Kafel of the Shasta District Attorney's Office. In that voicemail, Attorney Kafel requested that Mrs. Long contact her to discuss settlement of this suit. I gave no authorization for the Shasta District Attorney's Office to contact my client directly. I sent Attorney Kafel an email that same day stating that such contact violated the Rules of Professional Conduct and that she needed to contact me directly if she wanted to discuss settlement of the matter. A true and correct copy of my email is attached hereto as Exhibit 25.

**ADVANCING LAW FOR ANIMALS**

4
DECLARATION OF RYAN GORDON IN SUPPORT OF ANTI-SLAPP MOTION

21. No one at Shasta District Attorney's Office ever responded to my email of December 15, 2022.

22. This office conducted depositions of the following defendants on the following dates: Lieutenant Jerry Fernandez on August 21, 2023, Detective Jacob Duncan on August 22, 2023, Detective Jeremy Ashbee on August 23, 2023, Kathie Muse on November 13, 2023; Melanie Silva on November 14, 2023, and B.J. Macfarlane on November 15, 2023.

23. Excerpts of relevant testimony, and exhibits, from those depositions are attached to the concurrently filed Declaration of Vanessa Shakib ("Shakib Decl.") and authenticated thereby.

24. However, to avoid needless objection, because I conducted those depositions, I also declare the following: Exhibit 1 attached to the Shakib Decl. are true and correct copies of excerpts from Mrs. Muse's deposition; Exhibit 2 attached to the Shakib Decl. are true and correct copies of excerpts from Mrs. Silva' deposition; Exhibit 5 attached to the Shakib Decl. are true and correct copies of excerpts from Mrs. Macfarlane's deposition; Exhibit 6 attached to the Shakib Decl. are true and correct copies of excerpts from Lieut. Fernandez's deposition; Exhibit 7 attached to the Shakib Decl. are true and correct copies of excerpts from Det. Ashbee's deposition; and Exhibit 8 attached to the Shakib Decl. are true and correct copies of excerpts from Det. Duncan's deposition.

25. Regarding meet and confer efforts, in addition to the letter my office sent to counsel for Melanie Silva and B.J. Macfarlane and his response (attached as Exhibits 13 and 14 to the Shakib Decl.), I also sent counsel John Bridges an email on December 12, 2023, stating we believed we satisfied the meet and confer requirements, "but if you feel otherwise let us know." A true and correct copy of this email is attached hereto as Exhibit 26.

26. Attorney Bridges did not tell us otherwise. Further, he and I thereafter discussed and resolved various procedural issues related to the pending anti-SLAPP. All of parties are aware of the issues in the anti-SLAPP but cannot reach resolution.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 26, 2023.

Dated: December 26, 2023                By: _____
                                            Ryan R. Gordon