RYAN R. GORDON (SBN 278414)
VANESSA T. SHAKIB (SBN 287339)
**ADVANCING LAW FOR ANIMALS**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Tel: (202) 996-8389
rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

DANIEL J. KOLDE, ESQ.
**LAW OFFICES OF DANIEL J. KOLDE**
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel: 636.675.5383
Email: daniel.kolde.law@gmail.com
(*pro hac vice application to be filed*)

Attorneys for Plaintiffs Jessica Long and E.L., a minor
and Counter-Defendant Jessica Long

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,<br>             Plaintiffs,<br>       v.<br>LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual capacity; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district agricultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual and official capacity; BJ MACFARLANE, in his individual and official capacity; KATHIE MUSE, in her individual and official capacity, and DOES 1 through 10, | Case No. 2:22-cv-01527-DAD-AC<br><br>**COUNTER-DEFENDANT JESSICA LONG'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Counter-Defendant's Request for Judicial Notice filed concurrently]<br><br>Date: February 20, 2024<br>Time: 1:30 pm<br>Courtroom: 4, 15th Floor<br><br>Trial Date: February 10, 2025<br><br>Action Filed: August 31, 2022 |

**TO THE COURT, THE PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 20, 2024, at 1:30 pm in Courtroom 4 of the United States District Court for the Eastern District of California, located on the 15th Floor in the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, if the Court does not grant Plaintiff and Counter-Defendant Jessica Long's ("Mrs. Long") anti-SLAPP motion to strike, ECF No. 39, Mrs. Long will and does move this Court, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) for an order dismissing all counterclaims or, alternatively, the individual counterclaims, contained in Melanie Silva and B.J. Macfarlane's Answer, Affirmative Defenses, and Counterclaim to Second Amended Complaint ("Counterclaim"), ECF No. 29, on the basis of failure to state a claim. Defendants and Counterclaimants Melanie Silva and B.J. Macfarlane are collectively referred to herein as "Government Employees."

This motion is based on this notice of motion, the attached memorandum of points and authorities, the concurrently filed Request for Judicial Notice ("RJN"), additional matters of which this Court must or may take judicial notice, all pleadings and records on file in this action, and on such further authority, evidence, or argument as may be presented at or before the hearing on this motion.

Counsel for Mrs. Long certify the parties engaged in pre-filing meet and confer efforts, including multiple email exchanges.

**ADVANCING LAW FOR ANIMALS**

Dated:  December 26, 2023      By:  /s/Ryan Gordon
                               Ryan Gordon
                               Vanessa Shakib
                               Attorneys for Plaintiffs

# TABLE OF CONTENTS

I. Introduction ..................................................................................................................... 1

II. Relevant Allegations and Judicially Noticeable Facts ................................................... 1

    A. Mrs. Long's Registration and the Local Indemnity Provision ............................ 1

    B. California State Fair Rules and Exhibitor Handbook Supplement and, in Some Cases Supplant, Provisions in Online Entry Form ........................................................ 2

    C. Mrs. Long and E.L. File the Instant Action, Government Defendants Demand Mrs. Long Indemnify Them For Their Constitutional Violations, and Mrs. Long Rejects Indemnity ......................................................................................................... 3

III. Legal Standard ................................................................................................................ 4

IV. All Counterclaims Should Be Dismissed ....................................................................... 4

    A. Every Counterclaim Fails as a Matter Of Law .................................................... 4

    B. The Express Indemnity Counterclaim Must Be Dismissed for Additional Reasons ................................................................................................................. 6

        1. The Local Indemnity Provision is Void ................................................... 6

        2. The Local Indemnity Provision Only Covers Third Party Claims and E.L. is Not a Third Party ................................................................................ 6

        3. The Local Indemnity Provision Does Not Apply Because the Government Employees' Liability is Based on Active Negligence ............... 10

        4. The Local Indemnity Provision is an Unenforceable Exculpatory Clause .................................................................................................. 10

        5. The Local Indemnity Provision is Limited in Scope ................................... 11

        6. The Local Indemnity Provision is Unconscionable in this Case .................... 12

    C. Equitable Indemnity, Negligence, and Declaratory Relief Counterclaims Fail for Additional Reasons ........................................................................................... 13

V. Conclusion .................................................................................................................... 14

**Memorandum of Points and Authorities**

I.   **Introduction**

After Mrs. Long and her minor daughter E.L. filed the underlying civil rights litigation over Cedar, their 4-H goat they tried to save from slaughter, Mr. Macfarlane and Ms. Silva ("Government Employees") tendered an indemnification demand to Mrs. Long, demanding she pay all monetary loss for the damages they caused to her daughter. After Mrs. Long rejected the indemnification demand, Government Employees brought forth several counterclaims. But they should be dismissed in their entirety.

Each and every counterclaim fails as a matter of law. First, extensive case law holds there is no right to indemnification or contribution in § 1983 litigation under federal or state law. Second, the express indemnity counterclaim is further defective as the Local Indemnity Provision is (i) void, (ii) does not reach E.L.'s claims, (ii) does not apply to liability based on active negligence, (iii) is an unenforceable exculpatory clause, (iv) is limited in scope, and (v) is unconscionable as applied here. Third, the remaining counterclaims each have various fatal defects. Finally, the equitable indemnity, negligence, and declaratory relief counterclaims fail for additional reasons, as set forth below.

