RYAN R. GORDON (SBN 278414)
VANESSA T. SHAKIB (SBN 287339)
**ADVANCING LAW FOR ANIMALS**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Tel: (202) 996-8389
rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

DANIEL J. KOLDE, ESQ.
**LAW OFFICES OF DANIEL J. KOLDE**
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel: 636.675.5383
Email: daniel.kolde.law@gmail.com
(*pro hac vice application to be filed*)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN  DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual capacity; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district agricultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual and official capacity; BJ MACFARLANE, in his individual and official capacity; KATHIE MUSE, in her individual and official capacity, and DOES 1 through 10, | Case No. 2:22-cv-01527-DAD-AC <br><br> **DECLARATION OF ERIKA PATTERSON IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS FROM NON-PARTY VISTA REAL ESTATE (ECF 52)** <br><br> Date: March 20, 2024 <br> Time: 10:00 am. <br> Courtroom: 26, 8th Floor <br><br> Trial Date: March 24, 2025 <br><br> Action Filed: August 31, 202 |

DECLARATION OF ERIKA PATTERSON

**ADVANCING LAW FOR ANIMALS**

1    **<u>DECLARATION OF ERIKA PATTERSON</u>**

2    I, Erika Patterson, declare as follows:

3        1.      I am over 18 years of age. I have personal knowledge of the matters set forth herein and,

4    if called upon, I could and would competently testify thereto. I made this declaration in support of

5    Plaintiff Jessica Long's Motion To Compel Production Of Subpoenaed Documents From Non-Party

6    Vista Real Estate (**ECF 52**).

7        2.      I am the principal of Patterson Legal Services, a legal support and process serving

8    company doing business in Shasta County, California.

9        3.      On February 23, 2024, my office received a subpoena to serve on Vista Real Estate from

10   Attorney Ryan Gordon. We were instructed by Mr. Gordon to please provide service on a "same day"

11   basis. A true and correct copy of that subpoena is attached hereto as **Exhibit A**.

12       4.      My office attempted service at the office of Vista Real Estate at 3645 Eureka Way, in

13   Redding on February 23, 2024 at 3:20 pm.

14       5.      According to my company's records, which we created contemporaneously and

15   maintained in the regular course of business, the office occupied by Vista Real Estate did not have

16   anyone inside.  We called the phone number on the front of the door and the Vista Real Estate

17   representative who answered stated that everyone working at this address are private contractors and

18   have no set hours. He refused to identify himself. However, he provided us the number of the owner of

19   Vista Real Estate, Chad Phillips, so that we could set up a meeting with him. We were told to text with

20   Mr. Phillips at XXX-XXX-0516 to arrange service.

21       6.      I then called the attorney Ryan Gordon and provided an update on the service he

22   requested. Mr. Gordon instructed me to text Mr. Phillips on behalf of Vista Real Estate at the number

23   provided and Mr. Gordon stated I could provide Mr. Phillips with details related to the nature and

24   purpose of the service.

25       7.      At 5:02pm on Febuary 23, 2024, I sent the following text to Mr. Phillip's number

26   (XXX-XXX-0516):"this is Erika from Patterson Legal Services. We have a subpoena for records only

27   for case *EL v Jerry Fernandez*. Can we set up a time to get this to you?"

28       8.      I did not receive a response.

DECLARATION OF ERIKA PATTERSON

**ADVANCING LAW FOR ANIMALS**

1    9.    I again attempted to make contact with someone in person at Vista Real Estate on

2    Monday, February 26 at 9:28 am, I could not locate anyone.

3    10.    On February 28, 2024, Attorney Ryan Gordon asked my office to serve a copy of Notice

4    of Motion to Vista Real Estate along with the subpoena already in hand. He asked that we serve anyone

5    on the property since it appeared that Mr. Phillips was avoiding service. A true and correct copy of that

6    Notice of Motion is attached hereto as **Exhibit B**.

7    11.    My office served both the subpoena and the Notice of Motion (Exs. A and B) at the

8    office of Vista Real Estate at 3645 Eureka Way, Redding on February 28, 2024 at approximately 5:10

9    pm.

10    12.    My office's business records, which were made contemporaneously and kept in the

11    ordinary course of business, provide that the subpoena and the Notice of Motion (Exs. A and B) were

12    "received by Sandy Dole within the Vista real estate office. She took records next-door to Omega

13    Mortgage group and said she was giving them to Chad Phillips's wife." Service was completed 5:19

14    pm.

15    13.    I then informed attorney Ryan Gordon of successful substituted service.

16    14.    On March 7, 2024, Attorney Ryan Gordon asked our office to arrange service of a

17    Statement and a Declaration (ECF Nos. 63 and 61-1). Attorney Ryan Gordon represented to us that we

18    could send another text to Chad Phillips to try and facilitate service upon him. My office texted Mr.

19    Phillips that "our office had legal documents for the *EL vs Jerry Fernandez* case" and asked if he is

20    "willing to meet to accept addl documents."

21    15.    Mr. Phillips responded by asking what the case was about and he represented he didn't

22    recognize the names.

23    16.    I replied that it is regards to the "goat case." He stated he had already been served with

24    the prior documents and that it is not their goat and they did not buy it.

25    17.    I replied to Mr. Phillips with a note from Attorney Ryan Gordon which stated "I'm

26    willing to work with him. This shouldn't require court intervention. He can just give me the documents

27    he has, if any, and the issue is finished. I can then withdraw the motion against him."

