RYAN R. GORDON (SBN 278414)
VANESSA T. SHAKIB (SBN 287339)
**ADVANCING LAW FOR ANIMALS**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Tel: (202) 996-8389
rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

DANIEL J. KOLDE, ESQ.
**LAW OFFICES OF DANIEL J. KOLDE**
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel: 636.675.5383
Email: daniel.kolde.law@gmail.com
(*pro hac vice application to be filed*)

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,<br>　　　　　Plaintiffs,<br>　v.<br>LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual capacity; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district agricultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual and official capacity; BJ MACFARLANE, in his individual and official capacity; KATHIE MUSE, in her individual and official capacity, and DOES 1 through 10,<br>　　　　　Defendants. | Case No. 2:22-cv-01527-DAD-AC<br><br>**JOINT STIPULATION TO CONTINUE DISCOVERY AND MODIFY SCHEDULING ORDER**<br><br>[*[Proposed] Order filed and electronically lodged concurrently pursuant to L.R. 137*]<br><br>Trial Date: March 24, 2025<br><br>Action Filed: August 31, 2022 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS:**

Plaintiffs, by and through their counsel of record Ryan Gordon and Vanessa Shakib, Defendants the County of Shasta, Shasta County Sheriff's Department, Lieutenant Jerry Fernandez, Detective Jacob Duncan, and Detective Jeremy Ashbee (collectively, the "County Defendants"), by and through their counsel of record Damian Northcutt, Defendants the Shasta District Fair and Event Center (SDF), Melanie Silva, and B.J. MacFarlane (collectively, the "Fair Defendants"), by and through their counsel of record John Bridges, and Defendant Kathie Muse, by and through her counsel Ralph Collins, stipulate to continue discovery and modify the scheduling order in this case as set forth below. Fed. R. Civ. Proc., Rules 6(b)(1) and 16(b)(4), E.D. Cal. L.R. 144(d).

WHEREAS, on August 31, 2022, Plaintiffs filed the instant action and operative complaint (the "Complaint") for federal Constitutional violations;

WHEREAS, on March 2, 2023, Plaintiffs filed a First Amended Complaint (FAC) adding additional state causes of action against the existing Defendants as well as adding state and federal causes of action against SDF, as well as its employees, Melanie Silva, and B.J. Macfarlane;

WHEREAS, following the filing of the FAC, Plaintiffs diligently conducted written discovery and depositions for several months;

WHEREAS, Plaintiffs conducted the depositions of Defendants Lieutenant Fernandez, Detective Duncan, Detective Ashbee, and PMK Captain Gunsauls on August 21-23, 2023, and October 4, 2023, and Defendants conducted the deposition of Plaintiff Jessica Long on August 24, 2023;

WHEREAS, in response to discovery, on October 11, 2023, the parties again stipulated that Plaintiffs could file a Second Amended Complaint (SAC) to add a new defendant;

WHEREAS, on October 12, 2023, Plaintiffs filed their SAC, adding Kathie Muse as a Defendant;

WHEREAS, on November 7, 2023, Defendants Melanie Silva, Defendant Macfarlane, and Defendant Muse appeared in the action, filing their first responsive pleadings on that date;

WHEREAS, Plaintiffs and Defendants continued to conduct written discovery and depositions, including Plaintiffs' depositions of Defendants Kathie Muse, Melanie Silva, and B.J.

Macfarlane on November 13, 14, and 15, 2023, respectively, and Defendants' depositions of Raymond Allen, Chad Fowler, Kay Deloza on November 6, 7, and 17, 2023, respectively;

WHEREAS, on November 16, 2023, pursuant to the parties' stipulation, the Court continued various case dates including, but not limited to, ordering that the parties' discovery cutoff be extended from November 24, 2023 to February 23, 2024, and that the trial date be continued from October 7, 2024, to February 10, 2025;

WHEREAS, on February 6, 2023, pursuant to the parties' stipulation, the Court continued various case dates including, but not limited to, ordering that the parties' discovery cutoff be extended from February 10, 2024 to March 24, 2024, and that the trial date be reset from February 10, 2025 to March 25, 2025, ECF 50;

WHEREAS, since the previous stipulation agreed upon by the parties on about February 5, 2024, and ordered by the Court on February 6, 2024, the parties have continued to engage in discovery in good faith, and have continued to meet and confer in good faith regarding various outstanding discovery issues. Those discovery efforts included, for example, concluding the depositions of Plaintiff Jessica Long, Defendant Melanie Silva, and Defendant B.J. Macfarlane, on February 8-9, 2024, as well as submitting multiple subpoenas to nonparties for phone and business records;

WHEREAS, since the previous two stipulations agreed upon by the parties and ordered by the Court, Plaintiffs have continued to diligently litigate their case, including discovery as described above, and additionally filing an omnibus Anti-SLAPP Motion to Strike Counterclaims of Melanie Silva and B.J. Macfarlane along with supporting evidence, ECF No. 39; a Motion to Dismiss Counterclaims of Melanie Silva and B.J. Macfarlane, ECF No. 40; meeting and conferring with counsel for Fair Defendants regarding the deposition of Plaintiff E.L., a minor; meeting and conferring with counsel for Fair Defendants and County Defendants regarding a possible Third Amended Complaint; meeting and conferring with counsel for Fair Defendants and County Defendants regarding depositions of Sheriff Michael Johnson, District Attorney Stephanie Bridgett, California Department of Food and Agriculture (CDFA) Deputy Secretary Michael Flores, and CDFA Fairs and Expositions Branch Chief Mike Francesconi; conducting discovery on non-parties, including non-party document subpoenas; meeting and conferring around outstanding discovery in

advance of filing various Notices of Motions to Compel, ECF Nos. 51-59; and meeting and conferring with regard to and filing Statements in Support of Motions to Compel regarding outstanding discovery and third-party document subpoenas, ECF Nos. 61-63.

