1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  E.L., a minor, by and through her general          No.  2:22-cv-01527 DAD AC
    guardian, JESSICA LONG; JESSICA
12  LONG, an individual,

13                    Plaintiffs,                       ORDER

14           v.

15  LIEUTENANT JERRY FERNANDEZ,
    individually and in his individual capacity
16  as Sheriff for the County of Shasta, et al.,

17                    Defendants.

18

19       This matter is before the court on plaintiff's motion to compel responses to a Fed. R. Civ.

20  P. 45 third-party subpoenas issued to non-party Vista Real Estate (ECF No. 52) requesting "All

21  records related to any goat meat you acquired from, or that related to, the Shasta District Fair &

22  Event Center between June 25, 2022, and September 1, 2022."  ECF No. 63 at 2.  This discovery

23  motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1).

24                        **I.       Relevant Background**

25       On August 31, 2022, Jessica Long and her minor daughter E.L. filed the underlying civil

26  rights action.  ECF No. 1.  The complaint was amended on March 2, 2023, and again on October

27  12, 2023.  ECF Nos. 16, 25 (Second Amended Complaint or "SAC").  The SAC includes claims

28  against Shasta District Fair & Events Center ("SDF") CEO Ms. Silva, SDF Livestock Manager

                                           1

Defendant B.J. Macfarlane, and 4-H representative Mrs. Muse, and for § 1983 for violations of

the Fourth Amendment, ¶¶ 105-110, violations of the Fourteenth Amendment, ¶¶ 111-115, and

First Amendment Viewpoint Discrimination, ¶¶ 181-188, with additional claims against the

County of Shasta, Shasta County Sheriff's Department, Lieutenant Fernandez, Detective Duncan,

and Detective Ashbee for constitutional violations and other state law claims.  See generally ECF

No. 25 (SAC).  Plaintiffs' claims center on the wrongful search and seizure of Plaintiffs' goat,

Cedar, who they allege was then ultimately slaughtered without notice and opportunity to be

heard in violation of their rights.

The instant discovery dispute arises from plaintiffs' attempt to subpoena documents held

by non-party Vista Real Estate, the entity that allegedly received Cedar's meat.  ECF No. 63 at 7.

The subpoena to non-party Vista Real Estate requests, "All records related to any goat meat you

acquired from, or that related to, the Shasta District Fair & Event Center between June 25, 2022,

and September 1, 2022.  This includes records of any goat meat you acquired from the 2022

Junior Livestock Auction at the Shasta District Fair, or documents from 3rd parties such as

butchers."  Gordon Declaration filed concurrently with ECF No. 61-1 (hereinafter, "Gordon

Decl.") ¶ 51, Ex. 18.  Service was attempted on February 23, 2022.  According to the process

service, Chad Phillips, the putative principal of Vista Real Estate, initially responded but then

became nonresponsive and evaded service over the following days.  Id.  He was ultimately served

on February 29, 2022, with both subpoena and the notice of motion.  No objection or other

response to the subpoena was received.  ECF No. 63 at 2.

## II.    Analysis

### A.  Legal Standard

Federal Rule of Civil Procedure 45 allows a party to a lawsuit to serve a subpoena that

commands a non-party to "produce documents, electronically stored information, or tangible

things ..."  Fed. R. Civ. P. 45(a)(1)(C).  A court must modify or quash such a subpoena that fails

to allow a reasonable time to comply, requires a person to travel more than 100 miles (except for

trial within the state), requires disclosure of privileged or other protected materials, or subjects a

person to undue burden.  See Fed. R. Civ. P. 45(d)(3)(A) (i-iv).  Rule 45 further provides that a

1    court may modify or quash a subpoena when the subpoena requires the disclosure of a "trade

2    secret or other confidential research, development, or commercial information." See Fed. R. Civ.

3    P. 45(d)(3)(B).

4           The Federal Rules limit the scope of subpoenas by the relevance standards set forth in

5    Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any

6    nonprivileged matter that is relevant to any party's claim or defense"), and the considerations of

7    burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1).  "In

8    evaluating whether a subpoena is unduly burdensome, the court balances the burden imposed on

9    the party subject to the subpoena by the discovery request, the relevance of the information

10   sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's

11   need for the information."  Wahoo Int'l, Inc. v. Phix Doctor, Inc., No. 13CV1395-GPC BLM,

12   2014 WL 3573400, at *2 (S.D. Cal. July 18, 2014) (internal citations omitted).  Rule 26 also

13   includes an explicit proportionality requirement; discovery must be proportional to the needs of

14   the case.  Fed. R. Civ. P. 26(1).  This proportionality limitation applies to Rule 45 subpoenas to

15   non-parties.  St. Jude Medical S.C., Inc. v. Janssen-Counotte, 305 F.R.D. 630, 637 (D. Ore.

16   2015).  Moreover, non-parties subject to a subpoena duces tecum "deserve extra protection from

17   the courts."  High Tech Medical Instrumentation v. New Image Indus., 161 F.R.D. 86, 88 (N.D.

18   Cal. 1995) (citing United States v. Columbia Broadcasting System, 666 F.3d 364, 371-72 (9th

19   Cir. 1982).

20       B.  Vista Real Estate Did Not Object to the Subpoenas and Compliance is Compelled

21          The recipient of a subpoena may object, or move to quash or modify it.  Fed. R. Civ. P.

22   45(c)(2), 45(c)(3).  "The district court has wide discretion in controlling discovery" and "will not

23   be overturned unless there is a clear abuse of discretion."  Little v. City of Seattle, 863 F.2d 681,

24   685 (9th Cir.1988).

25          Here, Vista Real Estate did not move to quash the subpoena or make any filing with the

26   court.  The motion to compel was properly served, and Vista Real Estate chose not to oppose the

27   motion.  ECF No. 63 at 2.  Seeing no opposition or any clear impropriety regarding the subpoena,

28   ////

3

1    the motion to compel will be GRANTED and Vista Real Estate will be required to comply with

2    the subpoena.

3                              **III.    Conclusion**

4          For all reasons set forth above, the motion to compel at ECF No. 52 is GRANTED and

5    third-party Vista Real Estate is required to comply, in full, with the subpoena at issue within 7

6    days of this order.

7          IT IS SO ORDERED.

8    DATED: March 21, 2024

9                                    _____

                                     ALLISON CLAIRE
10                                   UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         4