UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LIEUTENANT JERRY FERNANDEZ, individually and in his individual capacity as Sheriff for the County of Shasta, et al.,<br><br>Defendants. | No. 2:22-cv-01527 DAD AC<br><br>ORDER |

This matter is before the court on plaintiff's motions to compel responses to three Fed. R. Civ. P. 45 third-party subpoenas issued to Verizon Wireless for various phone records. ECF Nos. 54, 55, 56. These discovery motions are before the undersigned pursuant to E.D. Cal. R. 302(c)(1).

**I.     Relevant Background**

On August 31, 2022, Jessica Long and her minor daughter E.L. filed the underlying civil rights action. ECF No. 1. The complaint was amended on March 2, 2023, and again on October 12, 2023. ECF Nos. 16, 25 (Second Amended Complaint or "SAC"). The SAC includes claims against 4-H representative Kathie Muse and Shasta District Fair & Events Center ("SDF") CEO Melanie Silva, among other defendants, for various alleged constitutional violations stemming

1

from the wrongful search and seizure of plaintiffs' goat, Cedar, who they allege was then ultimately slaughtered without notice and opportunity to be heard in violation of plaintiffs' rights. ECF No. 25, 63 at 2. The instant discovery disputes arise from plaintiffs' attempt to subpoena the cell phone records of Muse (ECF No. 56) and Silva (ECF Nos. 54 (work phone), 55 (personal phone) from third-party Verizon. Plaintiffs filed a statement related to the Muse records that did not contain input from Verizon or Muse. Plaintiffs wrote that "On or about January 19, 2024, Plaintiffs' counsel spoke to a Verizon representative, who stated that any subpoenas for cellular records needed to be faxed to (888) 667-0028 . . On February 20, 2024, on Plaintiffs' counsel served Verizon with a subpoena for Mrs. Muse's personal cell . . . Verizon did not respond to that subpoena. . . . Additionally, Mrs. Muse's counsel did not object to, move to quash, or otherwise respond to Plaintiffs' counsel regarding the subpoena at issue." ECF No. 62 at 2.

With respect to Silva's records, plaintiff states that it served Verizon with a subpoena for the records and Verizon responded in writing on March 6, 2024, stating that it would not produce any records absent a court order. ECF No. 61 at 2; ECF No. 61-18. Counsel for Silva did not provide language for inclusion in the submitted joint statement (ECF No. 61 at 13) but plaintiffs report that Ms. Silva's attorney voiced objections to the subpoenas based on privacy, relevance, and overbreadth. ECF No. 61 at 12.

## II.    Analysis

A. Legal Standard

Federal Rule of Civil Procedure 45 allows a party to a lawsuit to serve a subpoena that commands a non-party to "produce documents, electronically stored information, or tangible things ..." Fed. R. Civ. P. 45(a)(1)(C). A court must modify or quash such a subpoena that fails to allow a reasonable time to comply, requires a person to travel more than 100 miles (except for trial within the state), requires disclosure of privileged or other protected materials, or subjects a person to undue burden. See Fed. R. Civ. P. 45(d)(3)(A) (i-iv). Rule 45 further provides that a court may modify or quash a subpoena when the subpoena requires the disclosure of a "trade secret or other confidential research, development, or commercial information." See Fed. R. Civ. P. 45(d)(3)(B).

The Federal Rules limit the scope of subpoenas by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"), and the considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1). "In evaluating whether a subpoena is unduly burdensome, the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information." Wahoo Int'l, Inc. v. Phix Doctor, Inc., No. 13CV1395-GPC BLM, 2014 WL 3573400, at *2 (S.D. Cal. July 18, 2014) (internal citations omitted). Rule 26 also includes an explicit proportionality requirement; discovery must be proportional to the needs of the case. Fed. R. Civ. P. 26(1). This proportionality limitation applies to Rule 45 subpoenas to non-parties. St. Jude Medical S.C., Inc. v. Janssen-Counotte, 305 F.R.D. 630, 637 (D. Ore. 2015). Moreover, non-parties subject to a subpoena duces tecum "deserve extra protection from the courts." High Tech Medical Instrumentation v. New Image Indus., 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing United States v. Columbia Broadcasting System, 666 F.3d 364, 371-72 (9th Cir. 1982).

B. <u>Defendants Silva and Muse Did Not Oppose the Subpoenas</u>

In general, "a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." California Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014). Neither defendant Silva nor defendant Muse attempted to quash the subpoenas issued to Verizon, and neither raised any objections to the motions to compel. Accordingly, there is no basis to deny the motions to compel based on any information provided by Silva or Muse. Nor does the court find of its own volition that the subpoenas implicate any obviously privileged information or irrelevant information.

C. <u>Verizon Did Not Properly Object to the Subpoenas</u>

The recipient of a subpoena may object, or move to quash or modify it. Fed. R. Civ. P. 45(c)(2), 45(c)(3). "The district court has wide discretion in controlling discovery" and "will not

3

1  be overturned unless there is a clear abuse of discretion." Little v. City of Seattle, 863 F.2d 681,
2  685 (9th Cir. 1988).
3      Here, Verizon did not move to quash the subpoenas or make any filing with the court.
4  The motions to compel were served upon Verizon (ECF Nos. 54 at 3, 55 at 3, 56 at 3), and
5  Verizon chose not to not to oppose them.  Seeing no opposition to the motions, the motions will
6  be GRANTED and Verizon will be required to comply with the subpoenas.

### III.  Conclusion

    For all reasons set forth above, the motions to compel at ECF Nos. 54, 55, and 56 are GRANTED and third-party Verizon is required to comply, in full, with the subpoenas at issue within 10 days of this order.

    IT IS SO ORDERED.

DATED: March 21, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE