ROB BONTA, State Bar No. 202668
Attorney General of California
CATHERINE WOODBRIDGE, State Bar No. 186186
Supervising Deputy Attorney General
JOHN C. BRIDGES, State Bar No. 248553
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7529
 Fax:  (916) 322-8288
 E-mail:  John.Bridges@doj.ca.gov
*Attorneys for Defendants State of California, by and through the 27th District Agricultural Association, Melanie Silva, and B.J. MacFarlane*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,**<br><br>Plaintiffs,<br><br>v.<br><br>**LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district agricultural association, COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual capacity; BJ MACFARLANE, in his individual capacity; and DOES 1 through 10,**<br><br>Defendants. | 2:22-CV-01527 DAD AC<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO VERIZON WIRELESS AND FOR A PROTECTIVE ORDER**<br><br><br>Judge:   Honorable Dale A. Drozd<br>Trial Date:   March 24, 2025<br>Action Filed:  August 31, 2022 |

1

PLEASE TAKE NOTICE that non-party putative witness Michael Flores, Deputy Secretary of the California Department of Food and Agriculture (hereinafter "Secretary Flores"), hereby does and will move the court on **Wednesday, July 10, 2024, at 10:00 a.m. in Courtroom 28,** for an order quashing the Deposition Subpoena that is directed to Verizon Wireless, dated May 6, 2024, and for a protective order.  The motion is based on the ground that the subpoena should be quashed pursuant to the Federal Rules of Civil Procedure, Rule 45(d)(3)(A)(iii) and (iv), because it improperly seeks the cellular telephone records of a high ranking government official without demonstrating "exceptional circumstances" or that the information cannot be obtained through other means or less intrusive discovery.  Secretary Flores also seeks a protective order that plaintiffs not make further attempts to obtain the personal records of Secretary Flores without first demonstrating to the court these prerequisites for subpoenaing records of high ranking government officials and also that any information sought would not be protected by the attorney-client, executive, and deliberative process privileges and/or any other legal grounds.  This motion is based on this notice of motion and motion, the following memorandum of points and authorities, the Declaration of John Bridges, the papers on file in this action, and such other papers and oral presentation as may be submitted to the court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

Plaintiff recently served the California Department of Food and Agriculture with a subpoena to Verizon Wireless for the cellular telephone records of Secretary Flores in this action. A copy of the subpoena is attached as Exhibit "A" to the Declaration of John Bridges filed herewith.

Michael Flores is the Deputy Secretary of California Department of Food and Agriculture (hereinafter "CDFA").  Neither Secretary Flores nor CDFA are parties to this action.  As the Deputy Secretary of CDFA, Secretary Flores reports directly to the Secretary of CDFA.  (Bridges Decl., ¶ 2.)

This is a lawsuit against officials and employees of the Shasta District Fair, the Shasta County Sheriff's Department, and Kathie Muse, a private individual, related to the theft of

property at the Shasta District Fair in 2022.  Plaintiffs' counsel contacted counsel for the Shasta District Fair and informally asked to take the deposition of Secretary Flores to determine what involvement, if any, he had in the underlying incident.  Defense counsel produced Secretary Flores voluntarily, and the deposition took place on May 21, 2024.  Based upon Secretary Flores' deposition testimony, he had no involvement in the subject incident aside from a handful of telephone calls to the CEO of the Shasta District Fair, who apprised him of the situation.  He had no further involvement in the subject incident.  Moreover, plaintiffs have obtained the phone records of the CEO of the Shasta District Fair and corroborated the handful of telephone calls identified by Secretary Flores in his deposition.

