# EXHIBIT 14

# In The Matter Of:
*LONG vs.*
*FERNANDEZ*

*MELANIE SILVA*
*Vol. 2*
*February 9, 2024*

*Challe, Fisher & Morfin*
*1828 South Street*
*Redding, California  96001*
*(530)246-0942*
*cfmdepos@att.net*

Original File M. Silva, Vol 2.txt
**Min-U-Script® with Word Index**

```
 1                  UNITED STATES DISTRICT COURT

 2                 EASTERN DISTRICT OF CALIFORNIA

 3                      SACRAMENTO DIVISION

 4

 5  E.L., a minor, by and through    )
    her general guardian, JESSICA    )
 6  LONG; JESSICA LONG, an           )
    individual,                      )
 7                                   )
              Plaintiffs,            )  Case No.
 8  vs.                              )  2:22-cv-01527-DAD-AC
                                     )
 9  LIEUTENANT JERRY FERNANDEZ       )
    individually and in his          )
10  individual capacity as Sheriff   )
    for the County of Shasta;        )
11  DETECTIVE JACOB DUNCAN,          )
    individually and in his          )
12  individual capacity as Sheriff   )
    for the County of Shasta;        )
13  DETECTIVE JEREMY ASHBEE,         )
    individually and in his          )
14  individual capacity as Sheriff   )
    for the County of Shasta;        )
15  SHASTA DISTRICT FAIR AND EVENT   )
    CENTER, a district agricultural  )
16  association; COUNTY OF SHASTA;   )
    SHASTA COUNTY SHERIFF'S          )
17  DEPARTMENT; MELANIE SILVA, in    )
    her individual capacity; BJ      )
18  MACFARLANE, in his individual    )
    capacity; and DOES 1 through     )
19  10,                              )
                                     )
20            Defendants.            )
    _____)
21

22          VIDEO DEPOSITION OF MELANIE SILVA

23              PAGE 343-443, VOLUME II

24             FRIDAY, FEBRUARY 9, 2024

25
```

```
 1                        APPEARANCES

 2
    For the Plaintiffs:  LONG, etc.
 3
             ADVANCING LAW FOR ANIMALS
 4           407 N. Pacific Coast Highway, #267
             Redondo Beach, CA  90277
 5           (202) 996-8389
             rgordon@advancinglawforanimals.org
 6           vshakib@advancinglawforanimals.org

 7           BY:  RYAN R. GORDON, ESQ.
                  VANESSA T. SHAKIB, ESQ.
 8

 9  For the Defendant:  LIEUTENANT FERNANDEZ, etc.

10           BEST, BEST & KRIEGER
             2855 East Guasti Road, Suite 400
11           Ontario, CA  91761
             (909) 989-8584
12           damian.northcutt@bbklaw.com

13           ZOOM APPEARANCE BY:  DAMIAN A. NORTHCUTT, ESQ.

14
    For the Defendant:  SHASTA DISTRICT FAIR, etc.
15
             CALIFORNIA ATTORNEY GENERAL'S OFFICE
16           DEPARTMENT OF JUSTICE
             1300 I Street
17           Sacramento, CA  95814-2963
             (916) 210-7529
18           john.bridges@doj.ca.com

19           BY:  JOHN BRIDGES, ESQ.

20
    Also Present:  Terry Fox, Video Specialist
21

22
                      ---oOo-
23

24

25
```

## MELANIE SILVA

| | | |
|---|---|---|
| 01:38:48PM | 1 | instead" doesn't reference anything to do with Cedar? |
| 01:38:51PM | 2 | A.      I don't know. |
| 01:38:52PM | 3 | Q.      What else would it have referenced if you can |
| 01:38:55PM | 4 | think of anything else? |
| 01:38:56PM | 5 | A.      Maybe that that was said, and so I just wrote it |
| 01:39:00PM | 6 | down because it was said.  This is just doodling while |
| 01:39:04PM | 7 | I'm on a conversation. |
| 01:39:04PM | 8 | Q.      I understand, yeah.  I was not trying to imply |
| 01:39:07PM | 9 | by my question that you were saying it should have |
| 01:39:09PM | 10 | happened.  I meant the phrase, "take money instead," |
| 01:39:12PM | 11 | question mark, was in reference to the dispute with |
| 01:39:14PM | 12 | Cedar not that you were saying that was appropriate |
| 01:39:18PM | 13 | necessarily.  I'm just asking if that was in reference |
| 01:39:20PM | 14 | to it? |
| 01:39:21PM | 15 | A.      This conversation is to do with Cedar, correct. |
| 01:39:24PM | 16 | Q.      Okay.  So this phrase, "take money instead," |
| 01:39:27PM | 17 | would have been in reference to that as well? |
| 01:39:28PM | 18 | A.      It could be that she just had mentioned |
| 01:39:31PM | 19 | something about it.  I don't know. |
| 01:39:32PM | 20 | Q.      Okay.  Yeah, I'm not implying that you wrote the |
| 01:39:35PM | 21 | word, "should have," in there.  I'm just saying the |
| 01:39:37PM | 22 | "take money instead" is in reference to Cedar, correct? |
| 01:39:42PM | 23 | That's your belief? |
| 01:39:43PM | 24 | A.      Yes. |
| 01:39:44PM | 25 | Q.      ==Thank you.  All right.  Okay.==  "Mike |

