# EXHIBIT 26



California Department of Justice
John C. Bridges, Deputy Attorney General
300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

*Via electronic mail*

November 20, 2023

**RE:** **Meet and Confer Regarding Responses to Requests for Production, Set One, of Defendants Melanie Silva, BJ Macfarlane, and Shasta District Fair Association**
*E.L., et al. v. Fernandez, et al.,* No. 2:22-CV-01527 (E.D. Cal. filed Aug. 31, 2022)

Mr. Bridges,

As you know, this office represents Plaintiffs Jessica Long and her minor daughter E.L. in the above-referenced case. We are meeting and conferring with you regarding documents produced to date, as depositions conducted in this case reveal at best, one or more defendants did not conduct a reasonable search in response to requests for production, and, at worst, bad-faith tactics to obstruct discovery. Plaintiffs are troubled by multiple indications of missing documents, and request good-faith cooperation on this issue to avoid motion practice.

For ease of discussion, this letter addresses each defendant separately. Please note that this meet and confer letter seeks to retrieve outstanding documents in the most narrow method available to reduce burden; should further documents reveal the existence of additional discoverable information, Plaintiffs reserve all rights to meet and confer further with broader search terms, date ranges, et cetera.

I.   **Defendant Melanie Silva**

It appears Mrs. Silva has failed to produced responsive documents for a variety of reasons, set forth below in subsections (a)-(b). Additionally, Mrs. Silva discussed the existence or possible existence of multiple documents in her deposition. Plaintiffs specifically request those documents in subsection (c). Further, Plaintiffs request responsive documents referenced by Defendant Macfarlane in subsection (d).

In addition to outstanding documents, Mrs. Silva also discussed the manner in which she sought responsive documents. Plaintiffs specifically request a more reasonable search in subsection (e). Finally, Mrs. Silva discussed a setting in her phone that auto-deletes text messages, addressed in subsection (f).

*(a) Public Records Act Request Reveals Defendant Silva Has Withheld Responsive Documents*

As you know, Plaintiffs' counsel obtained documents from a Public Records Act Request submitted by a third-party that, among other things, contain email correspondence between Mrs. Silva and Mike Francesconi, dated June 28 and 29, 2022 regarding Cedar. It is troubling that Mrs. Silva herself did not produce these documents. And, coupled with the issues set forth below, Plaintiffs are very concerned Mrs. Silva is acting in bad faith with respect to her discovery obligations.

*(b) Text Messages Produced by Defendant Muse Reveal Defendant Silva Has Withheld Responsive Documents*

As you know, Mrs. Muse produced a text chain with your client, Mr. Macfarlane. This text chain indicates Mr. Macfarlane engaged in written correspondence with Mrs. Silva in some form, whether text or email. Specifically, Mr. Macfarlane stated, referencing a link concerning this litigation, "I sent to Melanie and Jerry. Told Melanie to send to Cdfa [sic] to get this taken care of quickly in the media." However, neither Mrs. Silva nor Mr. Macfarlane produced documents evidencing this exchange. We respectfully request Mrs. Silva review her text messages and emails for this missing communication.

*(c) Responsive Documents Which Exist or May Exist, Referenced in Deposition*

In her deposition, Mrs. Silva referenced a range of documents which exist or may exist, but were not produced. These include at least the following:

1. Email correspondence with Kathie Muse regarding articles concerning either Cedar or the pending litigation;
2. Slaughter bill regarding slaughter of Cedar, indicated by his ear-tag number, 367;
3. Documents reflecting final payment of Cedar by the Dahles, which may be located in Mrs. Muse's receipt book or otherwise;
4. Emails to/from CDFA concerning Cedar or this litigation, including but not limited to email correspondence to/from Mike Flores or Mike Francesconi;
5. Emails to board members regarding Cedar or this litigation, including at a minimum, email to board member referenced in June 28, 2022 email

2

<blockquote>

from Mrs. Silva to Mike Francesconi, which was bate stamped as 0023 in the public records produced;

6. Meeting agendas or minutes reflecting any discussion of Cedar or this litigation;
7. Text messages or emails regarding or linking Bleating Heart's Instagram post;
8. Any email forwarding the correspondence dated June 27, 2022 and June 28, 2022 from Jessica Long to any person, including Defendant Macfarlane and/or Defendant Muse;
9. Documents evidencing goat meat given to Mrs. Muse in replacement of Cedar for July 9, 2022 "4-H/FFA Community BBQ";
10. Text messages or emails from Defendant Macfarlane linking to articles or blogs about this litigation;
11. Social media direct messaging referencing this litigation;
12. Hand-written notes taken by Mrs. Silva regarding Cedar or this litigation; and
13. Emails or any other documents Mrs. Silva stated she saved to a folder named "2022 goat" or words to that effect.

