# EXHIBIT 31

**Advancing Law for Animals**
because animals need lawyers

John C. Bridges
**California Department Of Justice**
Tort and Condemnation Section
1300 I Street, Suite 1210
Sacramento, CA, 95814
John.Bridges@doj.ca.gov

June 11, 2024

RE: **Further Meet & Confer re Flores Phone Records**
*E.L., et al. v. Fernandez, et al.*, No. 2:22-CV-01527 (E.D. Cal. filed Aug. 31, 2022)

Hi John,

This letter is in regards to your pending motion to quash, as well as our pending motion to compel against Verizon, both of which concern our client's subpoena for records for Michael Flores' work cell. We've discussed the various subpoenas, including the one directed at Mr. Flores over the phone but the following is purposed at generally laying out our position in the event the motions proceed.

We believe the records are discoverable and we are entitled to a court order for same. "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in a case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978). To date, all deponents have provided inconsistent and/or verifiably false testimony on material issues. Ms. Silva testified she had nothing to do with Cedar and all actions were taken by Mr. Macfarlane and Mrs. Muse. Mr. Macfarlane, on the other hand, initially testified he was holding Cedar pending direction from Sheriff Johnson, the DA, and the CDFA, only to later retract his testimony and state he assumed Ms. Silva was waiting on Sheriff Johnson and the DA. Mrs. Muse testified she had nothing to do with any decisions on Cedar and she understood that Mr. Macfarlane was waiting on the Sheriff. Despite all these deponents pointing to each other, text messages confirm they all had involvement. Nonetheless, discovery was extended to determine who actually gave the green light to slaughter Cedar (i.e., who in law enforcement or in the CDFA), and that's still not clear. As emails and phone logs already show involvement from Mr. Flores, we contend his phone records very well might shed light

1

on this issue. That constitutes "good cause" to see the records given a litigant's broad discovery rights to relevant information.

That Mr. Flores testified he had no involvement does not set our mind at ease. Phone records indicate he called Ms. Silva multiple times yet he claims to remember nothing except (1) Ms. Silva was holding a barbeque set for him, and (2) that he suggested she call local law enforcement. Conveniently, the latter is the only fact Ms. Silva could remember about Mr. Flores as well, notwithstanding they had nearly 30 minutes worth of call time over several days on a matter they thought important enough to involve law enforcement. Moreover, given the amount of attention this dispute has received, Mr. Flores' amnesia just isn't plausible. He also claimed he had no office phone, only to later claim, when pressed, that he did have an office phone but couldn't remember the number. In sum, we don't believe he is telling us everything and we want to review the phone records to see what communications he had, if any, with law enforcement during the relevant time frame. That is permissible discovery, especially when we already narrowed the subpoena to essentially four (4) weeks of time.

If the records contain no relevant information, which is apparently your position, there is no harm in us viewing them to confirm. These are his work phone records, so there's no privacy issue. Mr. Flores is also a public servant, so these records are public records. This isn't harassing, as Mr. Flores won't be bothered with the records whatsoever. It is our position that there is no good reason to quash these records. They are discoverable, potentially relevant to material issues in the case, and potentially relevant for impeachment.

We understand that, because you assert Mr. Flores to be a high-ranking official, you contend the fact that testified at deposition requires us to establish good cause for his phone records, as well as provide the reason that the information cannot be obtained through less intrusive means. We don't agree with this legal proposition. This argument appears to reverse the apex doctrine, which prohibits depositions of high-ranking officials if the information can be gathered by less intrusive means. *See, e.g., WebSideStory, Inc. v. NetRatings, Inc.*, 2007 WL 1120567 (S.D. Cal. April 6, 2007). Assuming Mr. Flores is a high-ranking official, I can find no legal authority stating that, once a high-ranking official is deposed, then no records of the official are discoverable.

Nor would such a rule make sense. The point of requiring a litigant to acquire a high-ranking official's information through less intrusive means than a deposition is so that the official isn't personally bothered or inconvenienced (unless the apex test is satisfied). *See, e.g., Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2014 WL 5387936, at *1 (N.D. Cal. Oct. 21, 2014.)("deposition notices directed to officials at the highest levels of corporate management (so-called "apex" depositions) create 'a tremendous potential for abuse or harassment' that may require the court's intervention for the witness's protection under Rule 26(c)' ".) If, e.g., the litigant can get the information s/he seeks from interrogatories or document requests, doing so isn't barred by the apex doctrine because those methods of discovery aren't meaningfully intrusive on the official. Here, phone records from Verizon have zero intrusiveness. Mr. Flores wouldn't be producing them, analyzing them, or answering questions about them. Verizon would produce them and Plaintiffs' counsel will review them. Mr. Flores won't be bothered at all. If anything, our subpoena is consistent with the apex doctrine to the extent it even applied.

2

     If you have case law showing the apex doctrine can preclude discovery other than a deposition, or block document subpoenas to third parties once a deposition has taken place, please share it.

     In sum, it is our position that the apex doctrine does not apply in reverse (i.e., it only operates to bar depositions) and there is good cause for us to obtain Mr. Flores work cell records, as they are potentially relevant to material issues on which witnesses have not been forthcoming, and they are public records. Lastly, as Mr. Flores is not beyond reproach, it is also potentially relevant for impeachment.

     With respect to timing, pursuant to local rule and Judge Allison Claire's standing order, our motion to compel requires a joint statement which is due next Wednesday, July 19, 2024. If there's any argument you want to make in opposition to our motion, please feel free to send it to us and we'll insert it. Alternatively, we can insert your memorandum of points and authorities in support of the motion to quash. Please let me know either way.

     Lastly, we've discussed Mr. Flores' records subpoena on several occasions and we appear to be at an impasse. If you disagree that we've talked this through sufficiently, we are happy to have another phone call. Please let me know either way.

Best regards

Dated: June 11, 2024             By: _____
                                               Advancing Law for Animals
                                               Ryan Gordon
                                               Vanessa Shakib
                                               407 N. Pacific Coast Highway #267
                                               Redondo Beach, CA 90277
                                               Telephone: (202) 996-8389
                                               E-mail: rgordon@advancinglawforanimals.org
                                               E-mail: vshakib@advancinglawforanimals.org