1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  CATHERINE WOODBRIDGE, State Bar No. 186186
   Supervising Deputy Attorney General
3  JOHN C. BRIDGES, State Bar No. 248553
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 210-7529
6    Fax:  (916) 322-8288
     E-mail:  John.Bridges@doj.ca.gov
7  *Attorneys for Defendants State of California, by and*
   *through the 27ᵗʰ District Agricultural Association,*
8  *Melanie Silva, and B.J. MacFarlane*

9                    IN THE UNITED STATES DISTRICT COURT

10                   FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13
   **E.L., a minor, by and through her general**        2:22-CV-01527 DAD AC
14 **guardian, JESSICA LONG; JESSICA**
   **LONG, an individual,**                             **REPLY TO OPPOSITION TO MOTION**
15                                                       **TO QUASH SUBPOENA TO VERIZON**
                                          Plaintiffs,    **WIRELESS AND FOR A PROTECTIVE**
16                                                       **ORDER**
                  v.
17

18 **LIEUTENANT JERRY FERNANDEZ, in**
   **his individual capacity; DETECTIVE**               Judge:        Honorable Dale A. Drozd
19 **JACOB DUNCAN, in his individual;**                 Trial Date:   March 24, 2025
   **DETECTIVE JEREMY ASHBEE, in his**                  Action Filed: August 31, 2022
20 **individual capacity; SHASTA DISTRICT**
   **FAIR AND EVENT CENTER, a district**
21 **agricultural association, COUNTY OF**
   **SHASTA; SHASTA COUNTY SHERIFF'S**
22 **DEPARTMENT; MELANIE SILVA, in her**
   **individual capacity; BJ MACFARLANE, in**
23 **his individual capacity; and DOES 1**
   **through 10,**
24
                                          Defendants.
25

26

27

28
                                           1

This reply is submitted in response to plaintiffs' Opposition to Motion to Quash. (ECF No. 89.) Plaintiffs repeatedly attempt to mislead the court about the status of discovery in this matter, the involvement of interested nonparty Michael Flores, and the basis for seeking the records that are subject to the underlying motion to quash. For these reasons, the motion should be granted.

**I.     Neither Michael Flores nor the California Department of Food and Agriculture are Parties.**

Throughout their opposition, plaintiffs state that Mr. Flores, who is the Deputy Secretary of the California Department of Food and Agriculture, is a party to this lawsuit. He is not. Moreover, the California Department of Food and Agriculture is not a party to this lawsuit. The plaintiffs are seeking records of a non-party individual that invade his privacy and the privacy of those individuals with whom he had telephonic interactions that will be identified in the phone records if produced. The plaintiffs' sole basis for wanting the records is their suspicion that he was untruthful in his deposition. This suspicion is based solely upon their belief that *other* witnesses in the case were untruthful, despite the fact that Mr. Flores voluntarily submitted for a deposition and testified consistently about his involvement in the case as corroborated by every other witness with knowledge of the subject. Although Mr. Flores denied that he had any involvement in contacting law enforcement about the plaintiffs' theft of the goat, plaintiffs, in their signed submission to this court, now accuse him of perjury with no basis whatsoever, which is highly inappropriate and not made in good faith. Innuendo and suspicion should not be the basis for accusing a high-ranking government official, who is not even a party to the action, of committing a crime, nor should such behavior be rewarded by this court.

**II.     Plaintiffs Failed to Obtain the Information Through Less Intrusive Means.**

The plaintiffs cannot establish that they cannot obtain the information through less intrusive means. The Shasta County Sheriff's Department, including Sheriff Michael Johnson, is a party to this case. Plaintiffs could have conduct discovery to determine who contacted the Sheriff's Department about the theft of the goat. Plaintiffs could have taken Sheriff Johnson's deposition to ask him who contacted him about the theft of the goat. They could have asked him if he knew Michael Flores, or if they had discussed the situation, or if Mr. Flores was the person who called

1  him to report the incident. They did not do any of those things. Instead of conducting basic

2  discovery of a party, they are now seeking to invade the privacy of a nonparty to satisfy their

3  curiosity and suspicion that the Deputy Secretary of the California Department of Food and

4  Agriculture and the Sheriff of Shasta County conspired secretly to slaughter the goat and teach

5  the plaintiffs a lesson. This type of hysteria is preposterous, as none of the witnesses in this case

6  have testified that such a conspiracy occurred, nor is there any evidence of such a conspiracy.

7  Moreover, Mr. Flores testified that he never contacted the Sheriff, nor does he even know the

8  identify of the Sheriff for Shasta County. The Sheriff was never deposed or asked in discovery

9  about who contacted him, if, in fact, anyone ever contacted him directly about the incident.

10      Plaintiffs' failure to conduct party discovery should not afford them the opportunity to

11  harass nonparties with no good faith basis in doing so.

12  **III.   The Information Sought is Irrelevant to the Case.**

13      Even if the plaintiffs are permitted to obtain these phone records, the issue of who called

14  the Sheriff's Department about the theft of the goat is irrelevant to the case. Assuming that Mr.

15  Flores did call the Sheriff to report the crime, that communication is protected by the First

16  Amendment and would be subject to an anti-SLAPP motion, and therefore is not actionable.

17  Additionally, discovery is closed. If the records show that Mr. Flores did not call the Sheriff's

18  Department, plaintiffs' proverbial itch will not have been scratched in that they will still have the

19  lingering question of "whodunit?". Frankly, the identity of whomever reported the theft to law

20  enforcement is irrelevant to the determination of the issues in the case; namely, did the defendants

21  commit the constitutional violations alleged in the Second Amended Complaint? None of those

22  alleged violations concern contacting law enforcement. Thus, the identity of the mystery caller is

23  irrelevant to any issue in the case.

24  **IV.   Conclusion.**

25      Nonparty Michael Flores hereby respectfully requests the court grant this motion to quash,

26  or in the alternative issue a protective order to protect both his privacy and the privacy of other

27  high-ranking government officials with whom he communicated by telephone that will be

28  disclosed via the subject poena.

3

1   Dated:  June 28, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

/s/ John C. Bridges

JOHN C. BRIDGES
Deputy Attorney General
*Attorneys for Defendants State of California,
by and through the 27th District Agricultural
Association, Melanie Silva, and B.J.
MacFarlane*

4

# CERTIFICATE OF SERVICE

Case Name:  **E.L., a minor and Jessica Long**          No.   **2:22-CV-01527 DAD AC**
            **v. Lieutenant Jerry Fernandez,**
            **et al.**

I hereby certify that on <u>June 28, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY TO OPPOSITION TO MOTION TO QUASH SUBPOENA TO VERIZON WIRELESS AND FOR A PROTECTIVE ORDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 28, 2024</u>, at Fresno, California.

<table>
<tr><td style="text-align:center">V. Pampenelli</td><td style="text-align:center">/s/ **V. Pampenelli**</td></tr>
<tr><td style="text-align:center">Declarant</td><td style="text-align:center">Signature</td></tr>
</table>

SA2023302187
95571775