UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LIEUTENANT JERRY FERNANDEZ, individually and in his individual capacity as Sheriff for the County of Shasta, et al.,<br><br>　　　　　Defendants. | No.  2:22-cv-01527 DAD AC<br><br><br>ORDER |

This matter is before the court on cross-motions regarding a Fed. R. Civ. P. 45 third-party subpoena issued to Verizon Wireless, seeking the phone records of nonparty Michael Flores, Deputy Secretary of the California Department of Food and Agriculture. Plaintiffs move to compel production (ECF No. 78), and non-party Flores moves to quash (ECF No. 87). These discovery motions are before the undersigned pursuant to E.D. Cal. R. 302(c)(1).

**I.　　Relevant Background**

On August 31, 2022, Jessica Long and her minor daughter E.L. filed this civil rights action. ECF No. 1. The complaint was amended on March 2, 2023, and again on October 12, 2023. ECF Nos. 16, 25 (Second Amended Complaint or "SAC"). The SAC includes claims against 4-H representative Kathie Muse and Shasta District Fair & Events Center ("SDF") CEO

1 Melanie Silva, among other defendants, for various alleged constitutional violations stemming
2 from the wrongful search and seizure of plaintiffs' goat, Cedar, who they allege was then
3 ultimately slaughtered without notice and opportunity to be heard in violation of plaintiffs' rights.
4 ECF No. 25, 63 at 2. The instant discovery disputes arise from plaintiffs' attempt to subpoena the
5 cell phone records of the business phone belonging to nonparty Flores, who oversees California
6 fairs and expositions, including the Shasta District Fair in which E.L. participated, from third-
7 party carrier Verizon. Plaintiffs move to compel production. ECF No. 78. Counsel for Flores
8 did not file objections to the subpoena but did file a motion to quash after plaintiffs filed their
9 motion to compel. ECF No. 87. Verizon did not object to the subpoena but has not complied.

## II.    Analysis

A. Legal Standard Regarding Nonparty Subpoenas

Federal Rule of Civil Procedure 45 allows a party to a lawsuit to serve a subpoena that commands a non-party to "produce documents, electronically stored information, or tangible things ..." Fed. R. Civ. P. 45(a)(1)(C). A court must modify or quash such a subpoena that fails to allow a reasonable time to comply, requires a person to travel more than 100 miles (except for trial within the state), requires disclosure of privileged or other protected materials, or subjects a person to undue burden. See Fed. R. Civ. P. 45(d)(3)(A) (i-iv). Rule 45 further provides that a court may modify or quash a subpoena when the subpoena requires the disclosure of a "trade secret or other confidential research, development, or commercial information." See Fed. R. Civ. P. 45(d)(3)(B).

The Federal Rules limit the scope of subpoenas by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"), and the considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1). "In evaluating whether a subpoena is unduly burdensome, the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information." Wahoo Int'l, Inc. v. Phix Doctor, Inc., No. 13CV1395-GPC BLM,

2014 WL 3573400, at *2 (S.D. Cal. July 18, 2014) (internal citations omitted).  Rule 26 also includes an explicit proportionality requirement; discovery must be proportional to the needs of the case. Fed. R. Civ. P. 26(1).  This proportionality limitation applies to Rule 45 subpoenas to non-parties.  St. Jude Medical S.C., Inc. v. Janssen-Counotte, 305 F.R.D. 630, 637 (D. Ore. 2015).  Moreover, non-parties subject to a subpoena duces tecum "deserve extra protection from the courts."  High Tech Medical Instrumentation v. New Image Indus., 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing United States v. Columbia Broadcasting System, 666 F.3d 364, 371-72 (9th Cir. 1982).

B. Motion to Quash

Nonparty Flores moves to quash the subpoena of his phone records, arguing that the records are (1) not relevant, (2) protected because Flores is a "high agency official" and involuntary depositions of such officials are not allowed unless exceptional circumstances exist, and (3) the records are subject to protection because they are Flores's personal phone records. ECF No. 87 at 4-6.  Plaintiffs argue that the motion to quash is untimely (ECF No. 89 at 21), however, because the same subpoena is the subject of plaintiff's motion to compel, the undersigned finds it in the interest of justice and judicial efficiency to decide the motion to quash on the merits.

