RYAN R. GORDON (SBN 278414)
VANESSA T. SHAKIB (SBN 287339)
**ADVANCING LAW FOR ANIMALS**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Tel: (202) 996-8389
rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

DANIEL J. KOLDE, ESQ.
**LAW OFFICES OF DANIEL J. KOLDE**
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel: 636.675.5383
Email: daniel.kolde.law@gmail.com
(*pro hac vice application to be filed*)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual, <br><br>    Plaintiffs, <br><br>v. <br><br>LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual capacity; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district agricultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual and official capacity; BJ MACFARLANE, in his individual and official capacity; KATHIE MUSE, in her individual and official capacity, and DOES 1 through 10, <br>    Defendants. | Case No. 2:22-cv-01527-DAD-AC <br><br>**PLAINTIFFS' EX PARTE APPLICATION TO EXTEND DEADLINE TO OPPOSE COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ECF NO. 99** <br><br>Current Opposition Due Date: August 14, 2024 <br><br>Proposed Due Date: September 4, 2024 <br><br>**Ex Parte Application Information** <br>Date: August 07, 2024 <br>Time: NA. <br>Courtroom: 4, 15th Floor <br><br>Trial Date: March 24, 2025 <br><br>Action Filed: August 31, 202 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS:

Plaintiffs Mrs. Long and E.L. hereby respectfully request the due date for their opposition to Defendants Lieutenant Jerry Fernandez, Detective Jacob Duncan, Detective Jeremy Ashbee (collectively "County Officers"), the Shasta County Sheriff's Department, and the County of Shasta (with the County Officers, collectively "County Defendants") Motion for Summary Judgment, or in the Alternative, Summary Adjudication, ECF No. 99 ("Motion for Summary Judgment"), be extended three weeks, from August 14, 2024 to September 4, 2024. This extension will not impact the currently-scheduled October 1, 2024 hearing date. Plaintiffs have not previously requested an extension of time.

## I. Plaintiffs' Need for a Reasonable Extension

On August 31, 2022, Plaintiff Mrs. Long and her minor daughter, Plaintiff E.L., filed the underlying civil rights litigation, as amended on March 2, 2023, and again on October 12, 2023. ECF Nos. 1, 16, 25. Plaintiffs have since diligently litigated their case, conducting extensive discovery and motion practice. *See, e.g.*, ECF Nos. 39-40, 51-56, 61-63, 78, 85, 87, 89-90. On July 31, County Defendants filed their Motion for Summary Judgment, ECF No. 99, making Plaintiffs' opposition due on August 14 under Local Rule 230. The hearing date for County Defendants' Motion for Summary Judge is October 1. ECF No. 99.

Plaintiffs cannot adequately respond to the County Defendants' MSJ by August 14, 2024, for the following reasons:

**One**, Plaintiffs' counsel Mr. Gordon was out of office from July 24 to August 5, returning in the early hours of the morning to attend the Settlement Conference in this case. *See* concurrently filed Declaration of Ryan Gordon ("Gordon Decl."), ¶¶ 4-12, 18. That pre-planned trip caused counsel to lose multiple work days.

**Two**, Plaintiffs' counsel Mr. Gordon and Ms. Shakib both attended the day-long Settlement Conference on August 5. ECF No. 100. Indeed, it started at 10:00 am did not end until after 6:00 pm. Plaintiffs' counsel was, of course, unable to work on their opposition that day. Additionally, at the conclusion of the Settlement Conference, the Court made a Mediator's Proposal to the parties, and the parties are to respond in writing on August 12 by 9:00 AM. ECF No. 100. This is noteworthy

because it is difficult to reasonably assess the proposal with our client if Plaintiffs' counsel have to focus on preparing a robust MSJ opposition. *See* Gordon Decl., ¶¶ 13, 18.

**Three**, pursuant to this Court's Minute Order, expert disclosures are due August 9. ECF No. 84. Plaintiffs have retained two experts in this case, and are currently coordinating with those experts over their three (3) reports and finalizing disclosures. Gordon Decl. ¶ 14, 18. This too makes adequately responding to Plaintiffs' MSJ by August 14, 2024 impossible.

