RYAN R. GORDON (SBN 278414)
VANESSA T. SHAKIB (SBN 287339)
**ADVANCING LAW FOR ANIMALS**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Tel: (202) 996-8389
rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

DANIEL J. KOLDE, ESQ.
**LAW OFFICES OF DANIEL J. KOLDE**
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel: 636.675.5383
Email: daniel.kolde.law@gmail.com
(*pro hac vice application to be filed*)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN  DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

E.L., a minor, by and through her general
guardian, JESSICA LONG; JESSICA LONG, an
individual,
                    Plaintiffs,
          v.
LIEUTENANT JERRY FERNANDEZ, in his
individual capacity; DETECTIVE JACOB
DUNCAN, in his individual capacity;
DETECTIVE JEREMY ASHBEE, in his
individual capacity; SHASTA DISTRICT FAIR
AND EVENT CENTER, a district agricultural
association; COUNTY OF SHASTA; SHASTA
COUNTY SHERIFF'S DEPARTMENT;
MELANIE SILVA, in her individual and official
capacity; BJ MACFARLANE, in his individual
and official capacity; KATHIE MUSE, in her
individual and official capacity, and DOES 1
through 10,

Case No. 2:22-cv-01527-DAD-AC

**DECLARATION OF RYAN R. GORDON IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION TO EXTEND DEADLINE TO OPPOSE COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ECF NO. 99**

Current Opposition Due Date: August 14, 2024

Proposed Due Date: September 4, 2024

**Ex Parte Application Information**
Date: August 07, 2024
Time: NA.
Courtroom: 4, 15th Floor

Trial Date: March 24, 2025

Action Filed: August 31, 202

ADVANCING LAW FOR ANIMALS

**<u>DECLARATION OF RYAN R. GORDON</u>**

I, Ryan Gordon, declare as follows:

1. I am an attorney at law duly licensed to practice law before all the courts of the State of California, as well as admitted to practice in the United States District Courts for the Eastern and Central Districts of California. I am over 18 years of age. I have personal knowledge of the matters set forth herein and, if called upon, I could and would competently testify thereto. I made this declaration in support of Plaintiffs' Ex Parte Application To Extend Deadline To Oppose County Defendants' Motion For Summary Judgment, ECF No. 99.

2. I am the attorney of record for Plaintiff Jessica Long ("Mrs. Long") and her minor daughter, Plaintiff E.L., proceeding by and through her guardian ad litem, Mrs. Long, in the above captioned action.

### Nature Of The Case

3. Plaintiffs have brought civil rights claims following their decision to remove their goat, Cedar, from the Shasta County Fair's Junior Livestock action on June 25, 2022. They allege they bought a young goat, Cedar, who Plaintiff E.L., then nine (9), bonded with after having raised him. The auction was terminal and Cedar would have been sent to slaughter that same evening, so Plaintiffs allege they decided to exercise a minor's right to disaffirm any contract that might have existed to save his life and hide him while they negotiated a resolution with Defendant Shasta District Fair & Event Center (SDF), which demanded Cedar's immediate return. Plaintiffs allege they offered to pay any monies SDF requested and threatened to sue. Nonetheless, officers at the Shasta County Sheriff's Department then, admittedly, drove approximately 500 miles roundtrip from Shasta County to Napa County, then to Sonoma County, where they committed a wrongful search and seizure of Cedar. Plaintiffs allege Cedar was then ultimately slaughtered by agents of SDF and law enforcement without notice and opportunity to be heard in violation of their rights to Due Process, among other things. Plaintiffs' thereafter brought the instant action for claims under § 1983 claims and state law.

### Relevant Facts

4. On July 24, 2024, I traveled to the Philadelphia area to visit my parents. I had not seen

ADVANCING LAW FOR ANIMALS

them since the December 2023. This trip back east was planned for the past several months.

5.     At that time, there was scheduled in this case a Mandatory Settlement Conference (MSC) for August 5, 2024.  Plaintiffs' MSC Statement was due on July 29, 2024.  Both myself, and co-counsel, Vanessa Skakib, diligently worked for multiple days prior to my trip to Philadelphia and during my trip, to prepare the MSC Statement.

6.     On July 29, 2024, I submitted Plaintiffs' MSC Statement and related evidence to Hon. Magistrate Judge Chi Soo Kim.

