JEFFREY V. DUNN, Bar No. 131926
jeffrey.dunn@bbklaw.com
CHRISTOPHER M. PISANO, Bar No. 192831
christopher.pisano@bbklaw.com
DAMIAN A. NORTHCUTT, Bar No. 258183
damian.northcutt@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, California  92612
Telephone:    (949) 263-2600
Facsimile:    (949) 260-0972

Attorneys for Defendants
COUNTY OF SHASTA; SHASTA COUNTY
SHERIFF'S DEPARTMENT; LIEUTENANT JERRY
FERNANDEZ, DETECTIVE JACOB DUNCAN, and
DETECTIVE JEREMY ASHBEE

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,<br><br>              Plaintiffs,<br><br>        v.<br><br>LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual; DETECTIVE JEREMY ASHBEE, in his individual capacity; and DOES 1 through 10,<br><br>              Defendants. | Case No. 2:22-cv-01527-DAD-AC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO EXTEND DEADLINE TO OPPOSE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ECF NO. 99**<br><br>Action Filed:    August 31, 2022<br>Trial Date:     October 7, 2024 |

2:22-CV-01527-DAD-AC
DEFENDANTS' OPPOSITION TO
PLAINTIFF'S EX PARTE APPLICATION
TO EXTEND DEADLINE TO OPPOSE
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT, ECF NO. 99

55398.00040\42546287.1

I.      **INTRODUCTION**

The County of Shasta, Shasta County Sheriff's Department, Lieutenant Jerry Fernandez, Detective Jacob Duncan, and Detective Jeremy Ashbee (collectively "County Defendants") filed their Motion for Summary Judgment/Summary Adjudication ("MSJ") on July 31, 2024.  Per Local Rule 230, Plaintiffs' opposition is due August 14, 2023.  Rather, than timely file their opposition in compliance with the rules, Plaintiffs now seek, by way of *ex parte* motion, an extension to file their opposition to the MSJ.  Plaintiffs' request should be denied Plaintiffs have not presented an adequate showing of good cause or irreparable injury.[1]  Plaintiffs being busy, out of office, or travelling is not a sufficient basis to grant *ex parte* relief.

II.     **LOCAL RULE 230 REQUIRES THAT AN OPPOSITION TO A MOTION BE FILED WITHIN 14 DAYS**

Under Eastern District Local Rule 230(c), "Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed." (U.S. Dist. Ct., Local Civ. Rules, Eastern Dist. Cal., rule 230.)

In this case, County Defendants' MSJ was filed on July 31, 2024.  Thus, Plaintiffs have until August 14, 2023 to file their opposition.  Plaintiffs waited seven days from the time of the filing of the MSJ to file their *Ex Parte Application,* and still had 7 days to draft an opposition.  Rather, than simply draft their Opposition, Plaintiffs now want this Court to drop everything to address their request for an extension.  (*See, Beard v. Cnty. of Stanislaus, No. 121CV00841ADASAB, 2022 WL 12073987, at *4 (E.D. Cal. Oct. 20, 2022)* ("*Beard*") ["When an ex parte motion is filed, ... the judge drops everything except other urgent matters to study the papers ... Other litigants are relegated to a secondary priority. The judge stops processing other motions. Even hearings or trials—where a courtroom full of deserving users of the court are

---

[1] Plaintiffs have also failed to submit a proposed motion.  (*See, Beard v. Cnty. of Stanislaus, No. 121CV00841ADASAB, 2022 WL 12073987, at *4 (E.D. Cal. Oct. 20, 2022)* at *4 ["An ex parte motion should never be submitted by itself. It must always be accompanied by a separate proposed motion for the ultimate relief the party is seeking."

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

2:22-CV-01527-DAD-AC
DEFENDANTS' OPPOSITION TO
PLAINTIFF'S EX PARTE APPLICATION
TO EXTEND DEADLINE TO OPPOSE
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT, ECF NO. 99

1   waiting—are often interrupted or delayed."].

2         Plaintiffs' Ex Parte Application should be denied.

3   **III.      PLAINTIFFS HAVE NO GOOD CAUSE FOR THEIR EX PARTE APPLICATION**

4         In *Beard, supra,* 2022 WL 12073987, at *3, the Court stated "Once more, the Court is

5   compelled to explain to the parties that **ex parte motion 'are rarely justified**.'"  (citing, *Mission*

6   *Power Eng'g Co. v. Cont'l Cas. Co.* ("*Mission Power*"), 883 F. Supp. 488, 490 (C.D. Cal. 1995)

7   [Emphasis added.].

8         An application to proceed ex parte is available **only in limited circumstances** for good

9   cause shown. (*Horne v. Wells Fargo Bank, N.A.,* 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013)

10  ("*Horne*") [Emphasis added.].  The "opportunities for legitimate ex parte applications are

11  extremely limited." (*In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)

12  ("*Intermagnetics*"). *See also , Mission Power supra,*  883 F.Supp. at 489 [Stating that to be

13  proper, an ex parte application must demonstrate that there is good cause to allow the moving

14  party to "go to the head of the line in front of all other litigants and receive special treatment"].

15  "... [E]x parte applications contravene the structure and spirit of the Federal Rules of Civil

16  Procedure and the Local Rules of this court. Both contemplate that noticed motions should be the

17  rule and not the exception ... They demand priority consideration, where such consideration is

18  seldom deserved. In effect, they put the applicant 'ahead of the pack,' without cause or

19  justification."  (*Horne, supra,* 969 F. Supp. 2d at 1205.)

20        The use of such the *ex parte* procedure is justified only when (1) there is a threat of

21  immediate or irreparable injury; (2) there is danger that notice to the other party may result in the

22  destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that

23  cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the

24  time within which a motion may be brought).  (Horne, *supra,* 969 F. Supp. 2d at 1205.)

