RYAN R. GORDON (SBN 278414)
VANESSA T. SHAKIB (SBN 287339)
**ADVANCING LAW FOR ANIMALS**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Tel: (202) 996-8389
rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

DANIEL J. KOLDE, ESQ.
**LAW OFFICES OF DANIEL J. KOLDE**
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel: 636.675.5383
Email: daniel.kolde.law@gmail.com
(*pro hac vice application to be filed*)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN  DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,<br><br>             Plaintiffs,<br>       v.<br>LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual capacity; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district agricultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual and official capacity; BJ MACFARLANE, in his individual and official capacity; KATHIE MUSE, in her individual and official capacity, and DOES 1 through 10, | Case No. 2:22-cv-01527-DAD-AC<br><br>**DECLARATION OF VANESSA SHAKIB IN SUPPORT OF MOTION TO APPROVE SETTLEMENT OF A MINOR'S CLAIM**<br><br>Date: Tuesday, November 5, 2024<br>Time: 1:30 pm<br>Courtroom: 4, 15th Floor<br><br>Trial Date: March 24, 2025<br><br>Action Filed: August 31, 2022 |

ADVANCING LAW FOR ANIMALS

**ADVANCING LAW FOR ANIMALS**

## <u>DECLARATION OF VANESSA SHAKIB</u>

I, Vanessa Shakib, declare as follows:

1.     I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify thereto. I am a member in good standing of the bar of the State of California and District of Columbia, and am admitted before this Court. I respectfully submit this declaration in support Plaintiff E.L.'s Motion to Approve Settlement of A Minor's Claim.

2.     Along with Mr. Ryan Gordon, I am the attorney of record for Plaintiff Jessica Long ("Mrs. Long") and her minor daughter, Plaintiff E.L., proceeding by and through her guardian ad litem, Mrs. Long, in the above captioned action.

3.     Since filing this action on August 31, 2022, Mr. Gordon and I have worked zealously to advance the interests of Mrs. Long and E.L. in this hard-fought litigation.

4.     The Second Amended Complaint, the operative pleading, alleges causes of action against Lieutenant Fernandez, Detective Duncan, Detective Ashbee, County of Shasta, Shasta County Sheriff's Department (collectively, "County Defendants), Ms. Melanie Silva, Mr. B.J. Macfarlane, Shasta District Fair & Event Center, and Mrs. Kathie Muse (collectively, "Remaining Defendants").

5.     Seeking to differentiate tasks as between County Defendants and Remaining Defendants where possible, and apportioning time where tasks pertain to all, Mr. Gordon and I have collectively expended approximately 550 hours in attorney time with respect to the County Defendants alone. Based on my professional experience and duration of practice, my Los Angeles hourly rate is $850.

6.     Among other tasks, with respect to County Defendants, I personally drafted, reviewed, and/or propounded, in collaboration with Mr. Gordon, nineteen sets of written discovery requests on County Defendants; reviewed County Defendants' document production and responses to Plaintiffs' discovery requests; reviewed and prepared responses to, in collaboration with Mr. Gordon, discovery requests propounded by County Defendants on Plaintiffs; travelled to Shasta County, prepared for, attended, and reviewed the transcript of Defendant Lieutenant Fernandez's

