RYAN R. GORDON (SBN 278414)
VANESSA T. SHAKIB (SBN 287339)
**ADVANCING LAW FOR ANIMALS**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Tel: (202) 996-8389
rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

DANIEL J. KOLDE, ESQ.
**LAW OFFICES OF DANIEL J. KOLDE**
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel: 636.675.5383
Email: daniel.kolde.law@gmail.com
(*pro hac vice application to be filed*)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,<br>　　　　Plaintiffs,<br>　　v.<br>LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual capacity; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district agricultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual and official capacity; BJ MACFARLANE, in his individual and official capacity; KATHIE MUSE, in her individual and official capacity, and DOES 1 through 10, | Case No. 2:22-cv-01527-DAD-AC<br><br>**DECLARATION OF JESSICA LONG IN SUPPORT OF MOTION TO APPROVE SETTLEMENT OF A MINOR'S CLAIM**<br><br>Date: Tuesday, November 5, 2024<br>Time: 1:30 pm<br>Courtroom: 4, 15th Floor<br><br>Trial Date: March 24, 2025<br><br>Action Filed: August 31, 2022 |

## **DECLARATION OF JESSICA LONG**

I, Jessica Long, declare as follows:

1. I am over the age of eighteen. I have personal knowledge of the facts set forth in this declaration and if called as a witness could and would competently testify thereto. I submit this declaration in support Plaintiff E.L.'s Motion to Approve Settlement of Minor's Claims.

2. I am a Plaintiff in this matter and have been appointed guardian ad litem by this Court for my minor daughter, Plaintiff E.L., as of January 17, 2023. ECF No. 13.

3. E.L. was nine (9) years old during the events giving rise to the claims alleged in the Second Amended Complaint (SAC). She is currently eleven (11) years of age.

4. The facts I provide here are not exhaustive, as I am trying to be respectful of the Court's time and resources by presenting no more information than necessary for the present motion.

5. This case involves the loss of our goat, Cedar, around July 2022, as well as issues involving law enforcement, 4-H, and the Shasta County Fair. Because of those issues, and given that my family resides in an almost rural area with a strong agricultural footprint (Redding, California), finding a qualified local attorney with no ties or preferences towards defendants was very challenging.

6. Attorney Ryan Gordon was recommended to me because he had experience with litigation related to 4-H terminal sales.

7. I was able to get in touch with Mr. Gordon around early July 2022. He was getting married at that time, but still provided advice and worked with me during the events at issue. Fortuitously, my daughter and I (collectively, "Plaintiffs") ultimately retained Ryan Gordon and Vanessa Shakib at Advancing Law for Animals to represent us in this action, filed on August 31, 2022.

8. While I understood that this case could potentially be very time consuming, I had no idea that it would be as much work as it has been. Mr. Gordon and Ms. Shakib have gone far above and beyond my expectations to achieve the instant settlement with Defendants the County of Shasta, the Shasta County Sheriff's Department, Lieutenant Fernandez, Detective Jeremy Ashbee, and Detective Jacob Duncan (collectively, the "County Defendants").

9. With respect to settlement issues, I have been apprised and advised by my attorneys on those matters throughout this case. Additionally, I recently attended and participated in a Mandatory Settlement Conference before Magistrate Judge Chi Soo Kim at the August 5, 2024.

10. Based on my careful consideration of the case and all matters relevant to settlement, I believe the instant settlement is fair and reasonable for my daughter, E.L. Although E.L. is a co-plaintiff with me on the same claims against the County Defendants, our claims were more directed at the County Defendants' alleged improper investigation of me without probable cause and wrongful seizure/turnover of Cedar purportedly for the same reasons. Whereas, E.L.'s primary damages arise of out the emotional and economic harm caused by the death of Cedar--and the non-settling defendants who will remain in this case are apparently the ones who killed Cedar.

11. Accordingly, I believe E.L.'s $100,000 settlement portion, minus 35% in attorneys' fees, with a net recovery of $65,000, is fair and reasonable, especially given that E.L.'s remaining damages (from the actual killing of Cedar) can, and will, be sought against the non-settling defendants. As guardian ad litem for E.L., I seek approval of this settlement via this motion.

12. My only hesitation in accepting the instant settlement was the waiver of my attorneys' abilities to collect full fees for their work against the County Defendants. It is my understanding that, had Plaintiffs prevailed on our 42 U.S.C.A. § 1983 claims against the County Defendants, my attorneys would then be able to petition the Court for fees under 42 U.S.C.A. § 1988. Under the instant settlement, however, my attorneys' respective share of settlement proceeds is far less than the market rate for all the hours they devoted to Plaintiffs' claims against the County Defendants. As my attorneys have worked significant hours for my family, both without pay and while fronting all costs, I wanted them to be compensated fully for their efforts. But, given the risks of litigation, as well as other considerations, such as the time and resources needed to prepare for trial, as well as the personal toll this action takes on me and my daughter, my attorneys and I are in agreement that the instant settlement is in my daughter's best interest. I also believe the instant settlement is a strong result; I have based my decision on my own experiences, on discussions with counsel, on discussions with Magistrate Judge Chi Soo Kim at the August 5, 2024 Mandatory Settlement Conference, and on carefully weighing the risks, costs, and benefits.

13. I fully believe that no other attorneys would have worked as hard for me and my daughter as Mr. Gordon and Ms. Shakib have, given, among other things, the risk associated with animal-related property claims, the lack of funds my family had available for litigation, and the costs involved in such a discovery intensive case.

14. With respect to the settlement funds E.L. will receive, my husband and I have retained settlement counsel and accountants to help us establish the Long Family Settlement Trust (the "Trust"), a Qualified Settlement Fund established by the Eastern Point Trust Company. We request approval to have E.L.'s $65,000 in net settlement proceeds from the County Defendants placed in that Trust, where the funds will be held, managed, and invested on her behalf, with no distribution or benefits to anyone, except E.L. when she reaches eighteen (18) and is granted access at that time.

15. I request that the Court approve E.L.'s settlement on the terms outlined in the concurrently filed motion and memorandum.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 18th day of September, 2024, at Redding, California.

*[Signature]*

**Jessica Long**