UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LONG, et al., | No. 2:22-cv-01527-DAD-AC |
| Plaintiffs, | |
| v. | ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF A MINOR'S CLAIM |
| JERRY FERNANDEZ, et al., | |
| Defendants. | (Doc. No. 110) |

On September 27, 2024, plaintiff E.L., by and through her mother and guardian *ad litem*, plaintiff Jessica Long, filed a motion for an order approving a proposed minor's compromise settling her claims brought against certain defendants in this action. (Doc. No. 110.) Defendants have not filed any opposition to the pending motion. For the reasons discussed below, the court will grant the pending unopposed motion.

**BACKGROUND**

Plaintiff E.L. is an eleven-year-old girl, but she was nine years old at the time of the events giving rise to this action. (Doc. No. 110 at 8.) In their operative second amended complaint ("SAC"), plaintiffs alleges that defendants improperly seized and killed a goat that plaintiffs put up for sale at a 4-H auction in June 2022. (Doc. No. 25.) Plaintiffs filed their SAC on October 12, 2023. (*Id.*) In their SAC, plaintiffs assert the following six claims against

1

1  defendants Jerry Fernandez, Jacob Duncan, Jeremy Ashbee, County of Shasta, and Shasta County
2  Sheriff's Department (collectively, "the County defendants"):  (1) unreasonable search and
3  seizure in violation of the Fourth Amendment, against defendants Ashbee, Fernandez, and
4  Duncan; (2) denial of due process in violation of the Fourteenth Amendment, against defendants
5  Ashbee, Fernandez, and Duncan; (3) unreasonable search and seizure in violation of the
6  California Constitution, against defendants Fernandez, Duncan, Shasta County, and Shasta
7  County Sheriff's Department; (4) denial of due process in violation of the California Constitution,
8  against defendants Fernandez, Duncan, Shasta County, and Shasta County Sheriff's Department;
9  (5) conversion, against defendants Fernandez, Duncan, Shasta County, and Shasta County
10 Sheriff's Department; (6) and negligence, against defendants Fernandez, Duncan, Shasta County,
11 and Shasta County Sheriff's Department.  (*Id.* at ¶¶ 93–104, 117–27, 139–46, 155–62.)

12 All parties in this action attended a mandatory, court supervised, settlement conference
13 before United States Magistrate Judge Chi Soo Kim on August 5, 2024.  (Doc. No. 100.)
14 Plaintiffs and the County defendants continued private negotiations after the mandatory
15 settlement conference.  (Doc. No. 110-1 at ¶ 23.)  On August 28, 2024, based upon those
16 continuing negotiations, plaintiffs and the County defendants filed a notice of settlement
17 resolving only plaintiffs' claims brought against the County defendants.  (Doc. No. 105; *see also*
18 Doc. No. 110-1 at ¶ 23.)  On September 27, 2024, plaintiffs and the County defendants filed the
19 pending motion.  (Doc. No. 110.)

## LEGAL STANDARD

21 This court has a duty to protect the interests of minors participating in litigation before it.
22 *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).  To carry out this duty, the court
23 must "conduct its own inquiry to determine whether the settlement serves the best interests of the
24 minor."  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v.*
25 *Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court
26 must independently investigate and evaluate any compromise or settlement of a minor's claims to
27 assure itself that the minor's interests are protected, even if the settlement has been recommended
28 or negotiated by the minor's parent or guardian ad litem.") (citation omitted).

In examining the fairness of a settlement of a minor's federal claims, the Ninth Circuit has held that a district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only). Where a settlement involves state law claims, federal courts generally are guided by state law. *See* Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement."). Under California law, a settlement for a minor and attorney's fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601. Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and the minor's attorney. *See* Local Rule 202(b)–(c).

## ANALYSIS

In petitions for a minor's compromise, courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts. *See, e.g.*, *Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at *2–3 (E.D. Cal. June 22, 2016) (considering the posture of the case and the fact that the settlement occurred as a result of a court-supervised settlement conference); *Hagan v. Cal. Forensic Med. Grp.*, No. 2:07-cv-01095-LKK-AC, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013) (considering court-approved minor's settlements in other cases). Having considered the unopposed motion for approval of the minor's compromise in this case, the undersigned concludes that the settlement agreement is reasonable and in plaintiff E.L.'s best interests.

The proposed settlement agreement provides that plaintiff E.L. will receive $65,000 of the total $300,000 amount offered to settle plaintiffs' claims brought against the County defendants. (Doc. No. 110-1 at ¶¶ 24, 28, 32.)  The court finds this amount to be reasonable under the circumstances.  As an initial matter, plaintiffs provide the information required by Local Rule 202, namely plaintiff E.L.'s age and sex, the nature of the causes of action to be settled, the facts out of which the causes of action arose, the manner in which the settlement amount was determined, and details regarding the terms of employment of plaintiffs' attorneys in this action. (*See* Doc. No. 110 at 8–15); *see also* L.R. 202.

