IAN S. COLLINS (State Bar No. 318064)
REESE, SMALLEY, WISEMAN & SCHWEITZER, LLP
1265 Willis Street
Post Office Box 994647
Redding, California 96099-4647
Telephone: (530) 241-1611
Facsimile:  (530) 364-1645
E-mail: ian.collins@rswslaw.com

Attorney for Defendant
KATHIE MUSE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.L., a minor, by and through her general Guadian, JESSICA LONG; JESSICA LONG, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual capacity; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district anticultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual and official Capacity; BJ MACFARLANE, in his individual and official capacity, KATHIE MUSE, in her individual and official capacity, and DOES 1 THROUGH 10,<br><br>　　　　Defendants. | Civil Action No. 2:22-cv-01527-DAD-AC<br><br>DEFENDANT KATHIE MUSE'S **FIRST AMENDED** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION<br><br>DATE: January 6, 2025<br>TIME: 1:30 p.m.<br>JUDGE: Hon. Dale Drozd<br>Action Filed: August 31, 2022<br><br>[Trial Date: October 7, 2024 |

///

///

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant KATHIE MUSE (hereinafter "Muse") respectfully submits the following Memorandum of Points and Authorities in support of her Motion for Summary Judgment, or in the alternative Summary Adjudication, with regard to Plaintiff's complaint for damages.

### I.

### INTRODUCTION

This is an action brought by Plaintiffs for, among other things, alleged violations of 42 U.S.C. § 1983, including violations of the First, Fourth, and Fourteenth Amendments. Mrs. Muse is only named as a defendant in the three causes of action that allege violations of those Amendments in Plaintiff's Second Amended Complaint and no other causes of action. An essential element common to each of those causes of action is that a defendant must act under color of state law. While government employees are often acting under color of state law as they perform duties related to their job, Mrs. Muse is not a government employee; she owns a local, private business in Shasta County. While Mrs. Muse has long been involved with 4-H and the Shasta District Fair, it has been as a 4-H volunteer and as a community member, not as an employee of any government entity. Indeed, it was Mrs. Muse's volunteering in a charity BBQ put on by community members (not the 4-H or FFA clubs directly) to help raise funds for various 4-H and FFA groups that caused her to become embroiled in this lawsuit. Mrs. Muse is not a government employee and her involvement with this case is not even that of a 4-H volunteer, but is an additional step removed – a private citizen raising funds for 4-H and FFA groups.

A private actor can only act under color of state law in certain circumstances. Those circumstances alleged by Plaintiffs are that Mrs. Muse conspired with government employees to violate Plaintiffs' constitutional rights. In fact, Mrs. Muse did not conspire to violate Plaintiffs' constitutional rights, Mrs. Muse merely communicated with Shasta District Fair employees Melanie Silva and BJ MacFarlane and Shasta County Sheriff Lieutenant Jerry Fernandez to try and reclaim property she believed had been illegally taken that had been donated to the charity BBQ that she helps organize. Not only were Mrs. Muse's actions not intended to violate Plaintiffs' rights, Mrs. Muse's actions as a victim of a crime are categorically not conspiratorial. The undisputed material facts in this matter show that Mrs. Muse did not act under color of state law and her motion should therefore be granted.

## II.

## **STATEMENT OF FACTS**

The Shasta District Fair occurs annually and features a junior livestock auction where children who participate in 4-H and have raised a market animal get to exhibit and auction their animal. Kathie Muse has been a participant at the fair and a 4-H volunteer for many years. (UMF No. 2). Mrs. Muse and others organize a charity BBQ that takes place in the weeks after the fair using cuts of meat donated by winning bidders. (UMF No. 3). The purpose of the charity BBQ is to raise funds for local 4-H and FFA clubs. (UMF No. 2). Donating animals from the auction to the BBQ was so common that sales invoices provided to winning bidders include an option that can be checked to donate the animal to the BBQ. (UMF No. 2). The 2022 Shasta District Fair took place at the end of June and featured a junior livestock auction on the 24th and 25th of that month. Kathie Muse attended the fair and bid for livestock on behalf of herself and others in order to support the children who participate in the fair. (UMF No. 4). Through their representative, Brian and Megan Dahle had asked Mrs. Muse to bid on their behalf and to donate any animals they were winning bidders on to the BBQ. (UMF No. 4). Plaintiffs' goat was one of the animals Mrs. Muse successfully bid on for the Dahles. (UMF No. 4).

