IAN S. COLLINS (State Bar No. 318064)
REESE, SMALLEY, WISEMAN & SCHWEITZER, LLP
1265 Willis Street
Post Office Box 994647
Redding, California 96099-4647
Telephone: (530) 241-1611
Facsimile:  (530) 364-1645
E-mail: *ian.collins@rswslaw.com*

Attorney for Defendant
KATHIE MUSE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.L., a minor, by and through her general Guadian, JESSICA LONG; JESSICA LONG, an individual,<br><br>             Plaintiff,<br><br>    v.<br><br>LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual capacity; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district anticultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual and official Capacity; BJ MACFARLANE, in his individual and official capacity, KATHIE MUSE, in her individual and official capacity, and DOES 1 THROUGH 10,<br><br>             Defendants. | Civil Action No. 2:22-cv-01527-DAD-AC<br><br>DEFENDANT KATHIE MUSE'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION<br><br>JUDGE: Hon. Dale Drozd<br>Action Filed: August 31, 2022 |

1

DEFENDANT KATHIE MUSE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S REPLY
TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant KATHIE MUSE (hereinafter "Muse") respectfully submits the following Memorandum of Points and Authorities in support of her Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, or in the alternative Summary Adjudication, with regard to Plaintiff's complaint for damages.

**I.**

**INTRODUCTION and LEGAL ARGUMENT**

Plaintiffs brought three causes of action against Defendant Kathie Muse pursuant to 42 U.S.C. § 1983 for alleged violations the First, Fourth, and Fourteenth Amendments. As argued by Mrs. Muse and acknowledged by Plaintiffs, an essential element common to each of those causes of action is that a defendant must act under "color of state law" and that a private party acts under color of state law "when engaged in a conspiracy with state officials to deprive another of federal rights" (*Tower v. Glover*, 467 U.S. 914 at 920 (1984)). "To prove a conspiracy between state officials and private parties under section 1983, plaintiffs must show 'an agreement or meeting of the minds to violate constitutional rights.'" (*United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539 (9th Cir. 1989), citing *Fonda v. Gray,* 707 F.2d 435 at 438 (9th Cir. 1983) ("*Phelps Dodge*").

As held by the court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (emphasis added):

> Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing *sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial*. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Here, plaintiffs have failed to show the existence of a conspiracy between defendants Kathie Muse, B. J. Macfarlane and Melanie Silva, an essential element of any § 1983 claim against Mrs. Muse. Though plaintiffs have certainly shown that Mrs. Muse, Mr. Macfarlane and Ms. Silva were in communication during the events that are at issue in this matter, plaintiffs have failed to show that these

2

DEFENDANT KATHIE MUSE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

communications rise to the level of Mrs. Muse "willfully participat[ing] in joint action with state officials to deprive others of constitutional rights" (*United Steelworkers* at 1540) such that Mrs. Muse's communications became state action sufficient to bring her within the ambit of a 42 U.S.C. § 1983 claim.

### A. Plaintiffs have failed to meet their evidentiary burden as to all causes of action against Mrs. Muse

Plaintiffs claim that Mrs. Muse's references to "intent" are misleading by overstating the requirement as one of "specific" intent, but plaintiffs fail to acknowledge that *something* in addition to mere communication with government officials is necessary in order to show the intent required to find a conspiracy and therefore joint action between a private actor and the government – if the standard put forth by plaintiffs was correct, any communication with a government actor by a private citizen could be a conspiracy to deprive a defendant of their constitutional rights.

In fact, there is a presumption that a private party's actions do not constitute governmental action, a presumption that plaintiffs have failed to overcome. The court in *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-836, explained:

> When addressing whether a private party acted under color of law, we therefore start with the presumption that private conduct does not constitute governmental action. See *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("Private parties are not generally acting under color of state law."). In order for private conduct to constitute governmental action, "something more" must be present. See *Lugar*, 457 U.S. at 939 ("Action by a private party pursuant to this statute, without something more, was not sufficient to justify a characterization of that party as a 'state actor.'"). Courts have used four different factors or tests to identify what constitutes "something more": (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus. See *id.*; *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir.), cert. denied, 522 U.S. 996, 118 S. Ct. 559, 139 L. Ed. 2d 401 (1997); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995); *Gorenc v. Salt River Project Agric. Improvement and Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989).

The application of any of the four tests for determining whether a private party acted under color of state law must be applied in light of the presumption that private conduct does not constitute governmental action, a presumption that plaintiffs' factual allegations simply fail to overcome.

### 1. Plaintiffs' disputed material factual allegations fail to show that Mrs. Muse willfully participated in joint action with state officials to deprive others of constitutional rights

Plaintiffs spend a significant amount of time focusing on the fact that Mrs. Muse did not file a declaration to "foreclose the possibility" of a conspiracy, and cites to *Adickes v. S.H. Kress & Co.*, 398 US 144 (1970) ("*Adickes*") as to why this should be somehow determinative of defendant Muse's motion for summary judgment. Plaintiffs state that because the court found that the waitress in *Adickes* failed to "foreclose the possibility that there was a policeman in the Kress store while petitioner was awaiting service, and that this policeman reached an understanding with some Kress employee that petitioner not be served" (*ibid.*, at 157; Plaintiffs' Opp., p. 18, lines 3-6) that Mrs. Muse had to similarly file an affidavit that would "foreclose the possibility that, as the Dahles never paid for Cedar and Mrs. Muse received replacement meat, she reached an understanding with Ms. Silva and Mr. Macfarlane to kill Cedar, without notice to Plaintiffs or judicial authorization, in retaliation of their viewpoint Cedar was not food" (Plaintiff's Opp., p. 18, lines 7-10). Plaintiffs' application of this finding in *Adickes* to the case at bar is inappropriate. In *Adickes*, the court found that such an affidavit was necessary for the moving party to meet its burden to show the absence of any genuine issue of material fact because "respondent had failed in its moving papers to dispute the allegation in petitioner's complaint, a statement at her deposition, and an unsworn statement by a Kress employee, all to the effect that there was a policeman in the store at the time of the refusal to serve her, and that this was the policeman who subsequently arrested her" (*ibid.*, at 156-157). Here, plaintiffs are asking that Mrs. Muse file an affidavit disputing, not any material *fact* alleged by plaintiff and gone unchallenged by defendant, but plaintiffs *legal conclusion* that "she reached an *understanding* with Ms. Silva and Mr. Macfarlane to kill Cedar, *without notice to Plaintiffs or judicial authorization*, in *retaliation* of their *viewpoint* Cedar was not food" (emphasis added), i.e. that she *conspired* with defendants Macfarlane and Silva to *violate plaintiffs' constitutional rights* – a clearly legal, not factual, finding.

In addition, this legal finding requires that we accept plaintiffs' premise that Mrs. Muse did not actually believe that Cedar was stolen. Plaintiffs claim that because "Mrs. Muse knew no one ever paid for Cedar and, regardless, received replacement meat, she could not have reasonably believed plaintiffs stole meat from her" (Plaintiff's Opp., p. 20, lines 19-20). Plaintiffs then engage in a two-and-a-half-page legal analysis of the Bidder's Rules, the All General Livestock Rules and Guidelines published by the Shasta Fair Association, and contract law, both under the California Commercial Code and

4

California case law (Plaintiffs' Opp., pp. 20-22). Though plaintiffs claim that Mrs. Muse's good faith belief that the goat was stolen "very quickly devolves into absurdity", it is in fact plaintiffs' position that is absurd - that a belief that one has been the victim of a crime can only be held in good faith if that belief strictly complies with California law. Mrs. Muse stated multiple times that she believed the goat belonged to the Community BBQ and that it had been stolen (UMF Nos. 7, 8, 9, 10, 11). Cedar the goat was taken off Fair property, at some unknown time, without anyone's knowledge or permission, after he had been auctioned off to the Dahles; a reasonable person could certainly have a good faith belief that this was theft. Plaintiffs' pages-long analysis of why it was *not* a theft under the Bidders Rules, the Local Rules and California statutory and case law and therefore why Mrs. Muse's actions "were fueled by viewpoint discrimination" does not meet plaintiffs' burden to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" – i.e. that Mrs. Muse's presumptively private conduct was in fact willful participation in joint action with state officials to deprive others of constitutional rights.

**2. Plaintiffs' disputed facts fail to overcome the presumption that Mrs. Muse was engaged in private action**

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful,'" (*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 at 50 (1999). "When addressing whether a private party acted under color of law, we therefore start with the presumption that private conduct does not constitute governmental action. … In order for private conduct to constitute governmental action, "something more" must be present." (*Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826 at 835 (1999).

Courts have "been careful to require a substantial degree of cooperation before imposing civil liability for actions by private individuals that impinge on civil rights" (*Franklin v. Fox*, 312 F.3d 423 at 445 (2002).). The court in *Collins v. Womancare* (878 F.2d 1145 at 1155 (1989), citations omitted), in its review of the joint action test, explained that "[t]he Tenth Circuit's two section 1983 cases involving citizen's arrests also provide useful guidance. In *Lee*, the private party, besides effecting the citizen's arrest, also transported the arrested party to the police station, attempted to persuade the police to file charges, and swore out a complaint against the arrested party. Nonetheless, the Tenth Circuit held

that this did not constitute joint action. Similarly, in *Carey*, Continental's airport manager, Gilbert, called an airport security officer, helped to escort Carey to the airport security station, and ultimately signed a complaint charging him with trespassing. The Tenth Circuit reasoned that "Gilbert's complaining about Carey's presence to a Tulsa police officer who, acting within the scope of his statutory duties, arrested Carey after questioning him, does not, without more, constitute state action for which Gilbert can be held responsible."

Plaintiffs provide 58 Disputed Material Facts purporting to show why a material factual dispute exists and therefore why defendant Muse's motion for summary judgment should be denied. Only 11 of Plaintiffs' Disputed Material Facts (PSDF Nos. 36, 45, 50, 52, 53, 54, 56, 59, 60, 63, 64) allege any communications between Mrs. Muse and Lieutenant Fernandez, Mr. Macfarlane or Ms. Silva. Of those, only 7 allege what the content of those communications are (PSDF Nos. 36, 52, 54, 56, 59, 60, 64). Nothing in the content alleged rebuts the presumption that Mrs. Muse was communicating with Lieutenant Fernandez, Mr. Macfarlane and Ms. Silva as a private citizen who believed that she and the 4-H/FFA Community BBQ had been victims of a crime, and was coordinating with law enforcement in order to get back the property that had been stolen from her (UMF Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11). Indeed, Lieutenant Fernandez stated that he was communicating with Mrs. Muse because he believed she was the owner of the stolen goat (UMF 15).

## II.

## CONCLUSION

Mere communication with state actors is not enough to demonstrate a defendant is involved in a conspiracy in furtherance of the shared goal of depriving Plaintiffs of their constitutional rights. (See *Deeths v. Lucile Slater Packard Children's Hosp. at Stanford,* No. 1:12-CV-02096-LJO, 2013 U.S. Dist. LEXIS 168347, 2013 WL 6185175, at *10 (E.D. Cal. Nov. 26, 2013) ("[S]upplying information alone does not amount to conspiracy or joint action under color of state law."); Fed. Agency of News LLC v. Facebook, Inc., 395 F. Supp. 3d 1295 at 1313 (N.D. Cal. 2019) (no joint action found when "Plaintiffs only allege that Facebook provided the government with information."); *Radcliffe v. Rainbow Constr. Co.,* 254 F.3d 772 at 783 (9th Cir. 2001) ("A relationship of cause and effect between the complaint and

6

DEFENDANT KATHIE MUSE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

the prosecution is not sufficient, or every citizen who complained to a prosecutor would find himself in a conspiracy.").

Here, plaintiffs have not put forth any factual allegations that overcome the presumption that Mrs. Muse was a private actor communicating with state officials as a private actor. Plaintiffs have therefore failed to make a showing sufficient to establish the existence of an element essential to all three causes of action against Mrs. Muse – that she acted under "color of state law". The causes of action against Mrs. Muse should therefore be dismissed.

Dated: December 23, 2024        REESE, SMALLEY, WISEMAN & SCHWEITZER, LLP


By:___/S/  IAN S. COLLINS
    IAN S. COLLINS
    Attorneys for Defendant
    KATHIE MUSE

7

DEFENDANT KATHIE MUSE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT