IAN S. COLLINS (State Bar No. 318064)
REESE, SMALLEY, WISEMAN & SCHWEITZER, LLP
1265 Willis Street
Post Office Box 994647
Redding, California 96099-4647
Telephone: (530) 241-1611
Facsimile:  (530) 364-1645
E-mail: *ian.collins@rswslaw.com*

Attorney for Defendant
KATHIE MUSE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.L., a minor, by and through her general Guadian, JESSICA LONG; JESSICA LONG, an individual, | Civil Action No. 2:22-cv-01527-DAD-AC |
| Plaintiff, | DEFENDANT KATHIE MUSE'S RESPONSE TO PLAINTIFFS' STATEMENT OF DISPUTED FACTS IN OPPOSITION TO SUMMARY JUDGMENT MOTION |
| v. | |
| LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual capacity; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district anticultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual and official Capacity; BJ MACFARLANE, in his individual and official capacity, KATHIE MUSE, in her individual and official capacity, and DOES 1 THROUGH 10, | JUDGE: Hon. Dale Drozd<br>Action Filed: August 31, 2022 |
| Defendants. | |

1

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Kathie Muse, in reply to the opposition to Mrs. Muse's motion for summary judgment, hereby submits the following response to plaintiffs' statement of disputed facts.

| No. | Disputed Material Facts | Defendant Muse's Response and Evidence in Support |
|---|---|---|
| 18. | In September 2021, Mrs. Long enrolled her daughter E.L. in a local 4-H program, culminating with a junior livestock auction, where minor participants would auction off animals they raised at the 2022 Shasta District Fair, hosted by Shasta Fair Association. | Undisputed |
| 19. | On or about April 1, 2022, Mrs. Long used her funds to purchase a young goat for E.L., whom E.L. named Cedar | Undisputed |
| 20. | On about mid-May 2022, Plaintiffs registered E.L. as an exhibitor to exhibit Cedar at the June 25, 2022 junior livestock auction, to be held at the 2022 Shasta District Fair. | Undisputed |
| 21. | When the 2022 Shasta District Fair took place, the 4-H and FFA organizations had scheduled an annual 4-H/FFA barbeque at the Shasta Fair Association fairgrounds for July 9, 2022. | Undisputed |
| 22. | The 4-H/FFA barbeque was organized by Mrs. Muse and the director of the 4-H office for Shasta County, California. | Undisputed but Missing Context<br><br>Mrs. Muse organizes the barbeque as a volunteer and participation by others employed by 4-H does not make it an event administered by the Shasta County 4-H office. |

| No. | Disputed Material Facts | Defendant Muse's Response and Evidence in Support |
|---|---|---|
| 23. | The junior livestock auction at the 2022 Shasta District Fair was governed by (1) the All General Livestock Rules and Guidelines ("Local Rules") contained in a local exhibitor handbook published by the Shasta Fair Association, (2) the 2022 State Rules for California Fairs ("State Rules") published by California Department of Food and Agriculture, and (3) a bidder's brochure containing additional rules and restrictions ("Bidder's Rules"). | Undisputed and Immaterial

"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. The rules governing the auction are immaterial to whether Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |
| 24. | The Local Rules contain the following provisions:<br><br>- "Sale checks will be written when sufficient funds are collected from the buyers."<br>- "LIVESTOCK OWNERSHIP: Junior Exhibitors MUST prove ownership of animals to be able to exhibit in the Junior Livestock Department."<br>- "OWNERSHIP & MANDATORY TAGGING DATES: All Junior Livestock Animals must be owned and under the control and supervision of the Exhibitor …"<br>- "SELLING FEES: 7.0% of the sale price will be deducted from Seller's check to defray auction costs …."<br>- "ALL ANIMALS sold in the Shasta Junior Livestock Auction sale MUST go to processing, directly from the Fairgrounds and will be transported on the trucks provided by the Fair on Saturday, June 25, 2022."<br>- "Any animal removed from the grounds prior to release times, without permission and proper release forms will forfeit all premiums and awards." | Undisputed and Immaterial

"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. The rules governing the auction are immaterial to whether Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |

| | | |
|---|---|---|
| | - "… ANIMALS …: May NOT be … removed from the grounds prior to Sunday, June 26, 2022 according to the release times shown above (Premiums will be forfeited if any are removed early)." | |
| | - "RULE COMPLIANCE: Any Exhibitor, who fails to conform to accepted standards of conduct, will be removed immediately (with livestock) from the Fairgrounds and all premiums and auction proceeds forfeited, if the situation is of a serious nature." | |
| 25. | The State Rules contain the following provisions:<br><br>- ¶ "7. Fairs may create 'Local Rules' that may be stricter than the State Rules but that may not circumvent the State Rules."<br>- ¶ "8. If a local rule is not printed in the exhibitor handbook the applicable State Rule will apply."<br>- ¶ "Ownership. Unless otherwise allowed in the exhibitor handbook, exhibitors must be legal owners of all entries. Ownership must be maintained through show date(s)."<br>- ¶ "3. Exhibitors … and parents found, after a chance to provide evidence and be heard before the Fair Management (CEO and staff) of unethical practices as set forth in the State and Local Rules or in actions inimical with the fair program shall result in the exhibit being disqualified and the forfeiture of any awards and/or privileges as may be deemed appropriate to the circumstances by the Fair Management. … The Fair Management shall report any such incidences of unethical or inimical behavior established by the fair as provided for in this rule, to F&E in | Undisputed and Immaterial<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. The rules governing the auction are immaterial to whether Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |

DEFENDANT KATHIE MUSE'S RESPONSE TO PLAINTIFFS' STATEMENT OF DISPUTED FACTS IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | | | |
|---|---|---|---|
| | | writing and such reports may become the basis for any fair to refuse entries from the exhibitor, leaders, advisors, or parents for up to 5 years following the infraction." | |
| | 26. | The Bidders Rules contain the following provisions:<br><br>- Members of 4-H are responsible for animals until they reach the processing plant. This includes feeding and care following the sale.<br>- "TRI COUNTIES BANK CASHIERS WILL BE AT RING SIDE TO ACCEPT PAYMENTS MADE AT THE SALE: PAYMENT AT THE TIME OF SALE IS GREATLY APPRECIATED. INVOICES ARE MAILED IMMEDIATELY AFTER THE SALE AND PAYMENT IS DUE BY **JULY 15TH**.<br>  VISA& MASTER CARD ACCEPTED!"<br>- WHEN YOU BUY<br>  Through arrangements made by the sale committee, you can have your purchased animal processed and delivered to the local locker plant of your choice.<br>- COMMUNITY BARBEQUE<br>  The 4-H and FFA organizations will be holding a drivethru community barbeque on Saturday, July 9, 2022 at the Shasta District Fairgrounds. | Undisputed and Immaterial<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. The rules governing the auction are immaterial to whether Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |
| | 27. | On June 21, 2022, Plaintiffs brought Cedar to the fairgrounds for the Shasta County Fair. They stayed at fairgrounds all day from June 21 to June 25, 2022, to take care of Cedar. | Undisputed |

5

DEFENDANT KATHIE MUSE'S RESPONSE TO PLAINTIFFS' STATEMENT OF DISPUTED FACTS IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| No. | Disputed Material Facts | |
|---|---|---|
| 28. | On June 25, 2022, Plaintiff Mrs. Long accompanied Plaintiff E.L. when she exhibited Cedar at Shasta District Fair in the junior livestock auction. | Undisputed |
| 29. | Pursuant to the Local Rules, of the $902 bid from State Senator Brian Dahle and Assemblymember Megan Dahle, Shasta Fair Association was entitled to only 7%, or $63.14 if the sale was completed. | Undisputed and Immaterial<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. The rules governing the auction are immaterial to whether Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |
| 30. | California State Senator Brian Dahle and Assemblymember Megan Dahle directed that Cedar's cuts of meat be donated to the July 9, 2022 4-H/FFA barbecue. | Undisputed |
| 31. | On June 25, 2022, after the auction, E.L. became despondent and communicated to her mother that she did not want to proceed with selling Cedar and/or sending him to slaughter. | Undisputed |
| 32. | Plaintiffs physically removed Cedar from the fairgrounds around 9:00 pm on June 25, 2022. | Undisputed |
| 33. | Plaintiffs were not paid when they removed Cedar, and no bidder ever paid for Cedar. | Undisputed as to Plaintiffs, disputed as to "no bidder." (Gordon Decl. ¶ 80, Ex. 23 (Muse. Dep. 74:22-75:02) |

| No. | Undisputed Material Facts | Evidence in Support |
|---|---|---|
| 34. | On June 26, 2022, Plaintiffs temporarily placed Cedar over 200 miles away with third party Mr. Ray Allen of Billy's Mini Farm for safe keeping while she attempted to work matters out with the Shasta Fair Association and the bidders. Her husband was at sea for work at that time and she sought to maintain the status quo until he returned.<br><br>Mrs. Long kept Mr. Allen apprised of her negotiations with the Shasta Fair Association. | Undisputed |
| 35. | On or around June 27, 2022, third party Bleating Hearts Farm published on Instagram a picture of Mrs. Long, E.L., and Cedar ("Viral Instagram Post"). The Viral Instagram Post requested readers to reach out to State Senator Dahle and the Shasta Fair Association to "pardon" Plaintiffs' removal of Cedar. It further explained, "[Cedar's] family is willing to do anything to keep him safe for their daughter. She is now facing felony charges for trying to save his life." | Undisputed |
| 36. | Mr. Macfarlane saw the Viral Instagram Post around the time it was posted, and texted it to Mrs. Muse. | Undisputed |
| 37. | The public response to the Viral Instagram Post caused the Shasta Fair Association to forward all phone calls to voicemail. | Undisputed and Immaterial<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. Mrs. Muse is not alleged to have participated in deciding to forward phone calls to voicemail. Therefore, this is immaterial to whether Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |

| | | |
|---|---|---|
| 38. | The Fair Defendants saw the Viral Instagram Post around the time it was posted. Mr. Macfarlane believed Mrs. Long was working with activists in animal rights community | Undisputed and Immaterial<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law.  Mr. Macfarlane's belief is immaterial to whether Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |
| 39. | Mrs. Muse believed Mrs. Long was making a "political statement" by removing Cedar, and she disagreed with Mrs. Long's viewpoint. Mrs. Muse believed Mrs. Long was retaliating against 4-H and any other group that sells animals. | Undisputed and Immaterial<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. Mrs. Muse's beliefs regarding Mrs. Long's motivations for her actions are immaterial as to whether Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |
| 40. | Mrs. Muse posted on Facebook, "It was all preplanned. The MOM [sic] had it planned to take the goat and say "whooo is me" [sic] …." | Undisputed and Immaterial<br><br>"A fact is 'material' only if it might affect the outcome of the case…." Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. Mrs. Muse's beliefs regarding Mrs. Long's motivations for her actions are immaterial as to whether Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |

DEFENDANT KATHIE MUSE'S RESPONSE TO PLAINTIFFS' STATEMENT OF DISPUTED FACTS IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | | |
|---|---|---|
| 41. | On June 27, 2022, Mrs. Long personally delivered a letter and sent an email to Senator Brian Dahle's office, stating, among other things, E.L. "sobbed in her pen with [Cedar]" and "[i]t was heart breaking [sic]" so they "decided to break the rules and take [Cedar]." Mrs. Long further stated, "I will pay you back for [Cedar] and any expenses."<br><br>The letter further states that, while Mrs. Long endeavored to donate Cedar to a farm that does brush clearing, she could not do so because the fair rules precluded her from leaving with Cedar and because the Shasta District Fair rejected that idea. Consequently, her letter requests the Senator's "support in finding a solution" and requests that he "call BJ McFarlane [sic], the livestock manager … and ask him to pause on the arrest threats until we can find a solution." | Undisputed |
| 42. | Senator Dahle's office forwarded Mrs. Long's email to Mr. Macfarlane on June 27, 2022. | Undisputed |
| 43. | Mr. Macfarlane represented to Senator Dahle's staff he was "adamant" about killing Cedar because "[h]e is very concerned about the longer-term implications if word gets around that those contracts people sign aren't binding if the 4H kids cry and their mamas indulge them."<br><br>In demanding Plaintiffs return Cedar, Mr. Macfarlane was enforcing his view that animals raised for meat could exist for no other reason, as well as trying to suppress from spreading the idea that 4-H sales could be breached when children are too sad to sell their animals. | Disputed in part and Immaterial<br><br>Mrs. Muse does not dispute that Mr. Macfarlane made such statements but does dispute conclusions Plaintiffs make based on those statements.<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. Mr. Macfarlane's viewpoints are immaterial to whether Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |

| | | |
|---|---|---|
| 44. | On June 27, Mrs. Long emailed Ms. Silva, among other things, asserting her daughter had bonded with Cedar, explaining Plaintiffs did not want Cedar killed, and offering to pay any damages in connection with his removal.<br><br>Among other things, Mrs. letter explains while "[a]t first the goat ran from [E.L.] and she didn't like her goat[,]" within months "he was running up to the gate to see her and she was walking him around like a dog." Mrs. Long added "I wouldn't have signed [E.L] up for the project if I thought she'd get attached[,]" because "that daily interaction … created a bond [so when] it was time to say her final goodbyes ... [m]y daughter sobbed in her pen with her goat. It was heart breaking."<br><br>The letter also requests the Fair's blessing to proceed with donating Cedar for a public purpose. Specifically the letter states that the Dahles "are okay with the alternative solution of the goat getting to be donated to a farm that does weed abatement," and states that "I hope that I will gain your support to donate our goat to a fire clearing team." (italics added). None of Mrs. Long's statements in the letter assert she had already donated Cedar.<br><br>Mrs. Long's letter states "If the only solution is to return the goat for slaughter and bbq meat, then I will return it so that I am not charged with a felony," and "If we can't come up with any other solution, I will bring the goat back for slaughter." | Undisputed |
| 45. | On June 28, 2022, Mrs. Muse had several phone calls with Mr. Macfarlane, Senator Dahle, and his staff: At 9:32 am, Mr. Macfarlane called Mrs. Muse; at 9:47 am, Mrs. Muse called Mr. Macfarlane; at 9:51 am, Mrs. Muse called Senator Dahle; at 9:54 am, Senator Dahle called Mrs. Muse; at 9:58 am, Mrs. Muse called Mr. Macfarlane; at 10:03, Mrs. Muse called Mr. Ross, Senator Dahle's staff member; at 10:37 am, Senator Dahle called Mrs. Muse; and at 10:43, Mrs. Muse called Mr. Macfarlane. | Undisputed |

| | | |
|---|---|---|
| 46. | On June 28 at 1:31 pm, Ms. Silva emailed Ms. Long and rejected Plaintiffs' request to save Cedar and pay damages. Instead, Ms. Silva demanded Mrs. Long return Cedar immediately, stating the "fair industry" is purposed at teaching "responsibility" for "rais[ing] quality meat," that E.L. had to abide by the rules, and that "social media [] has been a negative experience for the fairgrounds as this has been all over Facebook and Instagram, not the best way to teach our youth the value of responsibility…." | Undisputed |
| 47. | In demanding Plaintiffs return Cedar, Ms. Silva was trying to force upon E.L. the values the fair industry and 4-H with respect to raising animals, which included E.L. knowing she was responsible for sending Cedar to slaughter. | Disputed and Immaterial

Disputed as to the conclusions Plaintiffs draw based on Ms. Silva's demand that Plaintiffs return Cedar.

"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. Ms. Silva's beliefs are immaterial to whether Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |
| 48. | At 9:49 am on June 29, 2022, Mrs. Long sent another follow-up letter to Ms. Silva, stating E.L. owned Cedar, explaining grand theft under Cal. Penal Code § 487a had no legal basis, offering to reimburse any monetary damages caused, confirming the civil nature of the dispute, asserting they were waiving no rights, and stating the letter was "in anticipation of litigation." | Undisputed and Immaterial

"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. Mrs. Long's letter is immaterial to whether Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |

11

DEFENDANT KATHIE MUSE'S RESPONSE TO PLAINTIFFS' STATEMENT OF DISPUTED FACTS IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | | |
|---|---|---|
| 49. | Ms. Silva understood, by Mrs. Long's June 29, 2022 letter, that Plaintiffs were still claiming property interests in Cedar and threatening to sue. | Undisputed and Immaterial<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. Ms. Silva's understanding is immaterial to whether Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |
| 50. | After receiving Plaintiffs' June 29, 2022, letter offering to pay and threatening to sue, Ms. Silva and Mrs. Muse had several calls, including 11:20 am, when Mrs. Muse called Ms. Silva; 11:24 am, when Ms. Silva called Mrs. Muse; and 11:55 am when Mrs. Muse called Ms. Silva. Later that afternoon, at 1:33 pm, Chris Zwaga called Mrs. Muse. Zwaga is a public relations consultant utilized by the Shasta Fair Association who opined on issues related to Cedar. | Undisputed |
| 51. | Mrs. Muse admittedly knew Plaintiffs were seeking to pay monetary damages to resolve the dispute. | Undisputed |
| 52. | On the afternoon of June 29, Mr. Macfarlane texted Mrs. Muse, "Sheriffs r working on it now[,]" to which Mrs. Muse replied, "Thanks jKeep me upated please [sic][.]" | Undisputed |

| | | |
|---|---|---|
| 53. | On July 8, 2022, the day that law enforcement drove approximately 500 miles to seize Cedar, Mrs. Muse remained in contact with Mr. Macfarlane, Ms. Silva, Senator Dahle, and Lieutenant Fernandez through a series of phone calls.<br><br>At 11:04 am, Mr. Macfarlane called Mrs. Muse; at 11:05 am, Mrs. Muse called Mr. Macfarlane; at 12:58 pm, Mrs. Muse called Ms. Silva; at 4:01 pm, Lieutenant Fernandez called Mrs. Muse; at 4:18 pm. Mrs. Muse called Mr. Macfarlane; and at 5:17 pm, Mrs. Muse called Senator Dahle. | Undisputed |
| 54. | On or about July 8, 2022, Mrs. Muse agreed with Mr. Macfarlane that they would keep Cedar at Mr. Macfarlane's house and she instructed Lieutenant Fernandez to drop off Cedar there following his seizure. | Undisputed |
| 55. | Late in the evening on July 8, 2022, or early in the morning on July 9, 2022, law enforcement officers from the Shasta County Sheriffs' Office turned over Cedar to Mr. Macfarlane. | Undisputed |
| 56. | On July 9, 2022, the morning after Cedar was dropped off, Mr. Macfarlane texted Mrs. Muse at 7:13 am, "Goat is at my house[.]" Mrs. Muse then called Mr. Macfarlane at 7:14 am. After, at 12:02 pm, Mrs. Muse called Senator Dahle. Minutes later, at 12:09 pm and 12:10 pm. Mrs. Muse again called Mr. Macfarlane. At 12:11, Mr. Macfarlane called Mrs. Muse. At 1:04 pm, Chris Zwaga called Mrs. Muse. | Undisputed |

REESE, SMALLEY, WISEMAN & SCHWEITZER, LLP
1265 WILLIS STREET, P.O. BOX 994647, REDDING, CA 96099-4647
(530) 241-1611

| | | |
|---|---|---|
| 57. | Mrs. Muse received a replacement goat meat for Cedar's meat from the Shasta Fair Association's livestock board, which she used at the July 9, 2022 4-H/FFA Community Barbecue (referred to as the "Government Barbecue" in Plaintiffs' memorandum). | Undisputed and Immaterial<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. Receiving replacement cuts of meat does not show that Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |
| 58. | On July 10, 2022, Lieut. Fernandez called Mrs. Muse. | Undisputed |
| 59. | On July 11 at 8:43 am, Mr. Macfarlane texted Mrs. Muse, "Talked to sheriff and he said to wait until he talks to DA before we kill goat. It is perfectly fine at my house till we figure it out. Just wanted to touch base with you." Mrs. Muse immediately called him upon receiving the text at 8:44 am. | Undisputed |
| 60. | At 2:44 pm, on July 11, Mrs. Muse called Ms. Silva, and soon after, at 3:02 pm, Ms. Silva emailed Mrs. Muse, "Hi Kathie, I have attached [the Dahles'] bills [for Cedar]. I appreciate the update!" Although Mrs. Muse testified she would have forwarded the invoice to the Dahles, she did not produce any such email in discovery, indicating she did not forward the invoice at all. She also testified she did not delete any emails or texts relating to this matter.<br><br>On July 13, Mr. Macfarlane called Mrs. Muse; on July 14 at 2:33 pm, Mrs. Muse called Ms. Silva, and at 2:35 | Disputed. Mrs. Muse cannot recall if the invoice was forwarded or not. (Gordon Decl. ¶ 80, Ex. 23 (Muse. Dep. 74:22-75:02) |

14

| | | |
|---|---|---|
| | pm, Mrs. Muse called Mr. Macfarlane; on July 15, at 6:27 pm, Mr. Macfarlane called Mrs. Muse, and at 7:06 and 7:07 pm, Mrs. Muse called Mr. Macfarlane. | |
| 61. | Mr. Macfarlane held Cedar under the authority and direction of Ms. Silva and Mrs. Muse, and he gave them both status updates. | Disputed. Mrs. Muse did not have any authority over Mr. Macfarlane, which she did not.<br><br>Muse Depo, p. 16, lns. 9-17. Muse Depo, p. 83, lns. 8-10; p. 85, lns. 3-15. Fernandez Depo p. 59, lns. 23-25; p. 60, lns. 18-24; p. 61, lns. 1-11. Muse Depo, Exhibit D. Muse Depo, p. 83, lns. 11-25; p. 84, lns. 4-12; p. 86, lns. 5-25; p. 90, lns. 23-25; p 91, lns. 1-12. |
| 62. | Bowman Meats is the slaughtering company Mr. Macfarlane, Mrs. Muse, and Ms. Silva used to kill Cedar. | Undisputed |
| 63. | On July 22 at 11:17 am, Ms. Silva called Mr. Macfarlane and the two spoke for 4 minutes. At 11:22 am, Mr. Macfarlane called Mrs. Muse, and the two spoke for over 4 minutes. Also at 11:22 am, Mr. Macfarlane texted Ms. Silva, "What's gals name at bowman? [Mrs. Muse] said ok but no one needs to know about this. U me and [Mrs. Muse] are only ones. It got killed and donated to non profit if anyone asks." (emphasis added). Ms. Silva responded, "Serene[,]" then "Thank you[,]" then "We are a non profit [.]" Id. (emphasis added). At 11:29 am, Mr. Macfarlane called Bowman Meat Company, and | Undisputed but Immaterial as to text messages between Ms. Silva and Mr. Macfarlane, and communications between Mr. Macfarlane and Bowman Meat Company.<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC,* 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion |

15

| | | |
|---|---|---|
| | arranged for Cedar's slaughter. Mr. Macfarlane and Ms. Silva admitted the text chain referred to Cedar and that Ms. Silva and Mrs. Muse instructed him to kill Cedar on these calls. | asserts that she did not act under color of state law. Communications not involving Mrs. Muse do not show that Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. <br><br> Disputed as to "instructed" to the extent that plaintiffs are again asserting that Mrs. Muse had any authority over Mr. Macfarlane, which she did not. <br><br> Muse Depo, p. 16, lns. 9-17. Muse Depo, p. 83, lns. 8-10; p. 85, lns. 3-15. Fernandez Depo p. 59, lns. 23-25; p. 60, lns. 18-24; p. 61, lns. 1-11. Muse Depo, Exhibit D. Muse Depo, p. 83, lns. 11-25; p. 84, lns. 4-12; p. 86, lns. 5-25; p. 90, lns. 23-25; p 91, lns. 1-12. |
| 64. | On the morning of July 28, Mr. Macfarlane texted Mrs. Muse, "Goat is getting butchered within the half hour. Finally." Mrs. Muse responded, "Good news finally. Yes they have been that way for years always amazed they are still in business don't forget to save the ear tags please[.]" | Undisputed |
| 65. | On July 28, 2022, Bowman Meat Company slaughtered Cedar at Mr. Macfarlane's home. | Undisputed |

REESE, SMALLEY, WISEMAN & SCHWEITZER, LLP
1265 WILLIS STREET, P.O. BOX 994647, REDDING, CA 96099-4647
(530) 241-1611

| | | |
|---|---|---|
| 66. | Mr. Macfarlane held Cedar until he was slaughtered on July 28 in his capacity as livestock manager for the Shasta Fair Association. | Disputed as to the assertion that Mr. Macfarlane held Cedar in his capacity as livestock manager for the Shasta Fair Association.<br><br>Gordon Decl. ¶ 25, Ex. 9 (Silva Dep. Vol. 2, 391:11 – 393:7); and Gordon Decl. ¶ 54, Ex. 16 (Macfarlane Dep. Vol. 2, 250:04-15). |
| 67. | At Mr. Macfarlane's first deposition on November 15, 2024, he asserted that he held Cedar pending direction to slaughter him from Sheriff Michael Johnson, with whom he was in contact, and District Attorney Stephanie Bridgett, with whom he never spoke. Mr. Macfarlane also intimated he was holding Cedar for the California Department of Food and Agriculture. | Undisputed and Immaterial.<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC,* 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. Communications not involving Mrs. Muse do not show that Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |
| 68. | At Mr. Macfarlane's second deposition on February 9, 2024, he recanted his earlier claim that he was awaiting direction from Sheriff Michael Johnson, and instead said he only ever took direction from Ms. Silva, Ms. Muse, and Lieut. Fernandez. He also stated he had no knowledge of talking to anyone at the Sheriff's Department after Cedar was delivered. | Disputed as to "took direction" to the extent that plaintiffs are again asserting that Mrs. Muse had any authority over Mr. Macfarlane, which she did not.<br><br>Muse Depo, p. 16, lns. 9-17. Muse Depo, p. 83, lns. 8-10; p. 85, lns. 3-15. Fernandez Depo p. 59, lns. 23-25; p. 60, lns. 18-24; p. 61, lns. 1-11. Muse Depo, Exhibit D. Muse Depo, p. 83, lns. 11-25; p. 84, lns. 4-12; p. 86, lns. 5-25; p. 90, lns. 23-25; p 91, lns. 1-12. |

17

DEFENDANT KATHIE MUSE'S RESPONSE TO PLAINTIFFS' STATEMENT OF DISPUTED FACTS IN OPPOSITION TO SUMMARY JUDGMENT MOTION

Case 2:22-cv-01527-DAD-AC   Document 136-1   Filed 12/23/24   Page 18 of 20

| # | | |
|---|---|---|
| 69. | Lieut. Fernandez testified that he gave no instructions to Mr. Macfarlane about holding or slaughtering Cedar. His investigative summary contained no such instructions, nor did the warrant. | Undisputed and Immaterial.<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC,* 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. Communications not involving Mrs. Muse do not show that Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |
| 70. | At Mr. Macfarlane's second deposition on February 9, 2024, Mr. Macfarlane now claimed Ms. Silva and Mrs. Muse directed him to kill Cedar, not the Sheriff or the District Attorney. | Disputed as to "directed him to kill" to the extent that plaintiffs are again asserting that Mrs. Muse had any authority over Mr. Macfarlane, which she did not.<br><br>Muse Depo, p. 16, lns. 9-17. Muse Depo, p. 83, lns. 8-10; p. 85, lns. 3-15. Fernandez Depo p. 59, lns. 23-25; p. 60, lns. 18-24; p. 61, lns. 1-11. Muse Depo, Exhibit D. Muse Depo, p. 83, lns. 11-25; p. 84, lns. 4-12; p. 86, lns. 5-25; p. 90, lns. 23-25; p 91, lns. 1-12. |
| 71. | At Mr. Macfarlane's second deposition on February 9, 2024, Mr. Macfarlane claimed it was Ms. Silva and Mrs. Muse who were in contact with the Sheriff's Office and District Attorney. | Undisputed and Immaterial.<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC,* 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. Communications between Mrs. Muse as a crime victim reporting a crime and law enforcement do not show that Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |

18

DEFENDANT KATHIE MUSE'S RESPONSE TO PLAINTIFFS' STATEMENT OF DISPUTED FACTS IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| # | | |
|---|---|---|
| 72. | Mrs. Muse claims Mr. Macfarlane informed her that Cedar's ear tags must be saved, but Mr. Macfarlane claims Mrs. Muse instructed him to retain Cedar's ear tags. | Disputed as to "instructed him" to the extent that plaintiffs are again asserting that Mrs. Muse had any authority over Mr. Macfarlane, which she did not.<br><br>Muse Depo, p. 16, lns. 9-17. Muse Depo, p. 83, lns. 8-10; p. 85, lns. 3-15. Fernandez Depo p. 59, lns. 23-25; p. 60, lns. 18-24; p. 61, lns. 1-11. Muse Depo, Exhibit D. Muse Depo, p. 83, lns. 11-25; p. 84, lns. 4-12; p. 86, lns. 5-25; p. 90, lns. 23-25; p 91, lns. 1-12. |
| 73. | The actions of the Shasta Fair Association, Ms. Silva, Mr. Macfarlane, and Mrs. Muse did not reflect the values of, or best practices in, the 4-H program. | Disputed and Immaterial.<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. Even if Mrs. Muse's actions did not reflect the values or best practices of the 4-H Program, this does not show that Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |
| 74. | Neither California State Senator Brian Dahle, Assemblymember Megan Dahle, nor their agent Mrs. Muse, ever made payment to the Shasta Fair Association in connection with their $902 bid on Cedar at the June 25, 2022 junior livestock auction. | Disputed. Mrs. Muse cannot recall if the invoice was forwarded to Mr. Dahle or not. (Gordon Decl. ¶ 80, Ex. 23 (Muse. Dep. 74:22-75:02) |

| 75. | Following the filing of this case on August 31, 2022, although Mrs. Muse was not initially named as a defendant, Mr. Macfarlane texted Mrs. Muse an article about the case. Afterward, Mrs. Muse renewed communication with Lieutenant Fernandez, texting him on August 31, "Is the da going to do anything with the goat?"; on September 2, "Hi Jerry this is Kathie Muse did the DA decide to do anything today with the goat?"; on September 9, "Hi Jerry hate to bother you on a weekend eve but did the da do anything?"; and on September 15, "Hi Jerry any word on the DA? I just had the Sacramento bee call[.]" | Undisputed and Immaterial<br><br>"A fact is 'material' only if it might affect the outcome of the case…." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (2014). Mrs. Muse's motion asserts that she did not act under color of state law. Mrs. Muse communicating with law enforcement desiring prosecution as a crime victim does not show that Mrs. Muse formed the intent necessary to conspire with government actors and act under color of state law. |
|---|---|---|

Dated: December 23, 2024         REESE, SMALLEY, WISEMAN & SCHWEITZER, LLP


By:\_\_\_/s/ IAN S. COLLINS
         IAN S. COLLINS
         Attorneys for Defendant
         KATHIE MUSE