RYAN R. GORDON (SBN 278414)
VANESSA T. SHAKIB (SBN 287339)
**ADVANCING LAW FOR ANIMALS**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Tel: (202) 996-8389
rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

DANIEL J. KOLDE, ESQ.
**LAW OFFICES OF DANIEL J. KOLDE**
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel: 636.675.5383
Email: daniel.kolde.law@gmail.com
(*pro hac vice application to be filed*)

Attorneys for Plaintiffs

ADVANCING LAW FOR ANIMALS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,

Plaintiffs,

v.

LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual capacity; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district agricultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual and official capacity; BJ MACFARLANE, in his individual and official capacity; KATHIE MUSE, in her individual and official capacity, and DOES 1 through 10,

Case No. 2:22-cv-01527-DAD-AC

**NOTICE OF MOTION AND MOTION TO MODIFY THE COURT ORDER RE MINOR'S COMPROMISE (ECF No. 113)**

[*Supporting Declarations of Jessica Long, Ryan Gordon, and Bryce Maxwell filed concurrently*]

Date: March 11, 2025
Time: 1:30 pm
Courtroom: 4, 15th Floor

Trial Date: TBD

Action Filed: August 31, 2022

ADVANCING LAW FOR ANIMALS

**TO THE COURT, THE PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Tuesday, March 11, 2025, at 1:30 pm in Courtroom 4 of the United States District Court for the Eastern District of California, located on the 15th Floor in the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, Plaintiff E.L. will and does move this Court, pursuant to Federal Rules of Civil Procedure, Rule 60, to amend or modify its prior court order which restricts E.L. from investing her settlement funds. ECF No. 113, 6:16-18. While restricting E.L.'s (and anyone's) access to the funds was the spirit of the order E.L. requested (ECF No. 110), the Court's actual order technically limits E.L.'s ability to invest and grow the funds until she reaches adulthood. She now moves the Court for a minor modification to the prior court order to allow investment of her funds into the specific annuity her and her family contemplated, referenced in Exhibit A to the Declaration of Bryce Maxwell ("Maxwell Decl."). Such funds will continue to be protected for her, and segregated from anyone, with a reputable company until E.L. reaches eighteen years of age, and her funds are projected to grow in value far more than they would otherwise. The Court has authority to issue this modification, and it should do so in the best interest of the minor, E.L.

This Motion is based upon this notice of motion, this memorandum, and the concurrently filed declarations of Jessica Long, Ryan Gordon, and Bryce Maxwell.

Counsel for Plaintiffs certify the parties engaged in pre-filing meet and confer efforts. Correspondence exchanged in furtherance of these efforts is reflected in the concurrently-filed Declaration of Ryan Gordon.

**ADVANCING LAW FOR ANIMALS**

Dated: February 6, 2025

By: /s/ Vanessa Shakib
Ryan Gordon
Vanessa Shakib
Attorneys for Plaintiffs

## TABLE OF CONTENTS

I. INTRODUCTION……………………………………………………………………….1

II. RELEVANT FACTS……………………………………………………………………2

III. LEGAL STANDARD....………………………………………………………………....2

IV. THE COURT SHOULD MODIFY ECF NO. 113 AND ALLOW E.L.'S SETTLEMENT TO FUND THE PROPOSED ANNUITY AS FRCP RULE 60(b)(1) IS SATISFIED ……....3

A. E.L. Requests That The Court Grant The Long Family Settlement Trust Permission To Fund An Annuity For Her Using Her Settlement Proceeds ……...3

B. E.L.'s Motion To Approve Her Settlement Neglected To Reference The Annuity Plaintiffs Sought To Fund For Her Benefit.……………….……….……4

C. There Is Good Cause To Grant This Motion, As The Orders Sought Will Benefit E.L. And Protect Her Settlement ……………………...………………....4

D. There Is No Prejudice To Any Other Party ……………………………...…….5

E. E.L.'s Actions Are In Good Faith …...………..…………………….…………….……5

V. ALTERNATIVELY, E.L. SIMPLY REQUESTS AN ORDER ALLOWING HER SETTLEMENT TO FUND THE PROPOSED ANNUITY …………..………………...…...6

VI. CONCLUSION……………………………………………………………………..…6

ADVANCING LAW FOR ANIMALS

## TABLE OF AUTHORITIES

### Federal Cases

*Laurino v. Syringa General Hosp.* 279 F3d 750 (9th Cir. 2002)....................3

*Robb v. Norfolk & Western Ry. Co.* 122 F3d 354 (7th Cir. 1997)....................3

*Salmeron v. United States* 724 F.2d 1357 (9th Cir.1983)....................3

### Statutes and Rules

Federal Rule of Civil Procedure 60(b)(1)....................3, 4, 5

ADVANCING LAW FOR ANIMALS

ADVANCING LAW FOR ANIMALS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

As this Court knows, it recently approved a partial settlement of minor Plaintiff E.L.'s claims. *See* ECF No. 113. To maximize the benefit of her settlement, her family and an outside firm specializing in settlement management created the Long Family Settlement Trust (the "Trust"), a Qualified Settlement Fund under 26 C.F.R. § 1.468B-1(c) of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986. The plan was to deliver E.L.'s funds to the Trust, then use those funds to establish an annuity for E.L.'s benefit at Independent Life Insurance Company, which would safely grow her funds over time.

E.L.'s motion, however, failed to specify the annuity requested. Instead, her motion requested that this Court allow her settlement funds be delivered into the Trust where they would be "held, segregated, managed, and invested on E.L.'s behalf" until she reaches eighteen (18). *See* ECF No. 110 at 10:16-17. Perhaps due to the motion's heavy focus on keeping E.L.'s funds safe until adulthood, compared to the motion's more minor focus on investing the funds, the resulting court order contained the following limitation: "No withdrawals shall be made from the Trust Account, except by plaintiff E.L. when she reaches the age of eighteen (18) and is granted access to the Trust Account at that time." ECF No. 113, 6:16-18. While restricting E.L.'s (and anyone's) access to the funds was the spirit of the order E.L. requested, the Court's actual order technically limits E.L.'s ability to invest and grow the funds until she reaches adulthood. She now moves the Court for a minor modification to the prior court order to allow investment of her funds into the annuity her and her family contemplated, referenced in Exhibit A to the Declaration of Bryce Maxwell ("Maxwell Decl.").

The proposed annuity is safe, guaranteed, insured, and reinsured by respectable insurance companies referenced below. Further, her $65,000 in settlement proceeds will actually grow for her benefit until she reaches adulthood, reaching a projected range of approximately $92,000 to $110,000 at the time of disbursement when she is 18. Whereas, if those funds must remain in the Long Family Settlement Trust, they will stagnate and cannot be invested until she turns 18, as ECF No. 113 prohibits withdrawals, foreclosing investments in the interim. No party is prejudiced by the order now sought, nor has E.L. unreasonably delayed in seeking the instant order.

ADVANCING LAW FOR ANIMALS

## II. RELEVANT FACTS

Plaintiffs filed this action on August 31, 2022, asserting § 1983 claims against Lieutenant Jerry Fernandez, Detective Jeremy Ashbee, Detective Jacob Duncan, the County of Shasta, and the Shasta County Sheriff's Department (collectively, the "County Defendants"). Plaintiffs later amended their complaint to include supplemental state claims against the County Defendants as well as join additional Defendants, the Shasta District Fair and Event Center, Mr. B.J. Macfarlane, Ms. Melanie Silva, and Mrs. Kathie Muse (those additional defendants are referred to as the "Remaining Defendants").

After extensive litigation, Plaintiffs and County Defendants reached, and notified the Court, of settlement on August 28, 2024. ECF No. 105. Plaintiffs' case, however, proceeds against the Remaining Defendants who were not parties to the settlement.[1]

Because Plaintiffs' settlement with the County Defendants involved a minor, Plaintiffs filed a motion to approve a minor's compromise in compliance with Local Rule 202(b) on September 27, 2024. ECF No. 110. *Consistent with the purpose of Local Rule 202(b) and for minor's compromises generally, Plaintiffs goal was to protect and grow E.L.'s settlement funds*. To that end, Mrs. Long, as mother and guardian ad litem, and with the help of separate attorneys who specialize in managing litigation settlements, created the Long Family Settlement Trust (the "Trust"), a Qualified Settlement Fund under 26 C.F.R. § 1.468B-1(c) of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, and established by the Eastern Point Trust Company. Mrs. Long's declaration in support of the motion for minor's compromise, in fact, stated that Plaintiffs sought permission to place E.L.'s net settlement proceeds from the County Defendants in that Trust, to be "held, segregated, managed, ***and invested***" on E.L.'s behalf, "with no distribution or benefits to anyone, except E.L. when she reaches eighteen (18) and is granted access at that time." *See* ECF No. 110-3, at ¶ 14 (emphasis added).

The Court granted Plaintiffs' motion on October 31, 2024. In relevant part, the order states "No withdrawals shall be made from the Trust Account, except by plaintiff E.L. when she reaches the age of eighteen (18) and is granted access to the Trust Account at that time." ECF No. 113 at 6:16-18.

Following approval of the order, and consistent with the Long Family's goals to grow and

[1] Plaintiffs also asserted separate causes of action against Remaining Defendants.

preserve the funds for their daughter, E.L., they and their outside settlement counsel sought to invest the funds into an annuity for E.L. issued by Independent Life Insurance Company. *See* concurrently filed Declaration of Jessica Lon (”Long Decl”). That proposed annuity would grow the principal for E.L. and guarantee certain payouts once she turned 18. However, because the Court's order in ECF No. 113 states "No withdrawals shall be made from the Trust Account…," Plaintiffs and E.L. are unable to take advantage of the guaranteed annuity for E.L. from Independent Life Insurance Company.

Accordingly, Plaintiffs now move for a slight modification to prior court order to allow investment of E.L.'s funds into the proposed annuity, referenced in Exhibit A to the concurrently filed Declaration of Bryce Maxwell ("Maxwell Decl"). Such an order is in the best interests of E.L., as her funds will grow and be distributed via guaranteed payouts over time once she passes 18. Whereas, keeping the funds uninvested in a settlement trust until she is 18, where interest is not accruing, would only devalue her recovery.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b)(1), the court may relieve a party from an order for reason of "mistake, inadvertence, surprise, or excusable neglect." "Neglect" includes both blameless failure to act and careless omissions. *Robb v. Norfolk & Western Ry. Co.* 122 F3d 354, 359 (7th Cir. 1997). The factors a court must consider in amending an order are (1) possibility of prejudice to the opposing party; (2) the length of delay; (3) the reason for delay; and (4) whether the moving party acted in good faith. *See Laurino v. Syringa General Hosp.*, 279 F3d 750, 753 (9th Cir. 2002).

Additionally, as this motion seeks to amend an order issued related to a minor's compromise, the court must "assure itself that the minor's interests are protected ... even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir.1983).

## IV. THE COURT SHOULD MODIFY ECF NO. 113 AND ALLOW E.L.'S SETTLEMENT TO FUND THE PROPOSED ANNUITY AS FRCP RULE 60(b)(1) IS SATISFIED

### A. E.L. Requests That The Court Grant The Long Family Settlement Trust Permission To Fund An Annuity For Her Using Her Settlement Proceeds

E.L.'s portion of the Plaintiffs' settlement with the County Defendants was approved by this

ADVANCING LAW FOR ANIMALS

Court. The total amount approved to E.L. was $65,000. As directed by this Court's order, ECF No. 113, that money was paid to the Long Family Settlement Trust, a Qualified Settlement Fund under 26 C.F.R. § 1.468B-1(c) of the Treasury Regulations. By this motion, E.L. seeks permission from this Court to allow the Long Family Settlement Trust to use that $65,000 to fund an annuity policy from Independent Life Insurance Company. The annuity E.L. seeks to fund is referenced in Exhibit A to the concurrently filed Declaration of Bryce Maxwell.

**B. <u>E.L.'s Motion To Approve Her Settlement Neglected To Reference The Annuity Plaintiffs Sought To Fund For Her Benefit</u>**

E.L.'s Notice of Motion for Approve Settlement of A Minor's Claim asked that her funds be "secured and invested on E.L.'s behalf through the Long Family Settlement Trust, a Qualified Settlement Fund under 26 C.F.R. § 1.468B-1(c) of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986." ECF 110, ii:9-12. Her motion itself proposed that the "settlement would be exclusively preserved and grown for the benefit E.L., [in] the Long Family Settlement Trust (the "Trust"), a Qualified Settlement Fund under 26 C.F.R. § 1.468B-1(c) of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, and established by the Eastern Point Trust Company. Plaintiffs' intend, subject to Court approval, to place E.L.'s $65,000 in net settlement proceeds from the County Defendants in that Trust, where the funds will be held, segregated, managed, and invested on E.L.'s behalf, with no distribution or benefits to anyone, except E.L. when she reaches eighteen (18) and is granted access at that time." ECF No. 110, 10:11-18.

While the language requested does employ the terms "grown," "managed, and invested," E.L.'s motion failed to specify the annuity she sought to fund, which was the plan her and her family worked out with her investment advisors beforehand. *See* Maxwell Decl. ¶¶ 4-8; Long Decl. ¶¶ 4-7. That was in error and is correctable under Federal Rules of Civil Procedure, rule 60(b)(1).

**C. <u>There Is Good Cause To Grant This Motion, As The Orders Sought Will Benefit E.L. And Protect Her Settlement</u>**

There is good cause to allow E.L.'s funds to be invested in an annuity for her benefit. The company that will issue the proposed annuity, Independent Life Insurance Company, is rated "A" by Egan-Jones Ratings Company and is partially reinsured by Hannover Life Reassurance Company of

America, rated "A+, XV" by A.M. Best.

The scheduled payouts to E.L. will begin after she reaches 18 and, under the proposed annuity, are anticipated to total between $92,061 to $109,387. Thus, it is in E.L.'s financial interests to invest her $65,000 into the proposed annuity. Her funds will grow with a respectable well-established insurance company, which is reinsured by another respectable well-established insurer. If this proposed order is not granted, her $65,000 might simply sit in the Long Family Settlement Fund without any growth until she reaches 18.

Ms. Long, as guardian ad litem for E.L. strongly supports this investment for her daughter. *See* concurrently filed Declaration of Jessica Long.

**D. <u>There Is No Prejudice To Any Other Party</u>**

The order sought by this motion impacts no other party to this case. While the County Defendants paid the settlement funds subject to this motion, those defendants were already dismissed from this case and whatever E.L. does with her settlement funds has no impact on them. Similarly, whether or not E.L.'s settlement proceeds are used to fund an annuity for her benefit has no impact on the Remaining Defendants.

**E. <u>E.L. Has Been Diligent In Seeking Relief</u>**

Regarding the factor of delay, E.L. has not delayed and has been diligent in seeking relief. The County Defendants delivered the settlement funds at issue on or about November 18, 2024. See Declaration of Bryce Maxwell. At the end of November, the firm that helped Plaintiffs establish the Long Family Settlement Trust realized it could not facilitate the annuity as planned. *See* Maxwell Decl. ¶¶ 9-11. That firm apprised E.L.'s attorneys of record that ECF No. 113 precluded transfer of the funds into the annuity. But, on account of workload, including (1) significant briefing in this case with the Remaining Defendants for summary judgements, oppositions, and replies due between November and December 2024, (2) preplanned holiday matters with family, and (3) matters in other cases, E.L.'s attorneys did not request relief sooner. Nonetheless, essentially only two months has passed since the settlement funds were delivered so E.L. has not delayed.

**F. <u>E.L.'s Actions Are In Good Faith</u>**

The final consideration under Federal Rule of Civil Procedure 60(b)(1) is good faith. *See Laurino*

ADVANCING LAW FOR ANIMALS

*v. Syringa General Hosp.*, 279 F3d 750, 753 (9th Cir. 2002). E.L.'s original motion (ECF No. 110) sought permission to invest the funds believing, in good faith, that her request as framed would be sufficient. The resulting order, however, was too restrictive for the insurer for the annuity. There is no evidence of bad faith or ulterior purpose to this motion.

## V. ALTERNATIVELY, E.L. SIMPLY REQUESTS AN ORDER ALLOWING HER SETTLEMENT TO FUND THE PROPOSED ANNUITY

If this Court does not wish to amend its prior order, Plaintiff E.L. requests, in the alternative, that the Court simply authorize that E.L.'s settlement of $65,000 may be used to fund the annuity from Independent Life Insurance Company, referenced in Exhibit A to the concurrently filed Declaration of Bryce Maxwell.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs request this Court modify its prior order (ECF No. 113), or otherwise issue a new order, allowing the Long Family Settlement Trust to use E.L.'s settlement proceeds of $65,000 to fund an annuity policy from Independent Life Insurance Company, referenced in Exhibit A to the concurrently filed Declaration of Bryce Maxwell.

**ADVANCING LAW FOR ANIMALS**

Dated: February 6, 2025

By:   /s/Vanessa Shakib
Ryan Gordon
Vanessa Shakib
Attorneys for Plaintiffs