RYAN R. GORDON (SBN 278414)
VANESSA T. SHAKIB (SBN 287339)
**ADVANCING LAW FOR ANIMALS**
407 N. Pacific Coast Highway #267
Redondo Beach, CA 90277
Tel: (202) 996-8389
rgordon@advancinglawforanimals.org
vshakib@advancinglawforanimals.org

DANIEL J. KOLDE, ESQ.
**LAW OFFICES OF DANIEL J. KOLDE**
P.O. Box 440344
St. Louis, Missouri 63144-9998
Tel: 636.675.5383
Email: daniel.kolde.law@gmail.com
(*pro hac vice application to be filed*)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN  DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| E.L., a minor, by and through her general guardian, JESSICA LONG; JESSICA LONG, an individual,<br><br>              Plaintiffs,<br><br>       v.<br>LIEUTENANT JERRY FERNANDEZ, in his individual capacity; DETECTIVE JACOB DUNCAN, in his individual capacity; DETECTIVE JEREMY ASHBEE, in his individual capacity; SHASTA DISTRICT FAIR AND EVENT CENTER, a district agricultural association; COUNTY OF SHASTA; SHASTA COUNTY SHERIFF'S DEPARTMENT; MELANIE SILVA, in her individual and official capacity; BJ MACFARLANE, in his individual and official capacity; KATHIE MUSE, in her individual and official capacity, and DOES 1 through 10, | Case No. 2:22-cv-01527-DAD-AC<br><br>**DECLARATION OF BRYCE MAXWELL IN SUPPORT OF E.L.'S MOTION TO MODIFY THE COURT ORDER RE MINOR'S COMPROMISE (ECF No. 113)**<br><br>[*Motion to Modify Court Order and Supporting Declaration of Jessica Long filed concurrently*]<br><br>Date: March 11, 2024<br>Time: NA.<br>Courtroom: 4, 15th Floor<br><br>Trial Date: TBD<br><br>Action Filed: August 31, 2022 |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADVANCING LAW FOR ANIMALS

**DECLARATION OF BRYCE MAXWELL**

I, Bryce Maxwell, declare as follows:

1.      I am over 18 years of age. I have personal knowledge of the matters set forth herein and, if called upon, I could and would competently testify thereto. I made this declaration in support of Plaintiffs' E.L.'s Motion to Modify The Court Order Re Minor's Compromise (ECF No. 113)

2.      I am a Certified Public Accountant (CPA) licensed in Utah with a Master of Accountancy (MAcc).

3.      I am also a licensed insurance producer at Amicus Settlement Planners, LLC, which is a firm comprised of multiple licensed attorneys, Certified Financial Planners and CPAs that specializes in the legal and financial issues that arise at the time of settlement in litigation.  For example, we specialize in managing tax issues that arise of out settlements, establishing structured settlement annuities, establishing trusts, and other related matters for plaintiffs throughout the United States.  We are affiliated with JCR Settlements LLC, which is a national structured settlement brokerage firm that is appointed with all of the major life insurance companies that provide structured settlement annuities.

4.      In about September 2024, Plaintiffs' counsel contacted me to assist Plaintiff Jessica Long ("Mrs. Long") and E.L. with managing the settlement in this case with Defendants Shasta County, the Sheriff's Office, and the three law enforcement defendants (collectively, the "County Defendants").

5.      I, along with my brother, Greg Maxwell (a licensed attorney in Utah and the District of Columbia) proceeded to work with the Long Family to manage the settlement with the County Defendants.

6.      Plaintiffs and I agreed that we would place E.L.'s settlement funds into a Qualified Settlement Fund under 26 C.F.R § 1.468B-1(c) of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986. The money was to go there first for tax purposes. Once E.L.'s settlement monies were deposited in the Qualified Settlement Fund, those monies would be transferred to fund an annuity from Independent Life Insurance Company.  That annuity would grow over time for her, and guarantee various payouts for her beginning after she turned eighteen.

2

1  7.    The rationale for this is that an annuity with an established company like Independent

2  Life Insurance Company would grow over time.  E.L. would not have access to the funds until she

3  was 18 and, at that time, the funds should grow substantially.  Where, if the funds were to stay in the

4  Qualified Settlement Fund, they would have only minimal growth.

5  8.    Plaintiffs were agreeable to the above plan, so we created a Qualified Settlement Fund,

6  which was identified as the Long Family Settlement Trust.

7  9.    The Court approved disbursement of E.L.s settlement funds to the Long Family

8  Settlement Trust (i.e., the Qualified Settlement Fund under applicable Treasury Regulations).

9  10.    However, the Court's order also states that "No withdrawals shall be made from the

10  [Long Family Settlement] Trust Account [i.e., they Qualified Settlement Fund], except by plaintiff

11  E.L. when she reaches the age of eighteen (18) and is granted access to the Trust Account at that time."

12  (ECF No. 113)

13  11.    Because no withdrawals are permitted, my firm is unable to establish the annuity E.L.

14  and Mrs. Long wish to create for her (E.L.).

15  12.    The specific annuity we wish to fund on E.L.'s behalf is described in the document

16  attached hereto as **Exhibit A.**

17  13.    The proposed annuity will be from Independent Life Insurance Company. Independent

18  Life Insurance Company is rated "A" by Egan-Jones Ratings Company and is partially reinsured by

19  Hannover Life Reassurance Company of America, rated "A+, XV" by A.M. Best. A true and correct

20  copy of the Independent Life's "Company Overview 2024" is attached hereto as **Exhibit B.**

21  14.    The annuity will begin payments to E.L. on January 15, 2031, after she is eighteen (18).

22  Projections indicate the annuity will grow her principal of $65,000 to somewhere between

23  approximately $92,000 to $110,000 by that time.

24  15.    In my professional judgment, this is a much better investment for E.L. than merely

25  allowing the funds to sit in the Long Family Settlement Trust (the Qualified Settlement Fund) under

26  the currently worded court order.

27  16.    Note that we have the annuity referenced in Exhibit A locked in but it needs to be

28  funded by March 17, 2025.

DECLARATION OF BRYCE MAXWELL

ADVANCING LAW FOR ANIMALS

1        I declare under the penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct. Executed on February 4, 2025.

By:_____

Bryce Maxwell

ADVANCING LAW FOR ANIMALS

DECLARATION OF BRYCE MAXWELL