UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LONG, et al., | No. 2:22-cv-01527-DAD-AC |
| Plaintiffs, | |
| v. | ORDER GRANTING PLAINTIFFS' MOTION TO MODIFY SETTLEMENT OF A MINOR'S CLAIM |
| JERRY FERNANDEZ, et al., | |
| Defendants. | (Doc. No. 142) |

On February 6, 2025, plaintiff E.L., by and through her mother and guardian *ad litem*, plaintiff Jessica Long, filed a motion for an order modifying the court's previous order approving the settlement of a minor's claims in this action. (Doc. No. 142.) Plaintiffs attached a declaration indicating that defendants have no objection to the pending motion, and no opposition has been filed. (Doc. No. 142-1.)

In their motion, plaintiffs explain that to maximize the benefit of plaintiff E.L.'s settlement, her family and an outside firm specializing in settlement management created the Long Family Settlement Trust. (Doc. No. 142 at 5.) Following the court's previous order, plaintiffs sought to invest the settlement funds into an annuity issued by Independent Life Insurance Company. (*Id*. at 7.) Plaintiffs have attached an exhibit to their motion which details the annuity they seek to fund. (*See* Doc. No. 142-4.) However, because the court's previous

1    order stated that "[n]o withdrawals shall be made from the Trust Account, except by plaintiff E.L.
2    when she reaches the age of eighteen (18)," plaintiffs are unable to take advantage of the
3    guaranteed annuity. (Doc. No. 142 at 7) (quoting Doc. No. 113 at 6.) Accordingly, plaintiffs
4    seek a modification to the court's prior order to allow investment of plaintiff E.L.'s funds into the
5    proposed annuity. (Doc. No. 142 at 7.)

6        Under Federal Rule of Civil Procedure 60(b)(1), the court may relieve a party or its legal
7    representative from a final judgment or order for "mistake, inadvertence, surprise, or excusable
8    neglect." To determine when neglect is excusable, courts examine the following factors: (1) the
9    danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on
10   the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.
11   *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).

12       Plaintiffs argue that their previous failure to specify the annuity that they seek to fund with
13   plaintiff E.L.'s settlement funds was an error that is "correctable" as excusable neglect. (Doc.
14   No. 142 at 8.) The court agrees. As plaintiffs outline, there is no prejudice to any other party to
15   this case because "whatever E.L. does with her settlement funds has no impact on them." (*Id*. at
16   9.) Plaintiffs have also been reasonably diligent in seeking the requested relief, as only about two
17   months passed between the delivery of the settlement funds and the filing of the pending motion,
18   during which time plaintiffs' attorneys learned from the firm that helped create the Long Family
19   Settlement Trust that it could not facilitate the annuity as planned. (*Id*.) Finally, there is no
20   evidence of bad faith or ulterior purpose present, as the pending motion simply seeks to accrue
21   interest for plaintiff E.L.'s benefit on her currently uninvested funds. (*Id*. at 7–9.)

22       Accordingly, plaintiffs' motion to modify the settlement of minor plaintiff E.L.'s claims
23   (Doc. No. 142) is hereby GRANTED, and the court clarifies that the Long Family Settlement
24   /////
25   /////
26   /////
27   /////
28   /////

2

Trust is permitted to use plaintiff E.L.'s settlement proceeds to fund the requested annuity policy from Independent Life Insurance Company (Doc. No. 142-4).

    IT IS SO ORDERED.

Dated:   **March 7, 2025**

                                DALE A. DROZD
                                UNITED STATES DISTRICT JUDGE