II.   **Relevant Allegations and Judicially Noticeable Facts**

  A.   **Mrs. Long's Registration and the Local Indemnity Provision**

Government Employees allege Mrs. Long "signed an online agreement ("the contract") to enter her daughter, E.L., as a livestock exhibitor at the 2022 Shasta County Fair, where [Mrs. Long] intended for her daughter to show a market goat as a member of the Cow Creek 4-H Club." Counterclaim ¶ 6. During that registration, Government Employees further allege Mrs. Long agreed to an accountability and liability provision, which allegedly stated:

> I certify that I am the owner of the property specified herein or the supervisor of the project with authorization to act as agent and to bind the owners of the property in all matters herein. Online submission of data requires that a person has read, understands and agrees to abide by all the rules and regulations governing the fair entries as published in the official Shasta District Fair Handbook. Under penalty of perjury, I certify that the information provided is true and I agree to defend, indemnify, and hold harmless the fair, the county, and the State of California, its officers, agents and employees from and against any liability, claim, loss or expense (including reasonable attorney fees) arising out of any injury or

ADVANCING LAW FOR ANIMALS

> damage, which is caused by, arises from or is in any way connected with participation in the program or event, excepting only that caused by the sole active negligence of the Fair. The Fair Management shall not be responsible."

Counterclaim ¶ 8. The accountability and liability provision further states:

> To enter online, you must be over 18 years of age or be the parent and/or guardian of the exhibitor if the exhibitor is under age 18, or the 4-H Leader or FFA advisor, with the authorization from the parent and/or guardian of the exhibitor, or authorization from the exhibitor if 18 years of age or older. Please type 'Yes' in the box to confirm. By entering 'Yes', I am confirming that I am 18 years of age or older, the owner or authorized agent for these exhibits, that I have read, understand and agree to abide by all the rules and regulations governing the Fair entries as published in the official Shasta District Fair Handbook, and that everything submitted is 'true and correct'. Online entries for 4-H and FFA exhibitors will not be officially accepted until approved by the 4-H leader or FFA advisor."

*Id*. This provision is hereinafter referred to as the "Local Indemnity Provision."

**B.  California State Fair Rules and Exhibitor Handbook Supplement and, in Some Cases Supplant, Provisions in Online Entry Form**

In addition to the online entry form, 2022 State Rules for California Fairs ("State Fair Rules") published by CDFA,[1] and a local exhibitor guidebook, also referred to as the handbook, published by the Shasta Fair Association ("Exhibitor Handbook"),[2] containing, among other things, All General Livestock Rules and Guidelines, applied. RJN 1-3. The State Fair Rules provide "[i]f a local rule is not printed in the exhibitor handbook the applicable State Rule will apply." RJN 1 at 4 ¶ 8. The express indemnity counterclaim is based on the Local Indemnity Provision, which Government Employees admit was in "an online contract." Counterclaim ¶ 6. But the Local Indemnity Provision is absent from the Exhibitor Handbook. RJN 2, 3. The State Fair Rules contain indemnification language different from the Local Indemnity Provision.[3] ("Controlling Indemnity Provision"). The State Fair

---

[1]  "[CDFA] is responsible for … providing oversight of activities carried out by each California fair[,]" including the 27th DAA. Cal. Bus. & Prof. Code § 19620(a); § 19418.1. The 27th DAA must "meet all applicable [CDFA] standards" and must comply with annually-published State Rules. *Id*., § 19622.2.

[2]  The State Rules define the Exhibitor Handbook as "[a]n entry book, prize list, contest book or other publication specifying rules and awards for fair contests." RJN 1 at 6, ¶ 19.

[3]  The Controlling Indemnity Provision states: "The exhibitor agrees to defend, indemnify, and hold harmless the fair, the county, and the State of California from and against any liability, claim, loss, or expense (including reasonable attorneys' fees) arising out of any injury or damage which is caused by, arises from or is in any way connected with participation in the program or event, excepting only that caused by the sole active negligence of the Fair. The Fair Management shall not be responsible for accidents or losses that may occur to any of the exhibitors or exhibits at the fair. The

Rules and the Exhibitor Handbook also require that exhibitors, including E.L., own the animals exhibited. RJN 1 at 6, 2 at 50.

### C. Mrs. Long and E.L. File the Instant Action, Government Defendants Demand Mrs. Long Indemnify Them For Their Constitutional Violations, and Mrs. Long Rejects Indemnity

Mrs. Long filed the instant lawsuit on August 31, 2022, which Government Employees allege is "seeking to recover alleged damages arising from the plaintiffs' taking of a 4-H market goat from the Shasta County fairgrounds in June 2022, and the subsequent investigation into the taking of the goat, seizure of the goat by deputies with the Shasta County Sheriff's Department, and alleged destruction of the goat by individual employees of the 27th District Agricultural Association." Counterclaim ¶ 5.

Mrs. Long and E.L.'s claims against the Government Employees are all based on 42 U.S.C. § 1983. SAC at ¶¶ 105-110, ¶¶ 111-115, ¶¶ 181-188.[5] Government Employees allege that, on "On October 20, 2023, [Government Employees] provided [Mrs. Muse] … with written notice of the lawsuit [and] requesting defense arising from the indemnified risk and requesting defense of the lawsuit under the terms of [Local Indemnity Provision]." Put another way, the Government Defendants demanded that Mrs. Long pay their defense costs, and reimburse them for any damages they caused to her daughter when they violated her Constitutional rights by, among other things, unlawfully killing her goat, Cedar. Government Defendants further admit that "[Mrs. Long] rejected defense and indemnification." Counterclaim ¶ 9.

On November 7, 2023, Government Defendants filed the Counterclaims subject to this motion, ECF No. 29, which include: (1) express indemnity, based on the Local Indemnity Provision; (2) equitable indemnity; (3) contribution; (4) negligence, which is substantively indemnity as it demands Mrs. Long indemnity them for E.L.'s damages (Id. at ¶¶ 19, 23); and (5) declaratory relief related to indemnity and contribution. In the event Mrs. Long's anti-SLAPP motion to strike the Counterclaims,

---

exhibitor (or parent or guardian of a minor) is responsible for any injury or damage resulting from the exhibitor's participation in the program or event. This includes any injury to others or to the exhibitor or to the exhibitor's property." RJN 1 at 5-6, ¶ 5.

[5]   The fourteenth claim, declaratory relief, is not against the Government Employees, as they are named in their official capacities. This it is directed against the Shasta Fair Association. *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989).

(left margin: ADVANCING LAW FOR ANIMALS)

ECF No. 39, is not granted on February 20, 2024, she requests the Counterclaims be dismissed via this motion under Federal Rules of Civil Procedure 12(b)(6).

### III. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is appropriate where a plaintiff discloses some absolute defense or bar to recovery in his pleading. The lack of a cognizable legal theory warrants dismissal. *See Ballistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proven. *Alonzo v. AFC Property Management, Inc.*, 643 F.2d 578, 579 (9th Cir. 1981).

### IV. All Counterclaims Should Be Dismissed

Each and every counterclaim fails as a matter of law. First, extensive case law holds there is no right to indemnification or contribution in § 1983 litigation under federal or state law. Second, the express indemnity counterclaim is further defective as the Local Indemnity Provision is (i) void, (ii) does not reach E.L.'s claims, (ii) does not apply to liability based on active negligence, (iii) is an unenforceable exculpatory clause, (iv) is limited in scope, and (v) is unconscionable as applied here. Third, the remaining counterclaims each have various fatal defects.

#### A. Every Counterclaim Fails as a Matter Of Law

Mrs. Long and E.L. assert four claims against the Government Employees, all of which are based on *§ 1983*.[6] But "[t]he Ninth Circuit has concluded that '[t]here is no federal right to indemnification provided in 42 U.S.C. § 1983." *Hoa v. Riley,* 78 F.Supp.3d 1138, 1145 (N.D. Cal. 2015), citing *Allen v. City of Los Angeles,* 92 F.3d 842, 845 n. 1 (9th Cir. 1996) *overruled on other grounds Acri v. Varian Ass'ns, Inc.,* 114 F.3d 999 (9th Cir. 1997). Further, § 1988 "does not allow [any] an express or implied right of contribution or indemnification under state law into [§] 1983 suits." *Hoa v. Riley,* 78 F.Supp.3d at 1153. "[E]ven if the applicability of state law on contribution and indemnification were not governed exclusively by [§] 1988, such [claims are] implied[ly] preempt[ed] under the doctrine of obstacle preemption…[as] the rights of contribution and

---

[6] No declaratory relief claim exists against Government Employees, as they are named in their official capacities. *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989). The Shasta Fair Association concurs, as it moved to dismiss the declaratory relief claim against itself. *See* ECF No. 32.

ADVANCING LAW FOR ANIMALS

indemnification conflict with [§] 1983's goal of deterrence." *Id*. at 1153-1154. Courts in this Circuit have since consistently followed this rationale. *Stoddard-Nunez v. City of Hayward,* 2016 WL 1588271, at *3-4 (N.D. Cal. 2016) (in § 1983 action against city, the city's claims for "indemnity and contribution claims fail as a matter of law); *Rainey v. County of San Diego*, 2023 WL 2604815, at * 3 (S.D. Cal. 2023) ("[u]nder current Ninth Circuit law, there is no federal right of indemnification or contribution on a claim arising under 42 U.S.C. § 1983 … [n]or does 42 U.S.C. § 1988 permit importing rights of contribution or indemnification on a § 1983 claim from state law"). Courts across the country agree.[7]

Government Employees' first, second, and third counterclaims for indemnity and contribution are barred. The negligence counterclaim is substantively a third indemnity counterclaim based on state law, because it argues Mrs. Long was negligent, and under *American Motorcycle Association v. Superior Court,* 20 Cal.3d 578 (1978), must hold harmless and indemnify § 1983 claims against Government Employees. Counterclaim ¶¶ 18, 23. For the same reasons above, this third indemnity counterclaim, while styled as negligence, is barred as a matter of law. The fifth counterclaim for declaratory relief is also barred because, where no right to indemnity exists as a matter of law, a right

---

[7]   *See, e.g., Koch v. Mirza,* 869 F.Supp. 1031, 1041 (W.D.N.Y.1994) ("contribution and indemnity" do not apply in civil rights cases and "[a]llowing … contribution or indemnification by reference to state common law or statutory laws under 42 U.S.C. § 1988, is irrelevant to and inconsistent with …federal civil rights laws, and is, therefore, specifically excluded…under 42 U.S.C. § 1988."); *Hepburn ex rel. Hepburn v. Athelas Institute, Inc.,* 324 F.Supp.2d 752, 759-760 (D. Md. 2004) ("contribution and indemnity claim … dismissed" regardless of whether MD law allowed them, as such rights are "Inconsistent with § 1983"); *Wright v. Reynolds,* 703 F.Supp. 583, 590-592 (N.D. Tex. 1988) (in § 1983, "no right to contribution and indemnification" nor can § 1988 be used to create such rights); *Crews v. County of Nassau,* 612 F.Supp.2d 199, 207–13 (E.D.N.Y.2009) (no contribution under federal or state law in § 1983 suit); *Hayden v. Hevesi,* 2007 WL 496369, at *4 (W.D.N.Y. 2007) (no "contribution or indemnification arising out of plaintiff's § 1983 claim"); *M.O.C.H.A. Society, Inc. v. City of Buffalo,* 272 F.Supp.2d 217, 221 (W.D.N.Y.2003) (no "contribution or indemnification arising out of plaintiffs' … § 1983 claims."); *Katka v. Mills,* 422 F.Supp.2d 1304 (N.D. Ga. 2006); *See Frantz v. City of Pontiac,* 432 F.Supp.2d 717 (E.D. Mich. 2006); *Gray v. City of Kansas City,* 603 F.Supp. 872, (D.Kan. 1985)*; Jackson v. Hoffman,* 1994 WL 114007 (D.Kan. 1994) ("comparative negligence is not applied in § 1983 actions"); *TCI Cablevision, Inc. v. City of Jefferson,* 604 F.Supp. 845, 847 (W.D.Mo.1984); *Valdez v. City of Farmington*, 580 F.Supp.19 (D.N.M. 1984)*; Anderson v. Local Union No. 3, Int'l Brotherhood of Elec. Workers,* 582 F.Supp. 627 (S.D.N.Y. 1984)*; Melson v. Kroger Co.,* 578 F.Supp. 691, 696 n. 3 (S.D.Ohio 1983); *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL–CIO,* 451 U.S. 77 (1981) (no contribution under Title VII of the Civil Rights Act); *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630 (1981) (no contribution under federal antitrust laws); *Moor v. County of Alameda,* 411 U.S. 693, 703-704 (1973) ("section [1988] … [was not] meant to authorize the wholesale importation into federal law of state causes of action").

to a declaration in favor of indemnity does not exist either. As a result, all of Government Employees' must be dismissed as a matter of law.

### B. The Express Indemnity Counterclaim Must Be Dismissed for Additional Reasons

Even if the Court finds the express indemnity counterclaim not barred as a matter of law based on §§ 1983 and 1988, the express indemnity counterclaim further fails because the Local Indemnity Provision is void, and even if it is not, it does not reach E.L.'s first party claims, does not apply to liability based on active negligence, is an unenforceable exculpatory clause, is limited in scope, and is unconscionable as applied in this case.

#### 1. The Local Indemnity Provision is Void

The State Rules provide "[i]f a local rule is not printed in the exhibitor handbook the applicable State Rule will apply." RJN 1, 4 ¶ 8. The express indemnity counterclaim is based on the Local Indemnity Provision, which is *not* included in the exhibitor handbook and, thus, cannot apply. Br. *supra* sec. II(B). Only the Controlling Indemnity Provision in the State Rules can apply, which states E.L. as "[t]he exhibitor agrees to defend, indemnify, and hold harmless" the Shasta Fair Association and its agents. RJN 1. The Government Employee's counterclaim for express indemnity, however, asserts E.L. is a third party with respect to Mrs. Long's indemnity obligations. *See* Counterclaim ¶ 11. That assertion is false, addressed in detail *infra* Br. at sec. IV(B)(2), but, relevant here, the State Rules void the Local Indemnity Provision, defeating the first counterclaim, as the Controlling Indemnity Provision is incompatible with Mrs. Long's alleged duty to indemnify. Express indemnity must be dismissed.

#### 2. The Local Indemnity Provision Only Covers Third Party Claims and E.L. is Not a Third Party

Even if the Local Indemnity Provision could apply, it is limited to third party claims and cannot require Mrs. Long to indemnify E.L.'s claims, as E.L. is not a third party. "Indemnification agreements ordinarily relate to third party claims." *Myers Building Industries, Ltd. V. Interface Technology, Inc.* 13 Cal.App.4th 949 (1993); Civ. Code § 2772. "[S]everal indicators … distinguish third party indemnification provisions from [indemnification provisions that apply] in litigation between the parties to the contract. The key indicator [are] the words 'indemnify' and 'hold harmless'

[which] generally [refer] to third party claims…." *Alki Partners, LP v. DB Fund Servs., LLC*, 4 Cal.App. 5th 574, 600 (2016) ("*Alki Partners*"). For example, *Varco–Pruden, Inc. v. Hampshire Constr. Co.*, 50 Cal.App.3d 654, 660 (1975) held that "as a matter of law [the indemnity provision below] only indemnifies [the owner] for claims by third parties," *not* claims between the contractor and the owner:

> Contractor shall be solely responsible for and shall hold Owner free and harmless from any and all losses, expenses, damages, demands, and claims arising out of or in connection with injuries (including death) of damages to any and all persons, employees and/or property in any way sustained or alleged to have been sustained in connection with or by reason of the performance of the work by Contractor, its sub-contractors, agents or employees.

*Queen Villas Homeowners Assn. v. TCB Property Management*, 149 Cal.App.4th 1 (2007)[8] and *City of Bell v. Superior Court,* 220 Cal.App.4th 236 (2013)[9] resolved consistently and are similarly instructive here. Their indemnity provisions are analogous to Local Indemnity Provision, and each court ruled those terms only covered third party claims, not claims between parties.

Like the above cases and others,[10] the Local Indemnity Provision uses the terms "indemnity" and "hold harmless" and only applies only to third party claims. The terms "'indemnify and 'hold harmless' create a presumption that an indemnification provision is limited to third-party claims." *AliveCor, Inc. v. Apple Inc.* 603 F.Supp.3d 851, 856 (N.D. Cal. 2022); *Alki Partners,* 4 Cal.App. 5th at

---

[8] In *Queen Villas Homeowners Assn.*, 149 Cal.App.4th at 8, a property manager could not use the following indemnity provision to defend against the HOA's claims:
"Association agrees to indemnify, defend and hold agent and its employees, Agents, officers, and directors harmless against any and all claims, costs, suits, and damages, including attorneys fees arising out of the performance of this agreement or in connection with the management and operation of the Association, including claims, damages, and liabilities for injuries suffered, or occurrences of death or property damage relating to the property, excluding any claims or liabilities arising out of the sole negligence or willful misconduct of Agent or its employees…." *Id*. at 8.

[9] Likewise, in *City of Bell,* 220 Cal.App.4th at 252, the court determined the following was a third party indemnity clause, noting the provision had no "clear and explicit language" indicating it applied *between* parties: "City shall defend, hold harmless and indemnify Employee against any claim, demand, judgment or action, of any type or kind, arising out of any act or failure to act, by Employee, if such act or failure to act was within the course and scope of Employee's employment. City may compromise and settle any such claim or suit provided City shall bear the entire cost of any such settlement."

[10] See also *Meininger v. Larwin–Northern California, Inc.,* 63 Cal.App.3d 82 (1976); *Myers Building Industries, Ltd. v. Interface Technology, Inc.,* 13 Cal.App.4th 949 (1993); *Carr Business Enterprises, Inc. v. City of Chowchilla*, 166 Cal.App.4th 14 (2008); *Baldwin Builders v. Coast Plastering Corp.*, 125 Cal.App.4th 1339 (2005); *Building Maintenance Service Co. v. AIL Systems, Inc.*, 55 Cal.App.4th 1014 (1997). All these cases found standard indemnity clauses protecting against third party claims only.

ADVANCING LAW FOR ANIMALS

600.[11] The Local Indemnity Provision reference to "any liability, claim, loss or expense (including reasonable attorney fees) arising out of any injury or damage … connected with participation in the program or event" also references third party claims. *See Alki Partners,* 4 Cal.App. 5th at 601 ("an indemnification clause [for] 'any, all, and every claim' which arises out of 'the performance of the contract' deals only with third party claims"). Further, that the Local Indemnity Provision makes no specific reference to claims between the parties also shows it is merely a standard third party indemnity clause. *See City of Bell*, 220 Cal.App.4th at 251 ("If [the] parties go out of their way and say 'we really, really mean it,' [then] language clearly contemplating [a suit between the parties] may be enforced.")[12] Further, Local Indemnity Provision's usage of the phrase to "sole active negligence" also "underscores [that it is] a classic third party indemnity agreement… [as it] points the reader to the fact that there will be, at least in theory, situations where [the indemnitee] might *not* be indemnified if it were sued by a third party." *See Queen Villas Homeowners Assn.*, 149 Cal.App.4th at 8.

The Government Employees' interpretation of the Local Indemnity Provision has the absurd effect of rendering the entire contract meaningless for Mrs. Long and E.L.  *See Hathaway Dinwiddie Const. Co. v. United Air Lines, Inc.,* 50 F. App'x 817, 823 (9th Cir. 2002) (allowing a defendant to use a third party indemnity provision as a defense prevents any suit by plaintiff, "render[ing] the parties' Contract largely meaningless"). Imagine E.L. had completed the sale of Cedar and the Government Employees misappropriated her auction proceeds. If E.L. sued, under the Government Employees' interpretation, Mrs. Long would have to reimburse them for the very monies they misappropriated from her daughter, rendering the underlying agreement meaningless. *Id.*; *see also Heppler v. J.M. Peters Co.,* 73 Cal.App.4th 1265 (1999) (explaining "[c]ontracts should be read in a manner that

---

[11] Additionally, that the Local Indemnity Provision's reference to "sole active negligence" implies third party indemnity. *See Queen Villas Homeowners Assn. v. TCB Property Management*, *supra*, at 8.

[12] Further, the waivers also prove the indemnity provisions only apply to third party claims. The Local Indemnity Provision requires indemnity of the Fair's "officers, agents and employees from and against any liability." But, following that indemnity language, there is a waiver provision that states "[t]he Fair Management shall not be responsible." If the Local Indemnity Provision requires Mrs. Long to indemnify and reimburse the Government Employees for any damages they caused her daughter, her waiver of liability in favor of Government Employees would have no purpose. Courts should avoid interpretations that result in surplusages. *See Appalachian Ins. Co. v. McDonnell Douglas Corp*. 214 Cal.App.3d 1 (1989); *Myers Building Industries, Ltd. v. Interface Technology, Inc.*, 13 Cal.App.4th 949, 974 (1993) (third party indemnity found as liability waiver "neutralized" possibility that indemnity's fee provision applied between parties).

ADVANCING LAW FOR ANIMALS

renders them reasonable and capable of being put into effect"); Civ. Code § 1643.

Moreover, E.L. is not a third party to the Local Indemnity Provision, based on its express language, as well as on the Controlling Indemnity Provision.[13] The express language of the Local Indemnity Provision confirms Mrs. Long entered into the online agreement on behalf of E.L., thus binding E.L. as well.[14] Indeed, it is well established that, when parents sign as a representative, or on behalf of their child, that child is bound by that contract along with the parent signatory.[15] *See R.H. v. Los Gatos Union School Dist.,* 33 F.Supp.3d 1138 (N.D. Cal. 2014) (explaining release signed by father also bound son in their dual action against school for son's wrestling injuries); *Pietrelli v. Peacock,* 13 Cal.App.4th 943, 947 (1993) ("It has long been the law that a parent has the power to bind a minor child to arbitration of claims arising from the minor's health care contract."); *Aaris v. Las Virgenes Unified School Dist.*, 64 Cal.App.4th 1112, 1120, (1998) (explaining mother's release bound child injured at cheerleading, as "a parent may execute a release on behalf of his or her child."); *Hohe v. San Diego Unified Sch. Dist.*, 224 Cal.App.3d 1559, 1565 (1990) (explaining parents' signature on release on behalf of child bound parents *and child as well,* despite her minority); Black's Law Dictionary (11th ed. 2019), behalf ("*[O]n behalf of* means 'in the name of, on the part of, as the agent or representative of.' ") (emphasis in original). Because the Local Indemnity Provision is void, and if not, only applies only to third party claims, the express indemnity counterclaim must be dismissed as E.L. is not a third party.

---

[13] The State Fair Rules expressly prohibit local rules that "circumvent" them. RJN 1 at 4 ¶ 7. Government Employees' theory of E.L. as a third party relieves her of her duties, as exhibitor, to indemnify under the Controlling Indemnity Provision, thereby impermissibly circumventing the State Fair Rules.

[14] The Local Indemnity Provision states E.L. is a party, providing, "I certify that I am …the supervisor … with authorization to act as agent and to bind the owners of the property in all matters … By entering 'Yes', [the parent is] confirming that [she is the] authorized agent for these exhibits…." Counterclaim ¶ 8. And, all applicable rules require E.L. own Cedar. RJN 1 at 5; RJN 2 at 50. By allegedly agreeing, Mrs. Long "[bound] the owner[] of [Cedar]," i.e., E.L., to "all matters," including the Local Indemnity Provision. Counterclaim ¶ 8; *see Hohe v. San Diego Unified Sch. Dist.*, *supra*. Government Employees cannot offer another interpretation, as "[a]mbiguous provisions are construed against the drafter, even if the drafter is the government." *Westlands Water Dist. v. Patterson*, 864 F.Supp. 1536, 1542 (E.D. Cal. 1994); *Stanislaus Towing & Recovery Services, Inc. v. City of Modesto*, 2012 WL 1898917 (E.D. Cal. 2012) (same).

[15] Even if a minor was bound by his parent's signature as a "third party beneficiary," that is different than a "third party" or "stranger." *Doyle v. Guiliucci*, 62 Cal.2d 606, 609 (1965). A "third party beneficiary" may enforce a contract, *Bozzio v. EMI Group Ltd.*, 811 F.3d 1144 (9th Cir. 2016), while a "third party" or "stranger" to a contract, even if that stranger receives an incidental benefit, may not. *Holmes v. Columbia Pictures Corp.*, 109 F.Supp. 327 (S.D. Cal. 1953).

### 3. The Local Indemnity Provision Does Not Apply Because the Government Employees' Liability is Based on Active Negligence

The Local Indemnity Provision excepts "that caused by the sole active negligence of the Fair."[16] Crossclaim ¶ 8. Here however, the underlying litigation alleges only constitutional violations. Constitutional violations by definition involve active conduct, exceeding that of passive negligence.[17] *See, e.g., Daniels v. Williams,* 474 U.S. 327, 336 (1986) (explaining in § 1983 claims, deprivation must be intentional or deliberate); *Davidson v. Cannon,* 474 U.S. 344, 347 (1986) (due process violations require more than negligence); *Mangiaracina v. Penzone,* 849 F.3d 1191, 1201 (9th Cir. 2017) (emphasizing the importance of alleging intentional conduct under § 1983"); *Nelson v. City of Davis,* 709 F.Supp.2d 978, 985 (E.D. Cal. 2010) (seizure for Fourth Amendment purposes "must be willful"). As Government Employees are charged with "personally participat[ing] in … affirmative act[s]" in violation of the Constitution only, their acts are expressly exempted by the Local Indemnity Provision and by state law.[18] The express indemnity counterclaim must be dismissed.

### 4. The Local Indemnity Provision is an Unenforceable Exculpatory Clause

Application of the Local Indemnity Provision amounts to an unenforceable exculpatory clause, a strategy California courts reject absent clear and express language. *See City of Bell v. Superior Court,* 220 Cal.App.4th 236, 252 (2013) ("for an indemnity agreement to encompass claims between

---

[16] "An agreement to indemnify … acts of a certain person, applies not only to his acts and their consequences, but also to those of his agents." Civil Code § 2775; *see also id.* § 1935. As Government Employees are agents of the Shasta Fair, the Local Indemnity Provision's exemption for the Fair's active negligence also exempts their active negligence.

[17] Indemnity distinguishes between passive and active negligence. "Passive negligence is found in mere nonfeasance, such as the failure to discover a dangerous condition or to perform a duty imposed by law. [] Active negligence is found if an indemnitee has personally participated in an affirmative act of negligence, was connected with negligent acts or omissions by knowledge or acquiescence, or has failed to perform a precise duty which the indemnitee had agreed to perform." *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal.3d 622, 629 (1975); *Sammer v. Ball,* 12 Cal.App.3d 607 (1970) (denying indemnification because fraud amounted to active negligence); *Gonzales v. R. J. Novick Constr. Co.*, 20 Cal.3d 798, 812 (1978) (finding a subcontractor's "unreasonable and improper employment of its own equipment and its heedless instructions to its employees" constituted active negligence).

[18] "[I]f a party seeks, in a noninsurance agreement, to be indemnified …for his or her own active negligence, or regardless of the indemnitor's fault—the language on the point must be particularly clear and explicit and will be construed strictly against the indemnitee." *City of Bell,* 41 Cal.4th 747 at 250. The Local Indemnity Provision lacks "particularly clear and explicit" language exempting Government Employees' active negligence. Thus, the default rule that indemnity only covers passive negligence applies here. *See E.L. White, Inc. v. City of Huntington Beach* 21 Cal.3d 497, 507 (1978) ("in the absence of [a provision extending indemnity to active negligence, the agreement] will be construed to provide indemnity … only if he has been no more than passively negligent.").

the parties to the agreement, and to act as an exculpatory clause or release, there must be clear and explicit language"); *Queen Villas Homeowners Assn. v. TCB Property Management*, 149 Cal.App.4th 1, 8-9 (2007) (rejecting third party indemnity provision as exculpatory release of property manager's liability to HOA noting "the reductio ad absurdum" of her position was the HOA could never sue her for violating the management contract). Here, there's no language showing indemnity means a "release" of Mrs. Long and E.L.'s claims against the Government Employees, and to hold otherwise means Mrs. Long and E.L. could never sue even if fair agents breached the contract. The California Supreme Court also made clear that exculpatory clauses can only operate as future releases of ordinary negligence – not gross negligence or willful acts. *City of Santa Barbara v. Superior Court,* 41 Cal.4th 747, 751 (2007) (finding release for disabled child to participate in city's summer camp where he drowned did not protect city against gross negligence or worse because "an agreement made in the context … [of] recreational programs or services…to the extent it purports to release liability for future gross negligence, violates public policy and is unenforceable"); *See also* Civ. Code § 1668 (stating "contracts which ... exempt any one from responsibility for his own … willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law"). Here, Government Employees' are charged only with willful misconduct, i.e., § 1983 violations, and *not* ordinary negligence. As they cannot release their future willful misconduct by contract, the express indemnity counterclaim must be dismissed.

### 5. The Local Indemnity Provision is Limited in Scope

The express indemnity counterclaim exceeds the scope of the Local Indemnity Provision, because the underlying federal litigation alleges constitutional violations occurring several weeks after the conclusion of the 2022 Shasta District Fair. "In interpreting an express indemnity agreement … the words of the contract [are] to determine the intended scope of the indemnity agreement." *Centex Golden Constr. Co. v. Dale Tile Co.,* 78 Cal.App.4th 992 (2000). The Local Indemnity Provision extends to liabilities "connected with participation in the program or event." Counterclaim ¶ 8. In allegedly agreeing to the Local Indemnity Provision, Mrs. Long was registering E.L. as an exhibitor in the fair. The phrase "program or event" refers to the matters in which E.L. participated at the fair, showmanship and the junior livestock auction. *See* Civ. Code § 1647 ("A contract may be explained

by reference to the circumstances under which it was made, and the matter to which it relates"). Those programs and events concluded on June 25, 2022, at the cessation of the 2022 Shasta District Fair. The Local Indemnity Provision does not include intentional constitutional violations committed *three to five weeks* after the 2022 Shasta District Fair ended. No reasonable person signing that indemnity contract would believe they were giving the government *carte blanche* to violate her family's constitutional rights. *See* Civ. Code § 1648 ("However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract).

Further, constitutional violations fall outside the scope of the Local Indemnity Provision. To find otherwise functionally serves as a waiver or release. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748 (1970); *Cohen v. Five Brooks Stable*, 159 Cal.App.4th 1476, 1485 (2008) (explaining a written release "from future negligence or misconduct 'must be clear, unambiguous, and explicit in expressing the intent of the subscribing parties'"). Here, nothing in this indemnity provision unambiguously apprised Mrs. Long that she was releasing Government Employees from future constitutional violations against her and her daughter. The express indemnity counterclaim seeks indemnity well beyond the scope of the parties' agreement is must be dismissed.

### 6. The Local Indemnity Provision is Unconscionable in this Case

The Local Indemnity Provision as applied to this case is unconscionable. *See Lennar Homes*, 232 Cal.App.4th at 694. The unconscionability analysis has two prongs: procedural unconscionability (the unfair fashion in which the contract was imposed) and substantive unconscionability (the unfairness of the contract's terms). *Long Beach,* 43 Cal.App.5th at 101. "[A] high showing of one may compensate for a relatively low showing of the other." *Id.*

"[P]rocedural unconscionability [asks] whether the contract is adhesive, meaning the contract is standardized (generally on a preprinted form) and offered by the party with superior bargaining power on a take-it-or-leave-it basis." *Id.* at 103. In *Long Beach*, the government employer's indemnity provision was procedurally unconscionable as the employer had superior power, the contract was on a "take-it-or-leave-it basis," and plaintiff "was unable to negotiate." *Id.* at 104. *Lennar Homes* likewise

found procedural unconscionability as the indemnity was drafted by a developer with superior bargaining power, and given to all home buyers as a condition of buying their homes with no opt-out. Here, the Counterclaim is clear "Jessica Long signed an online agreement." Counterclaim ¶ 6. The online entry form here is a condition of entering the youth livestock option and was drafted by the government, creating, at the outset, unequal bargaining power. The online nature of entry means the agreement is standardized, much like the preprinted form discussed in *Long Beach,* 43 Cal.App.5th at 103. Because of the government's superior bargaining power, and the standardized nature of the online agreement, like *Lennar Homes* and *Long Beach*, the first prong on the analysis is satisfied.

As to the second prong, "[s]ubstantive unconscionability addresses the fairness of the terms in dispute. [It] 'traditionally involves contract terms that are so one-sided as to 'shock the conscience,' or to impose harsh or oppressive terms." *Lennar Homes* at 691 (quoting *Wherry v. Award, Inc*. 192 Cal.App.4th 1242, 1248 (2011)). The appellate court held that the indemnity language in the contract precluded even the remotest possibility of a home buyer being made whole for "any damages arising from fraud committed by [developer] with respect to disclosures." *Lennar Homes* at 693. Consequently, the indemnification provision "is a paradigmatic example of a 'heads I win, tails you lose' proposition, purporting to bar any possibility of meaningful recovery for claims falling within its scope, regardless of merit." *Id*. The Local Indemnification Provision has a high degree of substantive unconscionability because it would preclude any claim at all, from fraud, to, as was the case in *Lennar Homes*, personal injury, to, as was the case in *Long Beach* and here, constitutional violations. Such an interpretation would allow government entities to circumvent their constitutional mandates through boilerplate indemnity. This is the hallmark of unconscionability. As a result, the express indemnity counterclaim must be dismissed.

C. **Equitable Indemnity, Negligence, and Declaratory Relief Counterclaims Fail for Additional Reasons**

"Where … the parties have expressly contracted … the duty to indemnify, the extent of that duty must be determined from the contract and not by reliance on … equitable indemnity." *McCrary Construction Co. v. Metal Deck Specialists, Inc.,* 133 Cal.App.4th 1528, 1536 (2005) As a written contracts exist here, equitable indemnity and negligence (which here is indemnity) must be struck.

Lastly, as declaratory relief is "duplicative of other causes of action…, dismissal is proper…." *Tyler v. Travelers Commercial Insurance Company,* 499 F.Supp.3d 693, 702 (N.D. Cal. 2020). For these additional reasons, equitable indemnity, negligence, and declaratory relief must be dismissed.

### V. Conclusion

Government Employees' Counterclaim lacks any legally cognizable theory and should be dismissed in its entirety.

**ADVANCING LAW FOR ANIMALS**

Dated: December 26, 2023         By:   /s/Ryan Gordon
                                 Ryan Gordon
                                 Vanessa Shakib
                                 Attorneys for Plaintiffs