28

DECLARATION OF ERIKA PATTERSON

17.     I replied to Mr. Phillips with a note from Attorney Ryan Gordon which stated "I'm willing to work with him. This shouldn't require court intervention. He can just give me the documents he has, if any, and the issue is finished. I can then withdraw the motion against him."

18.     Mr. Phillips then called me at 2:56 pm on March 7, 2024, and stated over the phone that he has "nothing to do with this case and is not interested in meeting to be given the additional documents."

19.     My office advised Attorney Ryan Gordon of Mr. Phillip's response.

20.     Attorney Ryan Gordon asked Ms. Williams to attempt to deliver documents (ECF 63 and 61-1) to Vista Real Estate at 3645 Eureka Way in Redding. My office attempted delivery on March 7, 2024 at 4:45 pm. My company records indicate that no one answered, the door was locked and no one was visible inside.

21.     Based on my experience as a process server, and based on my communications with, and our many attempts to serve, Chad Phillips of Vista Real Estate, he is purposefully avoiding service and will not cooperate.


I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 7, 2024.

By: _____
                Erika Patterson.

4

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| | | |
|---|---|---|
| E.L., et al. | ) | |
| *Plaintiff* | ) ) | |
| v. | ) ) | Civil Action No.  2:22-cv-01527-DAD-AC |
| Lieutenant Jerry Fernandez, et al. | ) ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
                    Custodian of Records, Vista Real Estate

*(Name of person to whom this subpoena is directed)*

        ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  All records related to any goat meat you acquired from, or that related to, the Shasta District Fair & Event Center between June 25, 2022, and September 1, 2022. This includes records of any goat meat you acquired from the 2022 Junior Livestock Auction at the Shasta District Fair, or documents from 3rd parties such as butchers.

| Place:  Challe, Fisher & Morfin, 1828 South Street, Redding, CA. 96001 | Date and Time:<br>            February 28, 2024, at 3:00pm |
|---|---|

        ❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        02/23/2024

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Ryan Gordon
407 N. Pac. Coast Hwy., #267, Redondo Beach, CA 90277
_____ , who issues or requests this subpoena, are:
rgordon@advancinglawforanimals.org, 949 375 2099

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-01527-DAD-AC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

RYAN R. GORDON (SBN 278414)
VANESSA T. SHAKIB (SBN 287339)
**ADVANCING LAW FOR ANIMALS**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Tel: (202) 996-8389
rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

DANIEL J. KOLDE, ESQ.
**LAW OFFICES OF DANIEL J. KOLDE**
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel: 636.675.5383
Email: daniel.kolde.law@gmail.com
(*pro hac vice application to be filed*)

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN  DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,<br><br>               Plaintiffs,<br><br>     v.<br><br>LIEUTENANT JERRY FERNANDEZ, individually and in his individual capacity as Sheriff for the County of Shasta; DETECTIVE JACOB DUNCAN, individually and in his individual  capacity as Sheriff for the County of Shasta; DETECTIVE JEREMY ASHBEE, individually and in his individual capacity as Sheriff for the County of Shasta; SHASTA DISTRICT FAIR AND EVENT CENTER, a district agricultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual capacity; BJ MACFARLANE, in his individual capacity; KATHIE MUSE, in her individual and official capacity, and DOES 1 through 10,<br><br>               Defendants. | Case No. 2:22-cv-01527-DAD-AC<br><br>**PLAINTIFF JESSICA LONG'S NOTICE OF AND MOTION TO COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS FROM NON-PARTY VISTA REAL ESTATE**<br><br>Trial Date: March 24, 2025<br><br>Action Filed: August 31, 2022<br><br><br>Date:        March 20, 2024<br>Time:       10:00 am<br>Courtroom:  26, 8th Floor<br>Magistrate:  Hon. Allison Claire |

1

**ADVANCING LAW FOR ANIMALS**

1    **PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 45 and the Eastern

2    District of California's Local Rule 251, on March 20, 2024, at 10:00 a.m., in Courtroom 26 (8th floor)

3    of the United States District Court for the Eastern District of California at 501 I Street, Sacramento,

4    California 95914, before the Honorable Magistrate Judge Allison Claire, Plaintiff Jessica Long does

5    and will move this Court for an order compelling production of documents subpoenaed and withheld

6    from production by Non-Party Vista Real Estate —i.e., All records related to any goat meat Vista Real

7    Estate acquired from, or that related to, the Shasta District Fair & Event Center between June 25, 2022,

8    and September 1, 2022. This includes records of any goat meat you acquired from the 2022 Junior

9    Livestock Auction at the Shasta District Fair, or documents from 3rd parties such as butchers.  The

10   grounds for this motion, including substantive argument, declarations, and exhibits in support will be

11   contained in and attached to the forthcoming Joint Statement re Discovery Disagreement, pursuant to

12   Local Rule 251(c), or forthcoming motion to compel.

13         Counsel for Mrs. Long certify they engaged in the meet and confer obligations imposed by

14   local rule and will explain such compliance in declarations accompanying the forthcoming Joint

15   Statement and/or memorandum in support of motion.

16

17                                    **ADVANCING LAW FOR ANIMALS**

18   Dated:  February 28, 2024                 By:___/s/Ryan Gordon_____

                                          Ryan Gordon

19                                          Vanessa Shakib

20                                          Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

PLAINTIFF JESSICA LONG'S NOTICE OF MOTION