WHEREAS, through conducting this discovery and engaging with each other cordially to complete discovery and resolve the discovery dispute, the parties have established their diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992);

WHEREAS, despite the Parties' diligence in conducting discovery, the Parties are unable to complete discovery in the time frame provided by the scheduling order, establishing good cause for the cited requested continuance. Specifically, Plaintiffs are awaiting certain phone records from Verizon and AT&T which, if obtained, may potentially obviate or narrow the need for certain depositions and conserve the parties resources; Plaintiffs' expert in psychology has suffered multiple medical events and is currently unresponsive, thus requiring Plaintiffs to seek a new expert to aid their pending meet and confer over the deposition of minor E.L.; as Plaintiffs are seeking a new expert in psychology, Plaintiffs ability to conclude meeting and conferring over the deposition of E.L. with counsel for Fair Defendants has been delayed; and Plaintiffs are meeting and conferring over various outstanding discovery issues with counsel for County Defendants, including discovery involving Sheriff Michael Johnson and District Attorney Stephanie Bridgett, for whom counsel for County Defendants is making apex objections, among others;

WHEREAS, to accommodate the above issues, subject to all parties' reservation of rights to petition the court for additional discovery if the need arises, the parties agree to a short 60-day extension of fact discovery for the following purposes: *first*, for Plaintiffs to determine which individuals, if any, at the Shasta County Sheriff's Department, Shasta County District Attorney's Office, and/or CDFA were involved in the decision to kill Cedar; and *second*, to conclude meeting and conferring over, and resolve the issue of, the deposition of E.L., a minor.

WHEREAS, in accomplishing the above, with respect to the Fair Defendants, the Plaintiffs and the Fair Defendants agree to continue discovery so: (1) Plaintiffs may ascertain and review phone records currently the subject of subpoenas and not yet produced; (2) the parties will meet and confer over the potential depositions of Mike Francesconi and/or Michael Flores; (3) if warranted, Plaintiffs

may potentially conduct discovery on Mr. Francesconi and/or Mr. Flores; (4) Plaintiffs may retain a replacement psychology expert and then meet and confer with the Fair Defendants of the potential deposition of E.L.; (5) Plaintiffs and the Fair Defendants may meet and confer over potential Rule 35 examinations of E.L.; and (6) the parties may bring motions to compel, or otherwise seek court orders, with respect to the foregoing.

WHEREAS, in accomplishing the above, with respect to counsel for County Defendants, the Plaintiffs and the County Defendants agree to (1) meet and confer regarding the declarations and potential depositions of Shasta County Sheriff Mike Johnson and Shasta County District Attorney Stephanie Bridgett, (2) meet and confer over prior discovery responses; (3) potentially propound up to two sets of discovery on the County Defendants; (4) issue up to three records subpoenas related to County Defendants or County employees and/or agents; (5) conduct up to two depositions on County Defendants or County employees and/or agents; and (6) the parties may bring motions to compel, or otherwise seek court orders, with respect to the foregoing. This agreement does not in any way waive any rights of the County Defendants to assert objections, bring discovery motions, seek protective orders, or seek other relief from the Court.

The parties further stipulate that any additional discovery not identified in this stipulation requires further stipulation by the parties affected or a court order, which may be issued for good cause.

WHEREAS, to accomplish the foregoing, the parties agree that a short extension of 60 days for fact discovery, as well as corresponding extensions to expert discovery and motion practice. However, the trial date should remain as is;

WHEREAS, the parties now stipulate to following modifications to the scheduling order to facilitate a timely completion of non-expert discovery and expert discovery. Nothing in this stipulation shall prejudice their rights to enter into further stipulations regarding these issues;

NOW, THEREFORE, BASED ON THE FOREGOING FACTS, IT IS STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiffs and Defendants, that:

1. The deadline for fact discovery is continued from March 25, 2024 to May 24, 2024, subject to the limitations above which are incorporated herein by reference;

2. The deadline to exchange expert disclosures is continued from April 8, 2024 to June 7, 2024,

3. The deadline to exchange rebuttal expert disclosures is continued from April 29, 2024 to June 28, 2024;

4. The deadline to complete expert discovery shall be continued from May 27, 2024 to July 26, 2024; and

5. The motion cutoff deadline is continued from August 8, 2024 to October 8, 2024.

IT IS SO STIPULATED.

Respectfully submitted,

Dated: March 14, 2024    **ADVANCING LAW FOR ANIMALS**

By:    /s/Ryan R. Gordon
Ryan Gordon
Vanessa Shakib
Attorneys for Plaintiffs

Dated: March 14, 2024    **CALIFORNIA DEPARTMENT OF JUSTICE**

By:    /s/John C. Bridges
John C. Bridges
Attorneys for Defendants Shasta District Fair Association, Melanie Silva, and B.J. Macfarlane

Dated: March 14, 2024    **BEST BEST & KRIEGER LLP**

By:    /s/Damian A. Northcutt
Christopher M. Pisano
Damian A. Northcutt
Attorneys for Defendants Lieutenant Jerry Fernandez, Detective Jacob Duncan, and Detective Jeremy Ashbee

Dated: March 14, 2024

**REESE, SMALLEY, WISEMAN & SCHWEITZER, LLP**

By: /s/Ralph Collins
Ralph Collins
Attorneys for Defendant Kathie Muse