## ARGUMENT

**I.    THIS COURT HAS AUTHORITY TO QUASH THE SUBPOENA.**

Following a "timely motion, the court . . . shall quash or modify a subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or waiver applies, or . . . subjects a person to undue burden." (Fed.R.Civ.P., Rule 45(d)(3)(A)(iii), (iv).)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. (*Id*., Rule 45(c)(1).)  The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, reasonable attorney fees. (Id.)  Federal Rules of Civil Procedure, Rule 45, was amended to clarify and enlarge the protections afforded persons who are required to assist the court by giving information or assistance. (Advisory Committee Notes to 1991 Amendments, "Purposes of Revision".)

It is difficult to conceive of how the instant subpoena could seek admissible evidence or be reasonably calculated to lead to the discovery of admissible evidence.  Additionally, as will be shown, the instant subpoena violates the fundamental discovery rule that a party seeking to depose or obtain records from a high government official must first demonstrate "exceptional circumstances" and show that any relevant, non-privileged information sought by that party cannot be obtained through less intrusive means.  Finally, even if Secretary Flores' cellular telephone records could provide information relevant to this case, those records would likely

contain information protected by the attorney-client, deliberative process, and executive privileges.  Accordingly, the Federal Rules of Civil Procedure mandate that this court "shall quash or modify" the instant subpoena.  In addition, this court should enter a protective order that plaintiff not attempt to obtain personal records of Secretary Flores without first demonstrating the prerequisites for deposing high government officials and without first showing that these records would not be protected by the attorney-client, executive, and deliberative process privileges, and/or other grounds.

## II. THE SUBPOENA DOES NOT SEEK DISCOVERABLE INFORMATION.

The Federal Rules of Civil Procedure, Rule 26(b)(1), limit the scope of permissible discovery to "any matter, not privileged, which is relevant to the subject matter involved in the pending action," and to information which appears "reasonable calculated to lead to the discovery of admissible evidence."   It is difficult to conceive of how the instant subpoena could seek admissible evidence or be reasonably calculated to lead to the discovery of admissible evidence.

As noted above, counsel for plaintiffs apparently desires to review the cellular telephone records of Secretary Flores in search of telephone calls to or from unidentified third-party telephone numbers.  Essentially, the records are sought on a hunch that Secretary Flores may have called someone other than the CEO about the incident.  However, the records do not establish who was on the other end of the call, what was discussed, or even that Secretary Flores was the individual who placed the call from his own cellular phone.  Telephone calls made to legal counsel, the Secretary of CDFA, or other government officials involved in deliberative decision-making discussions related to this case, or any other State business, is privileged and irrelevant.  Plaintiffs' counsel has not, and likely cannot, provide a legitimate basis for seeking the subpoenaed records, especially after taking the deposition of Secretary Flores.

## III. PLAINTIFFS IMPROPERLY SEEK THE RECORDS OF A HIGH GOVERNMENT OFFICIAL.

Heads of government agencies are not normally subject to deposition.  (*Kyle Engineering Co. v. Kleppe* (9th Cir. 1979) 600 F.2d 226, 231.)  Exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted.  (*Federal Deposit Ins. Corp. v. 11,950 Acres, More or Less, Located in Cameron County, Texas* (5th Cir. 1995) 58 F.3d 1055,

1060.)  Here, Secretary Flores agreed to sit for a deposition in the interest of establishing his lack of involvement in the subject incident.  The grounds for preventing his deposition equally apply to a subpoena for his cellular telephone records, and in fact, are enhanced by the fact that the information sought in the records was obtained through less invasive means (e.g. his deposition).  It is an abuse of a trial court's discretion to deny a motion to quash the depositions of the personal records of senior officials in the absence of such "exceptional circumstances."  (*Id*.)  In ruling on such motions, the court must consider the high-ranking status of the deponents, the potential burden that the depositions would impose upon them, and the substantive reasons for taking the depositions.  (See id.)  Courts have expressly indicated that simply scheduling the depositions at the convenience of the witnesses does not alleviate the legal bar to their depositions.  (*Id*., at 1060 n. 8.)

Even where permitted, a top government official can be deposed, or have his personal records sought via subpoena, only upon a showing that the information to be gained from such a subpoena is not available through any other source.  (*Church of Scientology v. I.R.S, supra*, 138 F.R.D. at 12 (citing authority); see *Nagle v. Superior Court* (1994) 28 Cal.App.4th 1465, 1467 (Director of California Employment Development Department and former director of California Department of Health Services immune from deposition under federal discovery law where information can be "investigated through other sources and through much less burdensome means").)

Plaintiff has not revealed what information he is seeking, much less that "exceptional circumstances" exist for the subpoena.  Furthermore, the information was already obtained through discovery by way of the voluntary deposition of Secretary Flores.  The instant subpoena must be quashed and a protective order issue.

**IV.   A PROTECTIVE ORDER SHOULD BAR SECRETARY FLORES' RECORDS FROM BEING PRODUCED SUBJECT TO SUBPOENA UNLESS PLAINTIFF CAN FIRST DEMONSTRATE THAT HE IS ENTITLED TO THE RECORDS.**

A protective order is appropriate where, as here, a party must satisfy certain prerequisites before obtaining the personal records of a non-party witness.  (*Boughton v. Cotter Corporation* (10th Cir., 1995) 65 F.3d 823, 828-831.)  In *Boughton*, plaintiffs sought to depose outside counsel

for a party, which requires, inter alia, a showing, similar to burden on plaintiff here, that the information cannot be obtained through less intrusive means. (*Id*.) In ruling on a protective order precluding the deposition, the court properly required plaintiffs to articulate the subject matter of the proposed areas of inquiry, reviewed the legitimacy of those grounds, and determined that plaintiffs had not demonstrated sufficient efforts to obtain the information through other means. (Id.) Entry of a similar order is required here. As shown supra, plaintiff must demonstrate "exceptional circumstances" in order to obtain the cellular telephone records of Secretary Flores, and that the information cannot be obtained through other means. This court should order that plaintiff refrain from attempting to subpoena the personal records of Secretary Flores until plaintiff has made those showings.

In addition, the cellular telephone records of Secretary Flores contain telephone numbers of other high-ranking government officials, the disclosure of which would be unduly burdensome and potentially lead to undue harassment. Depending on the grounds for Sectretary Flores' cellular telephone records articulated by plaintiff, there may be other reasons why the records should not be produced. A protective order requiring plaintiff to articulate the reasons for the instant subpoena (or any future attempts to obtain the records of Secretary Flores) would allow the putative witness to assert these privileges and any other reason why his records should not be produced pursuant to subpoena.

**CONCLUSION**

Plaintiff cannot demonstrate the "exceptional circumstances" that are required to obtain the records of a high ranking government official. Nor can plaintiff demonstrate that any information could not be obtained through less intrusive means. Finally, even if plaintiff was permitted to obtain the records of Secretary Flores, privileges or other grounds would likely bar any conceivable admissibility of those records. For the reasons set forth above, this court should issue an order quashing the subpoena to Verizon Wireless for the cellular telephone records of Secretary Flores and enter a protective order prohibiting plaintiff from attempting to subpoena the persona records of Secretary Flores until plaintiff can make a showing that plaintiff is entitled to

those records and, following any such showing, also give the putative witness the opportunity to assert specific reasons why the records should not be produced.

Dated:  June 5, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

/s/ John C. Bridges

JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants State of California, by and through the 27th District Agricultural Association, Melanie Silva, and B.J. MacFarlane*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **E.L., a minor and Jessica Long v. Lieutenant Jerry Fernandez, et al.** | No. | **2:22-CV-01527 DAD AC** |

I hereby certify that on <u>June 5, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO VERIZON WIRELESS AND FOR A PROTECTIVE ORDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 5, 2024</u>, at Fresno, California.

| V. Pampenelli | */s/ **V. Pampenelli*** |
|---|---|
| Declarant | Signature |

SA2023302187
95571775