**MELANIE SILVA**

| | | |
|---|---|---|
| 01:39:51PM | 1 | Francesconi."  And beneath that says "DA."  You have |
| 01:39:52PM | 2 | this circled now on the right-hand side.  "DA.  Local |
| 01:39:57PM | 3 | sheriff."  What is the word beneath that?  Says |
| 01:40:01PM | 4 | trans-something? |
| 01:40:02PM | 5 | A.     "Transpired." |
| 01:40:02PM | 6 | Q.     What are you -- what are you taking note of here |
| 01:40:05PM | 7 | in this circled portion of your notes? |
| 01:40:16PM | 8 | A.     I don't know.  I don't know why I have |
| 01:40:22PM | 9 | "transpired" there. |
| 01:40:26PM | 10 | Q.     Okay.  And "15 to 20 minutes."  Do you know what |
| 01:40:31PM | 11 | that is? |
| 01:40:31PM | 12 | A.     No. |
| 01:40:32PM | 13 | Q.     "Back owner won't press charges," what does this |
| 01:40:36PM | 14 | refer to? |
| 01:40:36PM | 15 | A.     I don't know.  "Lawyer pro bono" is you. |
| 01:40:41PM | 16 | Q.     That is me?  Okay.  All right.  You could have |
| 01:40:44PM | 17 | come up with more colorful language than that for me, |
| 01:40:48PM | 18 | come on. |
| 01:40:48PM | 19 |        All right.  Then at the bottom, what does this |
| 01:40:50PM | 20 | say at the bottom?  It's Jessica's number, and then |
| 01:40:53PM | 21 | beneath that does that say "spring" or "string"? |
| 01:40:56PM | 22 | A.     That, I think is a doodle from another |
| 01:40:59PM | 23 | conversation. |
| 01:40:59PM | 24 | Q.     And then "Lieutenant Jerry Fernandez."  But |
| 01:41:03PM | 25 | Lieutenant Jerry Fernandez is your notes in relation to |

**MELANIE SILVA**

```
02:10:01PM  1        So let's start on page two.  So you looked for
02:10:05PM  2   email correspondence with Ms. Muse regarding articles
02:10:09PM  3   concerning Cedar pending litigation.
02:10:11PM  4        I did see you produced you said an article that
02:10:14PM  5   Ms. Muse sent to you and an email, I believe, correct?
02:10:19PM  6   Was there anything else that you found?
02:10:20PM  7   A.   No.
02:10:21PM  8   Q.   Just the one, okay.
02:10:23PM  9        And slaughter bill regarding slaughter of Cedar
02:10:29PM 10   indicating by ear tag 367, you found no such bill?
02:10:35PM 11   A.   The only bills I found were the ones you had
02:10:39PM 12   already put in.
02:10:40PM 13   Q.   Okay.  Okay.  And then documents reflecting
02:10:42PM 14   final payment of Cedar by the Dahles.  Did you ever get
02:10:45PM 15   the Dahles' payment documents for Cedar?
02:10:47PM 16   A.   I don't believe they paid.
02:10:48PM 17   Q.   You don't believe they paid?
02:10:50PM 18   A.   No.
02:10:50PM 19   Q.   Okay.  Did Ms. Muse pay on their behalf?
02:10:53PM 20   A.   No.
02:10:53PM 21   Q.   Okay. All right.  And then emails to and from
02:10:59PM 22   the CDFA concerning Cedar or this litigation.  You
02:11:03PM 23   produced everything you found in relation to that, I
02:11:06PM 24   presume?
02:11:07PM 25   A.   Yes.
```

```
 1                 PENALTY OF PERJURY
 2      Please be advised I have read the foregoing
 3      deposition, and I hereby state there are:
 4
 5      (Check one)    _____ no corrections
 6                     _____ corrections attached
 7
 8      Executed on _____
 9                          Date
10
11                  _____
                         MELANIE SILVA
12
13
14
15                         ---oOo---
16
17
18
19
20
21
22
23
24
25
```

```
 1              DEPONENT'S CHANGES OR CORRECTIONS

 2   Note:  If you are adding to your testimony, print the
     exact words you want to add.  If you are deleting from
 3   your testimony, print the exact words you want to
     delete.  Specify with "Add" or "Delete" before each
 4   entry.  Please sign and date this form.

 5   Deposition of:  MELANIE SILVA
     Name of Case:  LONG vs. FERNANDEZ, etc.
 6   Date of Deposition:  FEBRUARY 9, 2023

 7
     I, _____, have made the
 8   following changes in my deposition:

 9   PAGE       LINE       ADD/DELETE

10   ____       ____       _____

11
     ____       ____       _____
12

13   ____       ____       _____

14
     ____       ____       _____
15

16   ____       ____       _____

17
     ____       ____       _____
18

19   ____       ____       _____

20
     ____       ____       _____
21

22   ____       ____       _____

23
     ____       ____       _____
24

25   SIGNATURE _____DATE _____
```

```
 1                REPORTER'S CERTIFICATE

 2

 3         I hereby certify that the witness in the

 4   foregoing deposition was duly sworn by me to tell the

 5   truth, the whole truth, and nothing but the truth in the

 6   within-entitled cause; that said deposition was taken at

 7   the time and place herein named; and that the testimony

 8   of said witness was reported by me, a duly certified

 9   shorthand reporter and disinterested person, and was

10   thereafter transcribed under my direction by

11   computer-assisted transcription.

12         I further certify that I am not of counsel or

13   attorney for either or any of the parties to said

14   deposition, nor in any way interested in the outcome of

15   the case named in said caption.

16         IN WITNESS WHEREOF, I have hereunto set my

17   hand.

18

19         DATED:  FEBRUARY 26, 2024

20

21

22         _____

23              SUZANNA MICKELSON, CSR No. 14270

24                    State of California

25
```