</blockquote>

Plaintiffs' counsel specifically requests those documents referenced above, and clarifies more may come to light upon reviewing the final transcript of Mrs. Silva's deposition, which has not yet been made available.

*(d)  Responsive Documents Which Exist or May Exist, Referenced by Defendant Macfarlane*

On the morning of Mr. Macfarlane's deposition, you informed Plaintiffs counsel that Mr. Macfarlane had additional text messages with Mrs. Silva that he intended to produce. We still have yet to receive those texts, and are troubled that Mrs. Silva did not produce them.

Additionally, Defendant Macfarlane stated that Mrs. Silva would have obtained confirmation of Cedar's ultimate slaughter on or about July 28, 2023 from the processing plant. This document may reference Cedar by his ear-tag number. Plaintiffs request this document.

Further, Defendant Macfarlane also stated that, following the processing plant, goats are then sent to a butcher, generally speaking. While Defendant Macfarlane did not, to our recollection, state Mrs. Silva has documentation from the butcher, Plaintiffs request Mrs. Silva perform a search for documents from the butcher related to Cedar.

*(e)  Reasonable Search Efforts*

Defendant Silva stated in deposition that, in responding to discovery, she searched her email for the term "goat." Plaintiffs contend this falls short of her discovery obligations, as emails may have been exchanged in reference to Cedar or this litigation, but without using the term "goat." Additionally, Defendant Silva described a folder called "Goat 2022" that she created for

3

the purpose of this litigation, but did not produce any of the emails saved in it. As a result, we request the following search efforts:

1. *Search Terms*. In addition to "goat", please search the terms "Cedar" and "Jessica" and "▮▮▮" and "367" and "Long" and "lawsuit" in applicable repositories of documents, including email, text message search bar, and other repositories unknown to Plaintiffs, such as search bars for documents stored on Defendant's computer or document storage program.

2. *Names/Email Addresses*. Please search any all known email addresses of the following persons for responsive documents:

    a. Kathie Muse
    b. BJ Macfarlane
    c. Mike Flores
    d. Mike Francesconi
    e. Chris Zwaga of Media Plus
    f. Other personnel from Media Plus
    g. Sheriff Michael Johnson
    h. Lieutenant Fernandez
    i. Detective Duncan
    j. Detective Ashbee
    k. Any employees/personnel from the District Attorney's office
    l. Brian Dahle
    m. Megan Dahle
    n. Bruce Ross

3. *Date range for all incoming/outgoing emails*. In addition to and separate from the above, please examine all outgoing and incoming emails to/from any individual during the date ranges listed below. Please note, to reduce burden, Plaintiffs are seeking to narrow timeframe, but should additional documents be produced indicating further responsive documents, this may warrant further review under other time frames.

    a. June 22, 2022 to September 19, 2022
    b. March 29, 2023 to April 22, 2023
    c. November 7, 2023 to November 15, 2023

4. *Text Messages*. Please search text messages for responsive texts with the following people:

    a. Kathie Muse

4

      b. BJ Macfarlane
      c. Mike Flores
      d. Mike Francesconi
      e. Chris Zwaga of Media Plus
      f. Other personnel from Media Plus
      g. Sheriff Michael Johnson
      h. Lieutenant Fernandez
      i. Detective Duncan
      j. Detective Ashbee
      k. Any employees/personnel from the District Attorney's office
      l. Brian Dahle
      m. Megan Dahle
      n. Bruce Ross

  5. *Repositories of Documents.* Defendant Silva mentioned responsive documents may exist in the form of meeting minutes, meeting agendas, hand-written notes, and social media messaging. Plaintiffs request a reasonable search appropriate for the manner in which these documents are kept.

### (f) Preservation of Evidence

The duty to preserve documents attaches when a party should have known that the evidence may be relevant to future litigation. *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1068 (N.D. Cal. 2006). Despite this duty, Mrs. Silva testified that her text messages are set to auto-delete. Plaintiffs are concerned about the destruction of evidence, especially when viewed in tandem with the discovery issues outlined above.

Mrs. Silva could not recall during her deposition what her auto-delete setting is on her text messages. Plaintiffs request this information be provided immediately, so that Plaintiffs can confer with an ESI expert about the possibility of retrieving deleted text messages that are responsive. Plaintiffs also request Mrs. Silva immediately disable any auto-delete features she has activated for the duration of this litigation.

## II. Defendant BJ Macfarlane

### (a) Outstanding Text Messages with Mrs. Silva

Plaintiffs have additional concern over the document search performed by Mr. Macfarlane. Plaintiffs received responsive documents from your office on Monday, November 13. These responses did not include text messages between Mr. Macfarlane and Mrs. Muse. After Mrs. Muse produced the text chain in deposition, we came to learn these same texts were inadvertently excluded from Mr. Macfarlane's production. Then, on the morning of Mr.

5

Macfarlane's deposition, you informed us of additional text messages between Mr. Macfarlane and Mrs. Silva that neither produced. We are still waiting for these text messages.

*(b) Responsive Documents Which Exist or May Exist, Referenced in Deposition*

In his deposition, Mr. Macfarlane referenced additional documents which exist or may exist.

1. Emails/texts concerning Cedar or this case;
2. Correspondence with Baron Browning, either by text or email, giving Mr. Macfarlane the phone number of Sheriff Michael Johnson; and
3. Cedar's ear tags.

Plaintiffs requests all of the above, to the extent they exist.

*(c) Reasonable Search Efforts*

Defendant Macfarlane stated in deposition that he used the search term "goat." Plaintiffs contend this falls short of his discovery obligations, as texts or emails may have been exchanged in reference to Cedar or this litigation, but without using the term "goat." As a result, we request the following search efforts:

6. *Search Terms*. In addition to "goat", please search the terms "Cedar" and "Jessica" and "███" and "367" and "Long" and "lawsuit" in applicable repositories of documents, including email, text message search bar, and other repositories unknown to Plaintiffs, such as search bars for documents stored on Defendant's computer or document storage program.

7. *Names/Email Addresses*. Please search any all known email addresses of the following persons for responsive documents:

    a. Melanie Silva
    b. Kathie Muse
    c. Baron Browning
    d. Mike Flores
    e. Mike Francesconi
    f. Sheriff Michael Johnson
    g. Lieutenant Fernandez
    h. Detective Duncan
    i. Detective Ashbee
    j. Any employees/personnel from the District Attorney's office
    k. Jessica (last name unknown)

6

    l. Andrea Thomas
    m. Laurie Marchi
    n. Brian Dahle
    o. Megan Dahle
    p. Bruce Ross

8. *Date range for all incoming/outgoing emails*. In addition to and separate from the above, please examine all outgoing and incoming emails to/from any individual during the date ranges listed below. Please note, to reduce burden, Plaintiffs are seeking to narrow timeframe, but should additional documents be produced indicating further responsive documents, this may warrant further review under other time frames.

    a. June 22, 2022 to September 19, 2022
    b. March 29, 2023 to April 22, 2023
    c. November 7, 2023 to November 15, 2023

9. *Text Messages*. Please search text messages for responsive texts with the following people:

    a. Melanie Silva
    b. Kathie Muse
    c. Baron Browning
    d. Mike Flores
    e. Mike Francesconi
    f. Sheriff Michael Johnson
    g. Lieutenant Fernandez
    h. Detective Duncan
    i. Detective Ashbee
    j. Any employees/personnel from the District Attorney's office
    k. Jessica (last name unknown)
    l. Andrea Thomas
    m. Laurie Marchi
    n. Brian Dahle
    o. Megan Dahle
    p. Bruce Ross

### III. Defendant Shasta District Fair and Event Center

Given the above issues, Plaintiffs respectfully request the opportunity to meet and confer with you about how Shasta District Fair and Event Center searched for responsive documents, so that we can discuss whether the efforts undertaken were adequate.

7

      Please note that, as Defendants' discovery responses were produced last week, we have not had the opportunity to thoroughly review their contents. We are preliminarily sending this meet and confer regarding documents, as Plaintiffs are prejudiced without receiving these in a timely manner.

      Additionally, the deposition transcripts of Mrs. Silva and Mr. Macfarlane are not yet available. As a result, Plaintiffs do not have the benefit of the record, and are basing this meet and confer on recollection only. Plaintiffs do not waive further discovery issues that may come to light with the benefit of the transcripts of recently-taken depositions.

Dated: November 20, 2023          By:_____

                                        Vanessa Shakib
                                        Ryan Gordon
                                        Advancing Law for Animals
                                        407 N. Pacific Coast Highway #267
                                        Redondo Beach, CA 90277
                                        Telephone: (202) 996-8389
                                        E-mail: vshakib@advancinglawforanimals.org
                                        E-mail: rgordon@advancinglawforanimals.org