The district court has wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988).  "[T]he court that issued the subpoena . . . can entertain a motion to quash or modify a subpoena." S.E.C. v. CMKM Diamonds, Inc., 656 F.3d 829, 832 (9th Cir.2011).  The issuing court *must* quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person-except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.  Fed.R.Civ.P. 45(c)(3)(A).  Additionally, the issuing court *may* quash or modify a subpoena if it requires: (i) disclosing a trade secret or other confidential

3

research, development, or commercial information; (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial. Fed.R.Civ.P. 45(c)(3)(B).

As to the issue of relevance, the argument Flores makes is conclusory and the court finds it unpersuasive. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Flores argues that "the records are sought on a hunch that Secretary Flores may have called someone other than the CEO about the incident." ECF No. 87 at 4.

To the contrary, plaintiffs clearly articulate their theory of relevance: plaintiffs believe the phone records will reveal (a) who took part in the decision to kill Cedar the goat, by showing whether Flores was in contact with any relevant decision makers; and (b) why Cedar was killed despite phone calls from plaintiff's counsel to the Sheriff's Department and Shasta County Counsel, by showing whether Flores was in contact with police. ECF No. 89 at 22. Plaintiffs claim to know, through discovery already conducted, that the decision not to return Cedar to plaintiff was made in deference to CDFA and Mr. Flores. They assert that Mr. Flores' business phone records will fill gaps in the timeline of events leading up to the killing of Cedar, and establish which law enforcement personnel, if any, Mr. Flores spoke to on critical dates. ECF No. 89 at 23. The business phone records are also relevant for impeachment because plaintiffs indicate that although Flores stated at his deposition that he was not involved in the events central to this action, text messages and notes from other custodians obtained through discovery suggest that Flores was involved, and in fact called law enforcement. ECF No. 89 at 24. Plaintiffs have articulated a theory of relevance sufficient for compliance with the Federal Rules.

In the context of his relevance argument, Flores raises the potential issue of privilege by making the conclusory assertion that "even if Secretary Flores' cellular telephone records could provide information relevant to this case, those records would likely contain information protected by the attorney-client, deliberative process, and executive privileges." ECF No. 87 at 3-4. There is no explanation as to why any of these privileges apply so as to prevent production; indeed, there is no substantive argument regarding privilege whatsoever. Id. Because this argument is undeveloped, it will not be considered.

Flores' argument that his government leadership position shields him from deposition also fails. Flores refers to the "apex deposition doctrine," but courts have declined to extend the apex doctrine outside the context of depositions, holding that it does not shield document discovery from high-ranking officials. See In re Facebook, Inc. Consumer Priv. User Profile Litig., 2021 WL 10282213 at *10, 2021 U.S. Dist. LEXIS 264066 (N.D. Cal. Nov. 14, 2021) (collecting cases declining to apply "Apex Witness" doctrine to the production of documents and ordering same). Flores does not cite any caselaw stating that the apex deposition doctrine applies to bar document subpoenas, and the court finds none. This argument is especially inapposite to the subpoena at issue because the purpose of the doctrine is to prevent the placement of undue burdens on senior leadership, and the subpoena at issue here requests Flores' phone records from Verizon and creates minimal, if any, burden for Flores. See In re Facebook, 2021 U.S. Dist. LEXIS 264066 at *46.

Finally, Flores briefly argues for a protective order barring production on grounds that his phone records may contain the phone numbers of high-ranking government officials, and that disclosure of these phone numbers that could potentially lead to harassment of others. ECF No. 87 at 6. Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011). Mr. Flores' generalized argument does not satisfy his burden of establishing good cause

for an order barring production. There is no burden to Flores because he will not be responding to the subpoena, Verizon will. Moreover, plaintiffs have agreed not to disseminate the records outside the litigation and to redact sensitive information in court filings. ECF No. 89 at 29, Gordon Decl. ¶ 95. The court finds no serious risk of harassment under the circumstances. For all the reasons set forth above, the motion to quash (ECF No. 87) is DENIED.

    C. <u>Motion to Compel</u>

Plaintiffs seek an order compelling production of documents subpoenaed on May 6, 2024, and withheld from production by Non-Party Verizon —i.e., any records concerning incoming or outgoing calls or texts for the cellular phone of nonparty Michael Flores, from June 25, 2022, through July 28, 2022, including call logs, call detail records, and text logs. ECF No. 78 at 2. Verizon did not move to quash the subpoena or make any filing with the court. Flores filed a motion to quash which was denied above. A joint statement with the positions of plaintiff and Flores was filed at ECF No. 90. For the reasons set forth below, the motion to compel is GRANTED.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. <u>Blankenship v. Hearst Corp</u>., 519 F.2d 418, 429 (9th Cir.1975). Plaintiffs argue that the records are relevant and discoverable because (1) they are expected to shed light on who was in contact with whom during the time that Cedar was being held and who may have been involved in the decision to have Cedar killed (ECF No. 90 at 17); and (2) the records are necessary for impeachment purposes because already-produced discovery indicates that Mr. Flores called law enforcement with respect to Cedar, which Flores denied in his deposition (<u>id.</u> at 19). This theory of relevance is facially sufficient to meet plaintiff's initial burden. Moreover, there is no indication that the subpoena is disproportional to the needs of the case.

Verizon did not contribute to the joint statement. Flores submitted a brief response, in which he argues that (1) the records are irrelevant because they are based merely on plaintiffs' "hunch" that Flores was involved in the decision to hold and kill Cedar; (2) that the information

sought could have been obtained through less intrusive means such as deposing a party witness; (3) that "telephone calls between this non-party and law enforcement are protected by the First Amendment;" (4) the discovery is an intrusion upon Flores' privacy; and (5) there is a risk that the phone numbers of high ranking government officials will be exposed, leading to potential harassment. ECF No. 90 at 23-24. No case law is cited for any of Flores' propositions.

The relevance argument has been addressed above; plaintiffs have sufficiently articulated relevance for discovery purposes, and Flores' conclusory assertion that they have not is unpersuasive. Second, the argument that plaintiffs could have sought the information through deposing a party witness is unexplained and unpersuasive, particularly since plaintiffs assert that there have been inconsistencies between deposition testimony and documents, and that they are seeking the phone records for impeachment purposes. ECF No. 90 at 18-19. Third, the First Amendment argument put forth by Flores is entirely unsupported; the court declines to fill in the legal argument for counsel and will not consider this assertion. Id. at 24.

As to Flores's privacy argument, the court finds the argument underdeveloped and unpersuasive. Flores has not met his burden to show there is a protected privacy interest in his business cell phone. He did not identify any specific legal basis for his argument, but presumably he is asserting a state right to privacy. While there is a right to privacy under the California Constitution, the right does not automatically operate to prevent production anything a custodian considers private; there is a balancing test that Flores failed to address in his conclusory assertion of privacy. See Pagano v. Oroville Hosp., 145 F.R.D. 683, 698 (E.D. Cal. Feb. 2, 1993). Nor did Flores address why the stipulated protective order in this case (ECF No. 22) is insufficient to protect any privacy interest. See Mohideen v. Calnet, Inc., 2014 WL 1028638, 2014 U.S. Dist. LEXIS 33831 (S.D. Cal. March 14, 2014) (finding that any privacy interest for business records could easily be managed through a protective order). This is Mr. Flores' work cell phone and he is a public employee – there is simply no legitimate privacy argument here. See Kamalu v. Walmart Stores, Inc., 2013 WL 4403903, * 5, 2013 U.S. Dist. LEXIS 116590 (E.D. Cal. Aug. 15, 2013) (work phone records subpoena not barred by a privacy concern).

////

1    Finally, the harassment/exposure concern is addressed above in relation to Flores' motion
2 to quash, and the court incorporates that discussion here.  Plaintiffs have reiterated their
3 commitment not to disseminate the phone records outside the litigation, and to redact sensitive
4 information in court filings.  ECF No. 90 at 23.  Because plaintiffs have shown that the
5 documents sought are relevant, there is no proportionality argument, Verizon has not appeared to
6 oppose the motion or seek a protective order, and Mr. Flores has not identified any valid reason to
7 prevent disclosure of the phone records, the motion to compel will be GRANTED.

### III.    Conclusion

For all reasons set forth above, the motion to quash at ECF No. 87 is DENIED and the motion to compel at ECF No. 78 is GRANTED.  Third-party Verizon is ordered to comply, in full, with the subpoena at issue within 10 days of this order.

IT IS SO ORDERED.

DATED: July 29, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8