**Four**, Ms. Shakib is previously-scheduled to be out office August 9-11 and August 14-20. *See* concurrently filed Declaration of Vanessa Shakib ("Shakib Decl."), ¶¶ 1-2. She is therefore unavailable to work on the opposition for much of the remaining time.

**Five**, the deposition of Plaintiff E.L. is taking place on August 13. ECF No. 98. Plaintiffs' two attorneys are each traveling from Los Angeles and Orange County, respectively, to Shasta County, California from August 12-13 to defend Plaintiff E.L.'s deposition. Gordon Decl. ¶ 15, 18; Shakib Decl. ¶ 2.

And **Six**, Plaintiffs' counsel additionally have other cases which require attention. Gordon Decl. ¶ 17.

*Given the above, the last two weeks of Plaintiffs' counsels schedules have been made any opposition to the MSJ impossibly onerous and the next week is no better*. They simply do not have adequate time to oppose the County Defendants' MSJ by August 14, 2024. Indeed, Plaintiffs' counsel is out of town, or preoccupied with present matters *in this case* for much of the remaining response time. Plaintiffs merely request a reasonable extension.

**II.      Plaintiffs Do Not Have Adequate Time To Request Extension By Noticed Motion**

This request cannot be made by noticed motion because there is not sufficient time. Local Rule 233 governs motions for administrative relief, such as a request for an extension of time to respond. That rule states any opposition to such a motion is due five (5) days after the motion is filed. Thus, Local Rule 233 implies that any order for a motion for administrative relief can take up to five (5) days. Plaintiffs' opposition to County Defendants' MSJ is due in five (5) court days from today. Accordingly, Plaintiffs cannot risk waiting until the day their opposition is due for a ruling on their request for an extension. Ex parte relief is therefore necessary.

3
PLAINTIFFS' EX PARTE APPLICATION TO EXTEND BRIEFING SCHEDULE

### III. County Defendants Denied Plaintiffs' Request and Intend to Oppose this Motion

Given the previously-scheduled travel obligations of Plaintiffs' counsel, the various concurrent obligations in this case, including the Settlement Conference, expert disclosure deadline, pendency of Mediator's proposal, and deposition of Plaintiff E.L (which Plaintiffs' attorneys must travel for), and obligations in connection with other pending cases, Plaintiffs' counsel met and conferred with counsel for County Defendants' regarding extending the timeline by which Plaintiffs must respond to County Defendants' Motion for Summary Judgment. Gordon Decl. ¶¶ 20-22. On August 7, County Defendants' responded to the request by email, stating County Defendants' deny Plaintiffs request and will oppose an ex parte application for an extension. Gordon Decl. ¶¶ 25, 26.

As explained in the concurrently filed Declaration of Ryan Gordon, the County Defendants refuse to stipulate to an extension. Plaintiffs suspect their motivation is to force Plaintiffs into accepting the mediator's proposal referenced above. That is not a valid basis to reject the reasonable extension request Plaintiffs have made.

### IV. The Court Has the Legal Authority to Grant the Relief Requested, and Any Extended Deadline Will Not Alter the Hearing Date of County Defendants' Motion for Summary Judgment

The Court has the authority to grant the relief requested. Nor will the short deadline extension prejudice County Defendants, as their Motion for Summary Judgement will still proceed with the same hearing date. "When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). Good cause requires less than manifest injustice but a focus on the diligence of the moving party and that party's reasons for seeking modification are the court's focus in determining whether to permit an enlargement of time. *Stoddart v. Express Services*, 2017 WL 3333994 *1-*2 (E.D. Ca. August 4, 2017) (other citations omitted). "The District court possesses broad discretion to manage its own docket, which includes inherent power to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Additionally, both the Local Rule 230 and this Court's Standing Order Section III provide for a process by which to alter a briefing schedule, including on an ex parte basis.

### V. **Conclusion**

In conclusion, Plaintiffs respectfully request this Court extend their deadline to respond to County Defendants' Motion for Summary Judgement from August 14 to September 4, 2024.

Respectfully submitted,

Dated: August 7, 2024            **ADVANCING LAW FOR ANIMALS**

By:   /s/  Ryan Gordon
Ryan Gordon
Vanessa Shakib
Attorneys for Plaintiffs