7.     At that time, in addition to the MSC scheduled for August 5, 2024, the parties also had scheduled for July 30, 2024, an Informal Discovery Conference (IDC) concerning the deposition of minor Plaintiff, E.L., before Hon. Magistrate Judge Allison Claire.

8.     I attended this IDC from the Philadelphia area. Hon. Magistrate Judge Allison Claire ordered the deposition of E.L. go forward on August 13, 2024.

9.     The following day, Wednesday July 31, 2024, while I was still out of town, Defendants Lieutenant Jerry Fernandez, Detective Jacob Duncan, Detective Jeremy Ashbee, and the County of Shasta (collectively, the "County Defendants") filed their Motion for Summary Judgment (ECF 99). Based on Local Rule, Plaintiffs' deadline to file written opposition is August 14, 2024.

10.    At that time, I was still back east with my family and did not even see the filing until Thursday, August 1, 2024.

11.    On Friday, August 2, 2024, I drove approximately 7 hours from the Philadelphia area to Jackson, New Hampshire, to attend a wedding with my wife that weekend.

12.    On Sunday August 4, I drove from Jackson, NH to Logan Airport in Boston and flew back to California late Sunday evening, arriving home shortly after midnight Monday on August 5, 2024.

13.    In the morning, August 5, 2024, I met my co-counsel, Vanessa, and participated in the MSC via zoom.  I left at 8:00 am to meet her for the 10:00 am MSC by Zoom. The MSC lasted until shortly after 6:00 pm. Given Los Angeles traffic, I did not arrive home until 8:30 pm in Orange County.

14.    Plaintiffs' expert disclosures are due August 9, 2024. I am currently coordinating with our experts for the three (3) reports we intend to produce.

ADVANCING LAW FOR ANIMALS

15.     I am also preparing to fly to Redding from Orange County on Monday August 12 through August 13, for the deposition of my minor client, E.L. My co-counsel, Ms. Shakib, will also travel the same dates.

16.     Further, Ms. Shakib, is not only leaving for Redding on August 12-13, but she also has planned a trip this weekend, from August 9-11.

17.     I also have other cases with matters to attend to over the coming days.

**Plaintiffs' Need For The Issuance Of Order Sought**

18.     On August 6, 2024, I discussed settlement with counsel for the County Defendants. In so doing, I also requested an extension of time to oppose their Summary Judgment (ECF 99). I represented that:

    a.  I had been out of town since July 24, 2024, until August 5, 2024;

    b.  Plaintiffs had to prepare for, and attend, the Court's MSC all day on August 5, 2024.  I did not arrive home in Orange County until nearly 8:30 that evening.  Vanessa and I were unable to work on our opposition that day and were, of course, preparing for the MSC the preceding days.

    c.  The parties expert disclosures are due this Friday, August 9, 2024, further complicating Plaintiffs' time to oppose the MSJ by August 14, 2024, as this week we had both the MSC and I am coordinating with experts. Indeed, we have three (3) reports due this week;

    d.  Both Ms. Shakib and I have to fly from Southern California to Redding in Shasta County on Monday August 12, 2024, to attend the deposition of minor Plaintiff E.L. set for August 13, 2024, which makes responding to the MSJ by August 14, 2024, nearly impossible.

    e.  My co-counsel Ms. Shakib is out of town this weekend on a pre-planned matter.

19.     I explained that the issues above made it impossible for Ms. Shakib and I to file an adequate opposition to County Defendants' MSJ by August 14, 2024.

ADVANCING LAW FOR ANIMALS

### Plaintiffs Are Unable To Obtain Stipulation

20.     Notwithstanding our request for a reasonable extension based on the grounds above, County Defendants' refuse to stipulate to any extension.  I have reason to believe their actions are purposed at forcing Plaintiffs to accept a mediator's proposal of settlement (which is referenced in ECF 100), which Plaintiffs are still considering in good faith.  (A true and correct copy of my firm's communications regarding this Application, and  County Defendants' refusal to stipulate, are attached hereto as **Exhibit A**. \*\* *Note that the exhibit is an email chain, with the most recent emails at the beginning and the oldest at end of the chain*.)

21.     If the roles were reversed here, my office would grant such an extension.

22.     Plaintiffs and my office have accommodating to every extension requested of us by all parties in this case. For example, we stipulated to an extension to the Attorney General's office, which is representing various defendants in this matter, to oppose Plaintiffs' anti-SLAPP motion (ECF 39), despite the fact that the AG's office had missed its response deadline by a month. (See ECF 44.)

### Plaintiffs Are Prejudiced Absent Relief

23.     If no extension is granted, Plaintiffs will be severely prejudiced.  We intend to file a robust opposition defeating all of County Defendants' arguments and we simply do not have time to do so before August 14, 2024. If Plaintiffs are not afforded adequate time to oppose the County Defendants' motion, the consequences could be disastrous, as the Court might dismiss Plaintiffs' claims, which have merit.

### Ex Parte Relief Is Necessary Because There Is Insufficient Time For Noticed Motion

24.     This request cannot be made by noticed motion because there is not sufficient time. Local Rule 233 governs motions for administrative relief, such as a request for an extension of time to respond. That rule states any opposition to such a motion is due five (5) days after the motion is filed.  Thus, Local Rule 233 implies that any order for a motion for administrative relief can take up to five (5) days.  Plaintiffs' opposition to County Defendants' MSJ is due in five (5) court days from today.  Accordingly, Plaintiffs cannot risk waiting until the day their opposition is due for a ruling on

1  their request for an extension.  Ex parte relief is therefore necessary.

2

3  **County Defendants Were Notified Of This Ex Parte Application And Stated They Will Oppose**

4       25.     On August 6, 2024, I informed County Defendants' attorney, Damian Northcutt, on the

5  phone that Plaintiffs would seek ex parte relief if no stipulation was provided.

6       26.     On August 7, 2024, when County Defendants denied our request, their attorney Mr.

7  Northcutt represented they would oppose the ex parte application. (**See Ex. A**. )

8

9       I declare under the penalty of perjury under the laws of the United States of America that the

10  foregoing is true and correct. Executed on August 7, 2024.

11

12                       By:_____/s/Ryan Gordon_____
                                   Ryan Gordon

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RYAN GORDON IN PLAINTIFFS' EX PARTE APPLICATION FOR EXTENSION OF TIME

# EXHIBIT A



Ryan Gordon <rgordon@advancinglawforanimals.org>

---

## Long v. Shasta -- Ex Parte Application

**Ryan Gordon** <rgordon@advancinglawforanimals.org>                    Wed, Aug 7, 2024 at 2:19 PM
To: Damian Northcutt <Damian.Northcutt@bbklaw.com>
Cc: Vanessa Shakib <vshakib@advancinglawforanimals.org>, Kathy Rockenstein <kathy.rockenstein@bbklaw.com>

Hi Damian,

As I explained on the phone,

    a.  I had been out of town since July 24, 2024, until August 5, 2024;

    b.  We were in mediation all day Monday;

    c.  The parties expert disclosures are due August 9, 2024, further complicating Plaintiffs' time to respond, as this week we had the MSC and I am coordinating with experts. We have three (3) reports due this week;

    d.  Both Vanessa and I have to travel to Redding in Shasta County on Monday August 12, 2024, to attend the deposition of minor Plaintiff E.L. set for August 13, 2024, which makes responding to the MSJ by August 14, 2024, nearly impossible.

    e.  Vanessa is out of town from this Friday to Sunday on a pre-planned matter (then she returns and we immediately fly to Shasta for depo)

These are valid bases for an extension. I understand your clients' desire to push my client but I believe their position here won't be well-received by the court. This is a simple stipulation which you know we'd grant if the roles were reversed.

We're filing the ex parte shortly because we really can't wait. LR 233 is the vehicle for admin motions (which include extensions) and that procedure can take up to 5 days for a ruling. So we need to do the ex parte quickly because Vanessa and I can't afford to wait 5 days. If you want to call my cell I'm around.

Best regards

Ryan Gordon, Esq.
Co-Director
**Advancing Law for Animals**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Phone: (202) 996-8389
rgordon@advancinglawforanimals.org



On Wed, Aug 7, 2024 at 12:23 PM Damian Northcutt <Damian.Northcutt@bbklaw.com> wrote:

Vanessa,

No one is trying to strong arm anyone into settlement.  Our MSJ was filed on 7/31.  Local Rule 230 provide the timeframe for the opposition.  Ryan mentioned that you both are very busy, but did not give a basis why you cannot oppose the MSJ timely, particularly where there are two of you handling this case.  Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief.  (*Souphasith v. ITT Hartford Life & Annuity Ins. Co.*, No. 115CV01269DADSKO, 2016 WL 4011510, at *4 (E.D. Cal. July 26, 2016).  What is the emergency basis here?  The 14 day deadline is not a basis.  "Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. "  (Aoki v. Gilbert, No. 2:11-CV-02797-TLN, 2013 WL 2474877, at *1 (E.D. Cal. June 7, 2013) What is the good cause to extend the opposition date?



**Damian Northcutt**
Of Counsel
damian.northcutt@bbklaw.com
T: (909) 466-4903 | C: (909) 809-4372
bbklaw.com | 🔗 📷

**From:** Vanessa Shakib <vshakib@advancinglawforanimals.org>
**Sent:** Wednesday, August 7, 2024 11:52 AM
**To:** Damian Northcutt <Damian.Northcutt@bbklaw.com>
**Cc:** Ryan Gordon <rgordon@advancinglawforanimals.org>; Kathy Rockenstein <kathy.rockenstein@bbklaw.com>
**Subject:** Re: Long v. Shasta -- Ex Parte Application

CAUTION - EXTERNAL SENDER.

Hi Damian,

Understood. I don't understand your email; we cannot put meaningful energy into settling this case if we need to begin drafting our opposition to your MSJ.

Additionally, our ex parte is an administrative motion that will all but certainly be granted, as we have grounds for our request, as described by Ryan to you in your phone call yesterday. Given this context, your clients desire to strong-arm us into a settlement is not valid grounds upon which to oppose our extension request generally, or our ex parte application.

Thanks,

Vanessa

On Wed, Aug 7, 2024 at 11:43 AM Damian Northcutt <Damian.Northcutt@bbklaw.com> wrote:

> Hi Vanessa,
>
> I wish we were putting more effort towards settling this case, instead of further filings with the court.  If you do intend to go in *ex parte* to alter the MSJ opposition date, the County Defendants will oppose it.
>
> Damian
>
> **Damian Northcutt**
>
> Of Counsel
>
> damian.northcutt@bbklaw.com
>
> T: (909) 466-4903 | C: (909) 809-4372
>
> bbklaw.com |
>
> **From:** Vanessa Shakib <vshakib@advancinglawforanimals.org>
> **Sent:** Wednesday, August 7, 2024 11:09 AM
> **To:** Damian Northcutt <Damian.Northcutt@bbklaw.com>
> **Cc:** Ryan Gordon <rgordon@advancinglawforanimals.org>
> **Subject:** Long v. Shasta -- Ex Parte Application

CAUTION - EXTERNAL SENDER.

Hi Damian,

I hope you're doing well. I'm following up, as I understand the County denied our request for an extension of time to file an opposition to the County's MSJ for unknown reasons, as well as a cited inability to alter briefing deadlines.

Per Section III of Judge Drozd's standing order, we must include in our ex parte application whether you intend to file an opposition. Please let us know.

Thanks,

Vanessa

---------- Forwarded message ---------
From: **Damian Northcutt** <Damian.Northcutt@bbklaw.com>
Date: Wed, Aug 7, 2024 at 10:24 AM
Subject: re: Long v. Shasta
To: Ryan Gordon <rgordon@advancinglawforanimals.org>
Cc: Kathy Rockenstein <kathy.rockenstein@bbklaw.com>

Hi Ryan,

I spoke with my clients, and they will not stipulate to extend the deadline for you to file an opposition to the MSJ. In fact, they do not think they can move the deadline as it set by E.D. Local Rule 230.

Please feel free to give me a call if you wish to discuss further.

Damian

**Damian Northcutt**

Of Counsel

damian.northcutt@bbklaw.com

T: (909) 466-4903 | C: (909) 809-4372

bbklaw.com

--

Vanessa Shakib

**Advancing Law for Animals**

Co-Founder | Co-Director

--

Vanessa Shakib

**Advancing Law for Animals**

Co-Founder | Co-Director