25        Importantly, "The moving party must be "without fault" in creating the need for ex parte

26  relief or establish that the "crisis [necessitating the ex parte application] occurred as a result of

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

55398.00040\42546287.1

2:22-CV-01527-DAD-AC
DEFENDANTS' OPPOSITION TO
PLAINTIFF'S EX PARTE APPLICATION
TO EXTEND DEADLINE TO OPPOSE
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT, ECF NO. 99

1   excusable neglect."  Moore v. Chase, Inc., No. 1:14-CV-01178-SKO, 2015 WL 4636750, at *3

2   (E.D. Cal. Aug. 3, 2015) ("*Moore*").

3          *Ex parte* proceedings are exclusively reserved for emergency circumstances. (*Langer v.*

4   *McHale*, 2014 WL 4922351, at *2 (S.D. Cal. Aug. 20, 2014).)  Here, there is no emergency

5   circumstance justifying *ex parte* relief.  Indeed, <u>Plaintiffs still have almost an entire week to draft</u>

6   <u>their Opposition to the County Defendants' MSJ.</u>  Moreover, there is no good cause justifying

7   their application.  There are two (2) competent attorneys representing Plaintiffs who can draft a

8   timely opposition in compliance with the Local Rules.

9          Furthermore, Plaintiffs' counsel are at fault for creating the need for the *ex parte* relief

10  they seek.  Plaintiffs have fourteen days to draft an opposition under the Local Rules.  The reason

11  Plaintiffs allegedly cannot timely file an opposition is because of things such as: (1) visiting

12  family (*Declaration of Ryan Gordon* ("*Gordon Decl.*") ¶10); (2) attending a wedding (*Gordon*

13  *Decl.,* ¶11); (3) and traveling (*Gordon Decl.* ¶12) (*Declaration of Vanessa Shakib* ("*Shakib Decl.,*

14  ¶1)[2].  These are not a basis for *ex parte* relief.

15         Plaintiffs' counsel's other arguments similarly lack merits.  Plaintiffs counsel filed his

16  MSC Statement on July 29, 2024, *before* the County Defendants' even filed their MSJ. (*Gordon*

17  *Decl.,* ¶6.) The informal discovery conference on July 31, 2024, occurred *before* the County

18  Defendants filed their MSJ and lasted all of approximately one hour or less.  (*See, Declaration of*

19  *Damian A. Northcutt,* ¶3; *See,* ECF No. 98 – Minute Order filed  7/30/24 at 10:58 a.m.)

20  Moreover, there is no reason why one of Plaintiffs' attorneys could have attended the mandatory

21  settlement conference on August 4, 2024, while the other one worked on preparing an opposition

22  to the MSJ.  The same is true of the upcoming deposition of E.L.

23         Additionally, Plaintiffs' counsel has known since June 3, 2024 that expert disclosures are

24  due on August 9, 2024 (*See,* ECF No. 84.); therefore, "coordinating" with experts about reports is

[2] The Court should note that Ms. Shakib provides no explanation as to why she will be "…out [of the] office and travelling from August 9-11 and August 14-20."  (*Shakib Decl.,* p. 2, ln. 8.)  Mr. Gordon is also vague as to his caseload simply stating "I also have other cases with matters to attend to over the coming days.  (*Gordon Decl.,* p. 4, ln. 6.)

2:22-CV-01527-DAD-AC
DEFENDANTS' OPPOSITION TO
PLAINTIFF'S EX PARTE APPLICATION
TO EXTEND DEADLINE TO OPPOSE
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT, ECF NO. 99

55398.00040\42546287.1

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

1    not a reason why Plaintiffs cannot timely file their opposition to County Defendants' MSJ.

2    **IV.    CONCLUSION**

3        Simply being busy is not a sufficient basis for *ex parte* relief.  If it were, almost all

4    counsel could request an extension of the 14-day deadline in Local Rule 230, thereby gutting the

5    very purpose of the rule.  *Ex Parte* relief is appropriate only in <u>extremely limited circumstances</u>,

6    where there is an emergency, and the party shows good cause or irreparable harm.  Even then, *ex*

7    *parte* relief is only warranted when the party seeking the relief did not create the urgent situation.

8        Here, Plaintiffs have not set forth good cause justifying *ex parte* relief.  Plaintiffs have not

9    shown an emergency or irreparable injury.  Indeed, Plaintiffs still had seven (7) days to file an

10   opposition to the MSJ when they filed their *ex parte* Application.  Instead of spending time

11   drafting and filing the *ex parte* Application and accompanying declarations, Plaintiffs' counsel

12   could have been drafting Plaintiffs' opposition to the MSJ.

13       Given the foregoing, the County Defendants respectfully request that the Court deny

14   Plaintiffs' *Ex Parte* Application to extend the deadline to oppose the County Defendants' MSJ.

15

16   Dated: August 8, 2024                    BEST BEST & KRIEGER LLP

17

18                                            By: */s/ Damian A. Northcutt*
19                                            JEFFREY V. DUNN
                                              CHRISTOPHER M. PISANO
20                                            DAMIAN A. NORTHCUTT

21                                            Attorneys for Defendants
                                              COUNTY OF SHASTA; SHASTA
22                                            COUNTY SHERIFF'S DEPARTMENT;
                                              LIEUTENANT JERRY FERNANDEZ,
23                                            DETECTIVE JACOB DUNCAN, and
                                              DETECTIVE JEREMY ASHBEE

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CALIFORNIA 92612

55398.00040\42546287.1

2:22-CV-01527-DAD-AC
DEFENDANTS' OPPOSITION TO
PLAINTIFF'S EX PARTE APPLICATION
TO EXTEND DEADLINE TO OPPOSE
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT, ECF NO. 99