**ADVANCING LAW FOR ANIMALS**

deposition on August 21, 2023; travelled to Shasta County, prepared for, attended, and reviewed the transcript of Defendant Detective Jacob Duncan's deposition on August 22, 2023; travelled to Shasta County, prepared for, attended, and reviewed the transcript of Defendant Detective Jeremy Ashbee's deposition on August 23, 2023; travelled to Shasta County, prepared for, attended, and reviewed the transcript of Defendant Shasta County Sheriff Department's person most knowledgeable Captain Gunsaul's deposition, Volume 1, on August 23, 2023; travelled to Shasta County, prepared for, attended, and reviewed the transcript of Mrs. Long's deposition, Volume 1, on August 24, 2023; prepared for, attended, and reviewed the transcript of Defendant Shasta County Sheriff Department's person most knowledgeable Captain Gunsaul's deposition, Volume 2, on October 4, 2023 by remote means; prepared for, attended, and reviewed the transcript of E.L.'s deposition on August 13, 2024 by remote means; met and conferred with County Defendants' counsel on a variety of matters including various discovery issues, settlement discussions, extension requests, proposed amended complaints, and discovery issues related to Sheriff Michael Johnson and District Attorney Stephanie Bridgett; legal researched, drafted, and otherwise prepared, in collaboration with Mr. Gordon, Plaintiffs' confidential Settlement Conference Statement, ECF No. 97; attended the day-long Mandatory Settlement Conference, along with Mr. Gordon and Mrs. Long, held before Hon. Magistrate Judge Chi Soo Kim on August 5, 2024; and legal researched, drafted, and otherwise began preparing Plaintiffs' opposition to County Defendants' Motion for Summary Judgement, ECF No. 99, 101-103, now mooted by the instant settlement.

7.      In addition to the non-exhaustive description in the preceding paragraph, and other matters described in the Declaration of Mr. Gordon, this case presented unique discovery issues requiring additional and extensive attorney time. As briefed in other filings, *see, e.g.*, ECF No. 87, deposition testimony of multiple individuals in this case conflicted with other available evidence. Contradictions and inconsistencies across various portions of deposition testimony, phone records, and other evidence prejudiced Plaintiffs by interfering with Plaintiffs' ability to ascertain the true timeline of events giving rise to their legal claims, all individuals involved in Cedar's illegal slaughter, and ultimately, what happened to Cedar's body and why.

8.      While the contradictory and inconsistent portions of deposition testimony were numerous, relevant specifically to County Defendants, Defendant Lieutenant Fernandez offered deposition testimony that contradicted the declaration of Sheriff Michael Johnson, and Remaining Defendant Mr. Macfarlane, in the second volume of his deposition, retracted prior testimony regarding Sheriff Michael Johnson.

9.      To mitigate prejudice caused by inconsistent and contradictory deposition testimony, Plaintiffs' counsel subpoenaed various telephone records and other documents to uncover the true facts giving rise to Cedar's illegal seizure and slaughter. To that end, Mr. Gordon and I subpoenaed various non-parties and filed related motions to compel. *See, e.g.*, ECF Nos. 51-59, 61-64, 78, 87, 89-91. While much of these efforts were attributable to bad-faith conduct of Remaining Defendants, these efforts were also in part attributable to inconsistent and contradictory testimony and evidence relating to the Shasta County Sheriff's Office and Sheriff Johnson.

10.     To offset prejudice to Plaintiffs, I personally reviewed and analyzed all six sets of phone records obtained in this case, and triangulated these records with other documents subpoenaed from non-parties, all deposition testimony, as well as all other evidence obtained through discovery. Due to the fact-intensive nature of this case and the volume of relevant phone calls and other events, I created a master log of all relevant activity from June 25, 2022 to September 1, 2022. Plaintiffs submitted a portion of this master log with prior filings. *See, e.g.*, ECF 89-2.

11.     For the reasons above and more, Mr. Gordon and I have worked diligently to litigate this case on behalf of Mrs. Long and E.L.

12.     Mr. Gordon and I undertook representation of Mrs. Long and E.L. on a contingency basis, spent significant hours on the case (collectively, approximately 550 hours with respect to County Defendants alone), advanced all costs ($24,202.03 with respect to County Defendants specifically, and approximately $50,000 to date, although over $60,000 in total has been incurred), have specialized knowledge of which few other attorneys specialize, and generated a recovery that exceeds the apparent average award for similar cases.

13.     I am an expert in the multidisciplinary field of animal law, and am uniquely suited to address the novelty and difficulty of the legal questions involved in this case with requisite skill. I

am co-founder and co-director of Advancing Law for Animals ("ALA"). ALA is a nonprofit law firm specializing in issues impacting animals in food production and experimentation. I also maintain my own practice, Shakib Law, PC, where I consult on a variety of legal matters.

14.     In addition to the practice of animal law, I am deeply invested in educating existing and future practitioners in the field.

15.     I teach animal law as an Adjunct Associate Professor of Law at Southwestern Law School in Los Angeles, California, and was recognized as 2022-2023 Student Bar Association Adjunct Professor of the Year. I am a founding member and sit on the Executive Committee of the Los Angeles County Bar Association Animal Law Section.

16.     I regularly present talks as an invited expert in animal law both nationally and abroad, including, most recently, for the Beverly Hills Bar Association (March 18, 2024), Animal Law Conference (Oct. 21, 2023), North American Animal Law Conference (Sep. 29, 2023), University of Denver Sturm College of Law (Sep. 19, 2023), Oxford Animal Ethics Summer School (Aug. 9, 2023), among others.

17.     I have significant experience in the field of animal law, including its intersection with administrative law and constitutional law. For example, regarding administrative law, I litigated against the United States Department of Agriculture, challenging various portions of an agency document governing animals regulated under the federal Animal Welfare Act as illegally-promulgated regulations. Following dispositive motion practice, this case settled favorably, including, among other things, the complete elimination of an allegedly illegal regulation and recovery of attorneys' fees subject to the Equal Access to Justice Act. *Missouri All. for Animal Legis,. et al v. U.S. Dep't of Agric.,* No. 1:19-cv-02087-DLF (D.D.C.).

18.     For example, regarding administrative law, I am currently litigating against the United States Department of Health and Human Services and National Institutes of Health, challenging various portions of agency documents pertaining to foreign recipients of federal funds for animal experimentation as unlawful or otherwise *ultra vires* provisions, as they contradict the express words of a federal statute. I recently prevailed in opposing a motion to dismiss this case on various grounds, including lack of Article III standing and prudential standing. *White Coat Waste*

*Project, Inc. v. U.S. Dep't of Health & Hum. Servs.,* No. 1:22-CV-00006 (CJN), 2023 WL 4930093 (D.D.C. Aug. 2, 2023). This litigation is ongoing.

19.    For example, regarding constitutional law, I am currently co-counsel in litigation against Washington Metropolitan Area Transit Authority, alleging advertisements regarding animal experimentation were unlawfully rejected in violation of the First Amendment. *White Coat Waste Project, Inc. v. WMATA,* No. 23-1866-JEB (D.D.C.). This litigation is ongoing.

20.    I have also litigated various cases involving violations of state law against private companies using animals, whether for food or experimentation, as well as against various local government entities.

21.    Prior to practicing animal law, I worked at Ahdoot & Wolfson, PC, where I specialized in complex class action and public interest litigation. I worked as an associate on a variety of cases, including, for example: *Eck v. City of Los Angeles*, No. BC577028 (Cal. Super. Ct.) ($295 million class settlement in case alleging unlawful 8% surcharge on Los Angeles electricity rates); *Lavinsky v. City of Los Angeles*, No. BC542245 (Cal. Super. Ct.) ($91 million class settlement in case alleging unlawful utility tax overcharge); *Pantelyat v. Bank of America, N A.*, No. 1:16-cv-08964-AJN (S.D.N.Y.) ($22 million class settlement, representing approximately 80% of total revenues gleaned by the bank's allegedly improper overdraft fees); *Carter, et al. v. General Nutrition Centers, Inc. and GNC Holdings, Inc.*, No. 2:16-cv-00633-MRH (W.D. Pa.) ($6 million class settlement in a "false discount" class action involving products for sale on the GNC website).

22.    I graduated with a Bachelor of Arts from the University of Southern California in 2009, and graduated with a juris doctor from Anton Scalia Law School, George Mason University in 2012. Upon passing the bar in 2012, I began the practice of law as an associate at Wasserman, Camden, Casselman & Esensten, LLP, where I specialized in general business litigation and public-entity liability, including inverse condemnation.

23.    Given my experience as a litigator and expertise in the multidisciplinary field of animal law, and for all the reasons explained in the concurrently-filed Motion to Approve Settlement of a Minor's Claim, I believe the settlement before this Court is fair, reasonable, and exceeds the apparent average award for similar cases.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 19th day of  September, 2024 in Los Angeles, California.

_____
Vanessa Shakib

DECLARATION OF VANESSA SHAKIB IN SUPPORT OF MINOR'S COMPROMISE