Furthermore, the proposed settlement agreement is similar to agreements approved in other similar circumstances.  Plaintiffs note the lack of cases in which defendants captured, but did not kill, a companion animal, and in which that purported companion animal was a goat and not, for instance, a dog. (*See* Doc. No. 110 at 6.)  Consequently, plaintiffs analogize generally to § 1983 cases where law enforcement defendants killed the subject companion animal. (*See* Doc. No. 110 at 16) (citing *Baskerville v. Perez*, 15-cv-03143-VMK, Doc. No. 112 (N.D. Ill. May 30, 2018) (approving an $85,000 settlement agreement providing $8,000 to one minor child and $7,500 to another minor child where law enforcement defendants shot and killed a family's dog)); *see also E.H. v. Cal. Exposition & State Fair*, No. 2:22-cv-01844-DAD-DB, 2023 WL 8527703, at *2 (E.D. Cal. Dec. 8, 2023) ("[P]laintiffs note that, given the unusual circumstances that give rise to this action, they were unable to identify factually similar actions . . . . Nonetheless, plaintiffs have provided references to a few cases . . . and the court finds that those cases are sufficiently similar to this one to be useful points of comparison with regard to settlement amounts.").  Here, as noted, plaintiffs allege that the County defendants merely turned over Cedar to other defendants and did not themselves kill the subject animal.  (Doc. Nos. 25 at ¶¶ 73–82; 110 at 8–11.)  The court notes that plaintiffs argue that "[t]he brunt of emotional damages E.L. suffered relate to Cedar's death, for which [the non-settling defendants] are responsible." (Doc. No. 110 at 14 n.6); *see also Holgerson v. L&L Trucking LLC*, No. 2:22-cv-01934-DAD-AC, 2024 WL 584081, at *3 (E.D. Cal. Feb. 13, 2024) (approving a $989,000 settlement agreement where two minors received $15,000 each because "the medical records attached to the pending

4

applications reflect[] that plaintiffs P.H. and B.H. suffered only minor, non-permanent injuries in the collision"). The court concludes that $65,000 is sufficiently similar to minors' compromises that have been approved in similar cases involving law enforcement defendants and companion animals.

The court further finds that the amount deducted from plaintiff E.L.'s recovery for attorneys' fees is reasonable here. Of the $100,000 of the proposed settlement agreement that will be paid to plaintiff E.L., 35% will go toward attorneys' fees. (Doc. No. 110-1 at ¶ 28.) Any additional attorney compensation, including any costs and expenses, will be paid from plaintiff Long's $200,000 share of the proposed settlement agreement. (*Id.* at ¶¶ 29, 32.) In the Eastern District of California, 25% of the recovery is a reasonable benchmark for attorneys' fees in contingency cases involving minors' state law claims. *See Holgerson*, 2024 WL 584081, at *3. Notably here, plaintiffs' counsel undertook representation entirely on a contingency basis, assert that they spent nearly 500 hours on the case, fronted all costs, and had specialized knowledge in the sub-field of animal law. (*See* Doc. Nos. 110-1 at ¶¶ 20, 25–29, 39, 40; 110-2 at ¶¶ 13, 15–17.) Accordingly, and particularly in light of plaintiffs' counsel's seeming ability to generate a recovery far exceeding the average award in arguably similar cases, the court concludes that 35% of the minor's settlement amount going toward attorneys' fees is reasonable under the circumstances in this case. *See Nunes v. Cnty. of Stanislaus*, No. 1:19-cv-00204-DAD-SAB, 2022 WL 1744968, at *5 (E.D. Cal. May 31, 2022) (recommending that the proposed settlement be approved despite a contingency fee of 50% in part because the plaintiffs' attorneys "advanced all costs" and the case "involve[d] a 'very specialized niche of civil rights law' for which only a small number of attorneys within California are qualified to handle"), *report and recommendation adopted*, 2022 WL 2212911 (E.D. Cal. June 21, 2022); *Velez v. Bakken*, No. 2:17-cv-00960-WBS-KJN, 2019 WL 358703, at *2 (E.D. Cal. Jan. 29, 2019) (approving a proposed settlement agreement despite a contingency fee of 40% "because of counsel's experience with similar cases, the amount of time counsel spent investigating the claims, and the risk counsel took in pursuing this action on a contingency basis," as well as the fact that "each minor plaintiff's recovery is more than adequate"); *cf. Robidoux*, 638 F.3d at 1181–82 (holding that a district court's inquiry

should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable" when considering the settlement of a minor's federal claims).

**CONCLUSION**

For the reasons set forth above:

1. Plaintiffs' motion for approval of a proposed settlement for minor plaintiff E.L. (Doc. No. 110) is granted;

2. Pursuant to the terms of the parties' settlement, defendants Jerry Fernandez, Jacob Duncan, Jeremy Ashbee, County of Shasta, and Shasta County Sheriff's Department ("the County defendants") shall pay $100,000 to plaintiff E.L. to resolve all claims brought by plaintiff E.L. against the County defendants;

3. Pursuant to the motion to approve the proposed settlement for plaintiff E.L. granted by this order:

   a. The County defendants shall pay $65,000 for the benefit of plaintiff E.L. to the Long Family Settlement Trust established by the Eastern Point Trust Company ("the Trust Account");

   b. No withdrawals shall be made from the Trust Account, except by plaintiff E.L. when she reaches the age of eighteen (18) and is granted access to the Trust Account at that time;

   c. The County defendants shall pay $35,000 to plaintiff E.L.'s counsel for attorneys' fees incurred in litigation in this action;

4. The hearing on the pending motion set for November 5, 2024 in this matter is hereby vacated; and

5. The parties are directed to file a request for dismissal of plaintiffs' claims brought against the County defendants by no later than November 15, 2024.

IT IS SO ORDERED.

Dated:  **October 31, 2024**                    /s/ Dale A. Drozd
                                                DALE A. DROZD
                                                UNITED STATES DISTRICT JUDGE

6