Mrs. Muse came to the fairgrounds on Sunday, June 26th, 2022 to arrange for transportation to the butcher for animals that were donated to the 4-H/FFA Community BBQ. It was at that time that Mrs. Muse learned that a goat was missing. (UMF No. 5) Mrs. Muse did not immediately understand that it was Plaintiffs that had removed their goat from the fair. She initially assumed there had been a miscount; it was hours later that she learned a goat had been taken. (UMF No. 6). When Kathie Muse was told by BJ McFarlane that the goat was taken from the fair, she told him that it was the 4-H/FFA Community BBQ's goat because it was donated to them. (UMF No. 7). When Mrs. Muse spoke with Brian Dahle about the goat, she told him that he did not own it because it was donated to the 4-H/FFA Community BBQ (UMF No. 8; UMF No. 10). Mrs. Muse believed that the goat had been stolen and wanted Plaintiffs prosecuted for removing the goat from the Fairgrounds. (UMF No. 9; UMF No. 10). Though she believed a crime had been committed, Mrs. Muse did not contact law enforcement initially, nor did she instruct BJ MacFarlane, to communicate with Plaintiffs to return the goat. (UMF No. 12). Law enforcement contacted Mrs. Muse as part of the initial investigation, and then not again until after

3

they had already seized the goat, to determine where Mrs. Muse wanted it returned to, because Lieutenant Fernandez believed Mrs. Muse to be the owner of the stolen property. (UMF No. 13; UMF No. 14; UMF No. 15; UMF No. 16). Mrs. Muse did not then proceed with slaughtering the goat until she heard from BJ MacFarlane that someone in law enforcement said it was ok (UMF No. 17).

## III.

## LEGAL ARGUMENT

### A. LEGAL STANDARD ON SUMMARY JUDGMENT

A party moving for summary judgment has the burden of establishing the absence of triable issues. (Fed. R. Civ. Proc. 56(c); *British Airways Ed. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir. 1978).) If the non-moving party has the burden of proof at trial, the moving party does not have to negate the opponent's claim; rather, the moving party may simply demonstrate the absence of evidence in support of the claim. (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).)

Once the initial burden is met, the adverse party may not rest upon the mere allegations or denials in the pleadings; the adverse party's response "must set forth specific facts showing that there is a genuine issue for trial." (Fed. R. Civ. Proc. 56(e).) "The opposing evidence must be sufficiently probative to permit a reasonable trier of fact to find in favor of the opposing party…[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a reasonable jury could reasonably find for plaintiff." (*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 52 (1986).)

The test is whether the opposing party "has come forward with sufficiently 'specific' facts from which to draw reasonable inferences about other material facts that are necessary elements of the (opposing party's) claim." (*Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) (parentheses added); *Rogan v. City of Boston*, 267 F.3d 24, 27 (1st Cir. 2001) (obligation cannot be satisfied by "conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative.").)

///

///

///

4

DEFENDANT KATHIE MUSE'S **FIRST AMENDED** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION

## B. KATHIE MUSE WAS NOT ACTING UNDER COLOR OF STATE LAW AND THEREFORE ALL PLAINTIFFS' CAUSES OF ACTION AGAINST DEFENDANT MUSE MUST FAIL.

Kathie Muse is named as a defendant in her individual capacity in three separate causes of action. While those causes of action are each for different alleged violations of constitutional rights, they are all brought pursuant to 42 U.S.C. section 1983 and therefore contain some common elements. Specifically, a section 1983 claim requires that an individual be acting "under color of state law." *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1107 (9th Cir. 2022) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Whether a person is acting under color of state law is a relatively straightforward analysis when that person is a government employee because actions in that person's "official capacity or while exercising [that person's] responsibilities pursuant to state law" are considered to be acts under color of state law. *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1238 (9th Cir. 2015) (quoting *West v. Atkins*, 487 U.S. 42, 50 (1988)). In the present case, Mrs. Muse is not a government employee, she is a business owner who runs a trucking company in Shasta County; she has no position with and is not employed by the 4-H, the FFA or the Shasta Fair Association (UMF No. 1). Though she has been a volunteer with 4-H (which would still not make her a public employee), it was acting as a volunteer organizer for a charity BBQ that caused Mrs. Muse to become involved in this lawsuit. The charity BBQ is an event separate from and not run by 4-H, but is put on by volunteers to help raise money for both 4-H and FFA clubs. It is not directly controlled by 4-H or even the local 4-H clubs. (UMF No. 3). When Mrs. Muse took actions related to Plaintiff's goats those were actions taken by a private actor, not a public employee.

A private actor's actions can still be considered acts under color of state law in certain narrow circumstances. One such circumstance is by conspiring with government employees to deprive an individual of their constitutional rights, and indeed that is what Plaintiffs allege Mrs. Muse did in paragraph 43 of their Second Amended Complaint. Private parties act under color of state law "when engaged in a conspiracy with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920, 104 S. Ct. 2820, 81 L. Ed. 2d 758 (1984). To prove a conspiracy between state officials and private parties under section 1983, plaintiffs "must show an agreement or meeting of the minds *to*

5

DEFENDANT KATHIE MUSE'S **FIRST AMENDED** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION

*violate constitutional rights*." *United Steelworkers v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (*United Steelworkers*) (citations omitted; emphasis added). (See also *Ford v. Bortolamedi*, 2023 U.S. App. LEXIS 33050, *2-3, 2023 WL 8642565: "Private parties act under color of state law 'when engaged in a conspiracy with state officials *to deprive another of federal rights*.'" (quoting *Tower v. Glover*, 467 U.S. 914, 920, 104 S. Ct. 2820, 81 L. Ed. 2d 758 (1984), emphasis added )

      For a conspiracy to be present, plaintiff must show two things: 1) a meeting of the minds and 2) the intent to violate plaintiff's constitutional rights. Acting as a private citizen reporting a crime to law enforcement does not meet the required standard, as explained by the court in *United Steelworkers*, *supra*, 865 F.2d 1539 at 1545: "[Respondent] argues that it was confronted with a dangerous and potentially volatile situation requiring police protection. It contends that assisting the police in this protective effort is no violation of the [Appellants'] civil rights. We agree. Indeed, citizens are properly urged to cooperate with law enforcement agencies when crime or civil disobedience is threatened. As we made clear in *Arnold v. International Business Machines*, 637 F.2d 1350 (9th Cir. 1981), such cooperation does not prove conspiratorial conduct." See also *Dennis v. Sparks*, 449 U.S. 24, 28, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185, 189-190, 1980 U.S. LEXIS 9, *11, 49 U.S.L.W. 4001: "Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge. But here the allegations were that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge."

      The undisputed facts in this matter clearly show that Plaintiffs cannot show that defendant Muse was engaged in a conspiracy to violate plaintiffs' constitutional rights, but was simply acting as a private citizen who believed in good faith that a crime had been committed.

**C. KATHIE MUSE WAS NOT ENGAGED IN A CONSPIRACY WITH STATE OFFICIALS TO VIOLATE PLAINTIFFS' 1ST, 4TH, OR 14th AMENDMENT RIGHTS**

      It is not necessary to determine if Plaintiffs' constitutional rights were in fact violated to establish whether or not Mrs. Muse conspired with government actors to deprive Plaintiffs of those constitutional rights. What must be shown first by Plaintiffs, which they cannot do, is that a conspiracy existed between Mrs. Muse and state officials *with the intent* to deprive Plaintiffs of their rights under the 1st, 4th or 14th Amendments.

REESE, SMALLEY, WISEMAN & SCHWEITZER, LLP
1265 WILLIS STREET, P.O. BOX 994647, REDDING, CA 96099-4647
(530) 241-1611

Merely communicating with state officials and law enforcement in order to report and obtain redress for a crime Mrs. Muse believed had occurred does not rise to the requisite level of conspiracy or intent to violate constitutional rights. Mrs. Muse's actions and statements as reported above show clearly that she believed that the 4-H/FFA Community BBQ had been the victim of a crime and that her communications with BJ MacFarlane, Melanie Silva and Lieutenant Fernandez were all in furtherance of that belief, and the desire to have what she saw as stolen property returned to its rightful owner – the 4-H/FFA Community BBQ. Therefore, Mrs. Muse did not have a meeting of the mind with any government actor to deprive the plaintiffs of any constitutional rights and therefore did not herself participate in any alleged constitutional violations against Plaintiffs.

## IV.

## **CONCLUSION**

Mrs. Muse did not violate Plaintiffs' constitutional rights because the undisputed material facts clearly demonstrate that she did not act under color of state law – an element common to every cause of action alleged against her. Even if Plaintiff's constitutional rights were violated, they were not violated by Mrs. Muse and the causes of action against her should therefore be dismissed.

Dated: November 18, 2024         REESE, SMALLEY, WISEMAN & SCHWEITZER, LLP


By:___/S/  IAN S. COLLINS
      IAN S. COLLINS
      Attorneys for Defendant
      KATHIE MUSE

7

DEFENDANT KATHIE MUSE'S **FIRST AMENDED** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION